IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIOLETTA HOANG, et al., | No. C-08-3518 MMC |
|     Plaintiffs, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DISMISSING COMPLAINT WITH LEAVE TO AMEND; VACATING HEARING** |
|     v. | |
| REUNION.COM, INC., | |
|     Defendant | |

Before the Court is defendant Reunion.com, Inc.'s motion to dismiss, filed August 25, 2008, as amended August 26, 2008. Plaintiffs Violetta Hoang, Livia Hsiao, and Michael Blacksburg have filed opposition, to which defendant has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the papers submitted, VACATES the hearing scheduled for October 3, 2008, and rules as follows.

Plaintiffs' claims are based on emails sent to each plaintiff, after defendant had obtained plaintiffs' email from one of defendant's members. Plaintiffs allege that when a person registers to become a member of defendant's website, defendant asks the member to provide the "password to the registered member's email account." (See Compl. ¶ 18.) According to plaintiffs, when the member provides defendant such password, defendant uses the password to "access the registered member's email contacts," and, as set forth in

defendant's "Privacy Policy," sends emails to "certain or all of those contacts" and "invites them to join" defendant's website.  (See Compl. ¶ 19.)[1]

Plaintiffs allege that each of the five emails at issue herein had "falsified, misrepresented and/or forged header information," because each email, in the "From" line in the header, included the name of the member of defendant's website who provided "email contacts" to defendant.  (See Compl. ¶¶ 5, 18, 19.)  Plaintiffs also allege that each email had a "subject line" that was "false and/or misleading," (see id. ¶¶ 26, 29, 34); specifically, plaintiffs allege that "[Member Name] Wants to Connect with You," which was the subject line of four of the five emails at issue, and "Please Connect With Me :)," which was the subject line of the fifth email, were "likely to mislead" the recipients into believing the emails were a "personal request to connect with the individual, rather than an unsolicited commercial email advertisement."  (See id. ¶ 5.)  Plaintiffs further allege that one email was "deceptively accompanied by and/or contained a third-party's domain name, 'yahoo.com,' without the permission of that third party."  (See id. ¶ 33.)  Based on such allegations, plaintiffs allege three causes of action, each arising under § 17529.5(a) of the California Business & Professions Code, a statute that makes unlawful the sending of certain commercial emails.

Defendant argues plaintiffs' claims are preempted by the CAN-SPAM Act of 2003, 15 U.S.C. §§ 7701-7713 ("CAN-SPAM"), a federal act regulating commercial emails.  Specifically, defendant argues that plaintiffs' claims are preempted pursuant to 15 U.S.C. § 7707(b)(1), because plaintiffs do not allege that any violations of the California statute occurred under circumstances that would support a claim for common law fraud or deceit.  The Court agrees.

---

[1] The Privacy Policy in effect on May 5, 2008, the date on which four of the five emails at issue herein were sent, provided as follows:  "If you choose to use our referral service to tell a friend about our site, we will ask you for your friend's name and email address.  We will automatically send your friend a one-time email inviting him or her to visit the site."  (See Baird Decl. Ex. A.)  The Privacy Policy in effect on July 17, 2008, the date on which the fifth email at issue herein was sent, contained the same language quoted above, with the addition that the "friend" to whom the invitation was sent would also be sent "two reminder emails if they [did] not respond."  (See id. Ex. B.)

CAN-SPAM preempts state statutes that "expressly regulate[ ] the use of electronic mail to send commercial messages," except to the extent such statutes prohibit "falsity or deception in any portion of a commercial electronic mail message or information attached thereto." See 15 U.S.C. § 7707(b)(1). Section 7701(b)(1) has been interpreted to preempt state law claims, unless such claims are for "common law fraud or deceit." See Omega World Travel, Inc. v. Mummagraphics, Inc., 469 F. 3d 348, 353-56 (4th Cir. 2006) (affirming dismissal of claim under Oklahoma statute based on defendant's having sent email containing "immaterial" false statement, because common law fraud claim cannot be based on "immaterial" false statement); Kleffman v. Vonage Holdings Corp., 2007 WL 1518650, *3 (C.D. Cal. 2007) (holding claim under § 17529.5(a) preempted, where claim not based on "traditional tort theory" of "fraud and deceit").

"The necessary elements of fraud are: (1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to defraud (i.e., to induce reliance); (4) justifiable reliance; and (5) resulting damage." Alliance Mortgage Co. v. Rothwell, 10 Cal. 4th 1226, 1239 (1995) (internal quotation and citation omitted). Here, plaintiffs fail to allege facts to support a claim of fraud, which must be alleged with particularity. See Fed. R. Civ. P. 9(b). In that regard, plaintiffs fail to allege with the requisite specificity why the statements at issue were false and why defendant knew they were false when made. Further, plaintiffs fail to allege plaintiffs relied to their detriment on any misrepresentation and that, as a result of such reliance, they incurred damage.

Accordingly, plaintiffs' claims are preempted and subject to dismissal.[2]

The remaining issue is whether leave to amend should be provided. Defendant

---

[2] In light of this finding, the Court does not reach defendant's alternative argument that plaintiff has failed to state a claim under § 17529.5. In that respect, the Court notes that defendant's argument is based in part on the California Legislature's having passed AB 2950. AB 2950, however, was vetoed by the Governor after briefing on the instant motion was complete. Specifically, the Governor vetoed AB 2950 for the reason that "AB 2950 appears to be unnecessary and may possibly invite excessive litigation for a nuisance that does not result in any damages or losses." See http://www.leginfo.ca.gov/pub/07-08/bill/asm/ab_2901-2950/ab_2950_vt_20080930.html.

1 argues that the type of email communications challenged herein are, as a matter of federal
2 law, not "fraudulent or misleading," (see Def.'s Mot. at 9:9-10), and, consequently, plaintiff's
3 claims should be dismissed without leave to amend. In support thereof, defendant relies on
4 a "Final Rule" issued by the Federal Trade Commission ("FTC"), in which the FTC
5 addressed, inter alia, CAN-SPAM's applicability to "forward-to-a-'friend'" emails, (see
6 Shelton Decl. Ex. A at 65-79), and, more specifically, discussed when a commercial entity
7 whose message is the subject of a "forward-to-a-'friend'" email would be considered to
8 have "initiated" such email and thus covered by CAN-SPAM. See, e.g., 15 U.S.C. §
9 7704(a)(1) (providing it is unlawful to "initiate" commercial email containing or accompanied
10 by "header information that is materially false or materially misleading").

11 The FTC did not rule that a commercial entity whose message is the subject of a
12 "forward-to-a-'friend'" email is, as a matter of law, exempt from liability under CAN-SPAM or
13 that such entity could never be held liable, as a matter of federal law, for initiating an email
14 containing false information. Rather, the FTC found that a determination as to whether
15 such entity is exempt from liability under CAN-SPAM would require a "highly fact specific
16 inquiry." (See Shelton Decl. Ex. A at 65, 71). In particular, the FTC observed, "the
17 application of [CAN-SPAM] to a forward-to-a-'friend' message likely often will turn on
18 whether the seller has offered to pay or provide other consideration to the forwarder," (see
19 Shelton Decl. Ex. A at 71); the FTC further noted, "if a seller retains the email address of
20 the person to whom the message is being forwarded for a reason other than relaying the
21 forwarded message (such as for use in future marketing efforts)," then the seller would not
22 be exempt from liability under CAN-SPAM, (see id. Ex. A at 73).

23 Here, even assuming, arguendo, the emails at issue herein are properly
24 characterized as "forward-to-a-'friend'" emails, and further assuming that an individual who
25 is exempt from liability under the provisions of CAN-SPAM can never be held liable for
26 fraud under state law, defendant's argument nonetheless is unavailing, for the reason that
27 plaintiffs' complaint does not allege sufficient facts to establish, as a matter of law, the
28 defense on which defendant relies. See Caterpillar Inc. v. Williams, 482 U.S. 386, 398

4

(1987) (holding federal preemption is "defensive argument"); <u>Jablon v. Dean Witter & Co.</u>, 614 F. 2d 677, 682 (9th Cir. 1980) (holding dismissal for failure to state claim based on affirmative defense proper only where defense "apparent from the face of the complaint"). Plaintiffs' complaint is silent, for example, both as to whether defendant offered consideration to the members who provided defendant with plaintiffs' email addresses and as to whether defendant retained plaintiffs' email addresses for any purpose other than to relay to plaintiffs the forwarded message.

Under such circumstances, the Court finds that affording plaintiffs leave to amend would not necessarily be futile, and, accordingly, plaintiffs will be afforded leave to allege a common law fraud claim and/or a claim under § 17529.5(a) of the California Business & Professions Code, to the extent such statutory claim is based on a theory of fraud.

**CONCLUSION**

For the reasons stated above:

1. Defendant's motion to dismiss is hereby GRANTED; and

2. Plaintiffs' complaint is hereby DISMISSED, with leave to amend as set forth above. Any such First Amended Complaint shall be filed no later than October 24, 2008.

**IT IS SO ORDERED.**

Dated: October 3, 2008

MAXINE M. CHESNEY
United States District Judge

5