**KRONENBERGER BURGOYNE, LLP**
Henry M. Burgoyne, III (CA Bar No. 203748)
Karl S. Kronenberger (CA Bar No. 226112)
Jeffrey M. Rosenfeld (CA Bar No. 222187)
Margarita Calpotura (CA Bar No. 244711)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone:  (415) 955-1155
Facsimile:   (415) 955-1158
hank@kronenbergerlaw.com
karl@kronenbergerlaw.com
jeff@kronenbergerlaw.com
margarita@kronenbergerlaw.com

**SHAPIRO HABER & URMY LLP**
Edward F. Haber (admitted *pro hac vice*)
Todd S. Heyman (admitted *pro hac vice*)
Robert E. Ditzion (admitted *pro hac vice*)
53 State Street
Boston, MA 02109
Telephone: (617) 439-3939
Facsimile: (617) 439-0134
ehaber@shulaw.com
theyman@shulaw.com
rditzion@shulaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **VIOLETTA HOANG, LIVIA HSIAO, MICHAEL BLACKSBURG and MATTHEW HALL**, individually and on behalf of a class of similarly situated persons<br><br>          Plaintiffs,<br><br>     vs.<br><br>**REUNION.COM, INC.,** a California corporation,<br><br>          Defendant. | Case No. 3:08-cv-03518-MMC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:          October 31, 2008<br>Time:          10:30 a.m.<br>Courtroom:   7, 19th Floor |

1    Pursuant to the Federal Rule of Civil Procedure ("Rule") 26(f), and Local Rule for

2    the Northern District of California ("Local Rule") 16-9, Plaintiffs Violetta Hoang, Livia

3    Hsiao, Michael Blacksburg and Matthew Hall ("Plaintiffs") and Defendant, Reunion.com,

4    Inc. ("Defendant") submit the following Joint Case Management Statement (the

5    "Statement"), and request the Court to adopt it as the Case Management Order in this

6    case, pursuant to Rule 16 and Local Rule 16-10(b).

7    **I.    JURISDICTION AND SERVICE**

8    Plaintiffs allege that this Court has subject matter jurisdiction pursuant to 28

9    U.S.C. §1332(d) because the amount in controversy in this matter exceeds $5,000,000

10   exclusive of interest and costs, and this matter is a class action in which a member of the

11   class of plaintiffs is a citizen of a state different from Defendant Reunion.com, Inc.

12   ("Reunion.com"), and less than two-thirds of the members of the proposed plaintiff

13   classes in the aggregate are citizens of California.  Plaintiffs further allege that this Court

14   has personal jurisdiction over Reunion.com because Reunion.com is registered with the

15   California Secretary of State to conduct business within California, maintains its

16   headquarters and employees within California, and conducts substantial business within

17   California.  Plaintiffs served Reunion.com on August 6, 2008 by means of counsel for

18   Reunion.com, Ronald Jason Palmieri, accepting service.

19   Reunion.com disputes, and will timely object to, this Court's subject matter

20   jurisdiction over this matter, since Defendant believes that this is not a proper class

21   action and cannot, and should not have, have been filed in this Honorable Court.

22   **II.    FACTS**

23   The parties have divergent views on the facts in this case and have been unable

24   to agree on a joint description.  Accordingly, each provides a separate statement:

25   Plaintiffs' Statement

26   Reunion.com operates an Internet-based social networking website that it

27   advertises by, among other means, unsolicited bulk commercial electronic mail

28   messages sent by Reunion.com to individuals with no prior relationship to the company.

1  Certain of such unsolicited bulk commercial electronic mail messages (the "Emails")
2  contain false, misleading and/or forged subject lines, from lines, headers and body text.
3  Such falsity is intended by Reunion.com to deceive recipients into believing that the
4  Emails are personal pleas to "connect" with a named individual Reunion.com registrant
5  known to the recipients.   Such falsity is further intended by Reunion.com to deceive
6  recipients into believing that the named individual registrant had searched for the
7  recipient by means of Reunion.com's website.

8      Reunion.com and the FTC each have received countless complaints from
9  Reunion.com registrants, Email recipients, and other consumers regarding
10 Reunion.com's  false and deceptive Emails.  Business rating services, including the
11 Better Business Bureau, advise consumers to use caution in dealing with Reunion.com
12 or to avoid Reunion.com entirely.  Reunion.com, however, has refused to alter the from
13 and subject lines and the content of the Emails, because Reunion.com knows— as a
14 result of Reunion.com's monitoring of response rates to the Emails—that consumers rely
15 on subject lines, from lines and headers in deciding whether to open electronic mail
16 messages, and that consumers are much more likely to open what appear to be personal
17 messages coming from acquaintances or other individuals.   Plaintiffs are individual
18 recipients of the Emails who bring suit under California Business and Professions Code
19 Section 17529.5.

20      Defendant's Statement

21      Reunion.com is one of the most popular people search and social networking
22 websites in the United States. Within the last half decade, it has grown to have more than
23 forty five million (45,000,000) registered members.  Reunion.com prides itself on helping
24 friends, family, classmates, and colleagues find and reconnect with others, as well as
25 help members stay close and in touch with the important people in their lives. The
26 Reunion.com website attracts nearly twelve million monthly visitors, and, out of tens of
27 thousands of internet sites, is ranked seventy two in the United States by comScore, the
28 standard for Internet popularity measurement. Reunion.com's countless success stories

1    have been featured nationally on television, in newspapers, and magazines, which often
2    include members recommending the popular service.   It is with this history that
3    Reunion.com has now been brought into this meritless lawsuit in an effort to shake it
4    down for a monetary payoff by alleging transparently contrived and unfounded claims
5    which, upon closer scrutiny, have no basis in fact nor law.  It is worth noting that out of 45
6    million registered members, Plaintiffs' counsel was able to recruit only four Plaintiffs, two
7    of whom received emails on a single day in May 2008 and a two who received an email
8    in July 2008, just days before Plaintiffs filed their contrived Complaint.

9         The basis of Plaintiffs' Complaint is that they each allege that they received
10   unsolicited e-mail invitations to join Reunion.com which were from their friends who
11   joined Reunion.com.  Plaintiffs complain that these forward-to-a-friend emails are "false"
12   and "misleading," and, therefore, violate the California Business and Professions Code
13   Section 17529.5 ("State Statute"), although even after being given leave of Court on
14   October 6, 2008 to amend their complaint, Plaintiffs still conspicuously fail to allege that
15   they were actually misled or harmed in any way.  Plaintiffs' claims, which are based on a
16   fanciful mischaracterization of the emails, fail as a matter of law because they are
17   preempted by CAN SPAM and because the emails do not violate the State Statute.

18        As more fully set forth in Defendant's initial Motion to Dismiss, and as will be again
19   explained in Defendant's soon to be filed further Motion to Dismiss, CAN SPAM, which
20   undeniably preempts most state laws regulating commercial emails, expressly permits
21   "routine conveyances" such as the forward-to-a-friend emails sent via the Reunion.com
22   tool at issue here.   In addition, the Federal Trade Commission ("FTC"), tasked by
23   Congress with setting regulations governing CAN SPAM, has also definitively ruled that
24   these forward-to-a-friend emails are not fraudulent, but, rather, are permitted "routine
25   conveyances" for which the website facilitating the sending of the emails is not
26   responsible.  As this Court has already ruled, the express terms of CAN SPAM and the
27   FTC's ruling preempt any claim brought under the State Statute relating to such forward-
28   to-a-friend emails.

1   Finally, even if Plaintiffs' claims were not preempted by CAN SPAM, as they
2   clearly are, their claims still fail as a matter of law because the emails are not false or
3   deceptive and, even after this Honorable Court gave them ample opportunity to amend
4   their Complaint, Plaintiffs have again woefully failed to allege facts that would support a
5   violation of the State Statute.  As a result, on application of any legal theory, Plaintiffs'
6   newly filed First Complaint fails as a matter of law to state a claim upon which relief can
7   be granted and, Defendant will ask this Court to agree that the First Amended Complaint
8   should be dismissed, with prejudice, and with no further leave to amend.

9   **III.   LEGAL ISSUES**

10   The principal legal issues that have been raised, and that are likely to be raised,
11   include, but are not limited to, those issues raised in Reunion.com's initial Motion to
12   Dismiss; those issues addressed by the Court in its ruling on that Motion to Dismiss; and
13   those to be raised in Defendant's  Motion to Dismiss Plaintiffs' First Amended Complaint,
14   which motion will be filed shortly.  Those issues include, but are not limited to, whether
15   Plaintiffs' claims are preempted by the federal CAN-SPAM act and whether Plaintiffs'
16   claims that Reunion.com has violated California Business and Professions Code Section
17   17529.5. fail as a matter of law.

18   Reunion.com also claims that Plaintiffs' claims are not suitable for a Class Action
19   treatment and, as such, jurisdiction issues will arise in the future based thereon.

20   **IV.   MOTIONS**

21   Reunion.com intends to file a motion to dismiss Plaintiffs' First Amended
22   Complaint.  If Defendant's motion is denied, Plaintiffs and Defendant intend to file
23   motions for and in opposition to class certification and anticipate that the parties will file
24   cross motions for summary judgment with respect to most, if not all, issues.  If
25   Defendant's motion to dismiss the amended complaint is allowed, Plaintiffs intend to
26   appeal that ruling

27   Defendant's Additional Statement

28   Defendant objects to Plaintiff including in this Case Management statement what

1    Defendant believes is a veiled threat directed to this Court that Plaintiff will appeal any

2    Order this Court may make dismissing their First Amended Complaint without having

3    seen Defendant's Motion, much less this Honorable Court's future ruling. Despite

4    Defendant's request to remove what counsel believes is inappropriate and disrespectful

5    language directed toward this Court, Plaintiffs' counsel has refused to strike said

6    statement.

7    **V.    AMENDMENT OF PLEADINGS**

8        Plaintiffs have filed a First Amended Complaint.  Plaintiffs reserve the right to seek

9    further amendment of their pleadings based on order of the Court, discovery or other

10   subsequent development.    Defendant will request that Plaintiffs' First Amended

11   Complaint be dismissed, with prejudice and will oppose any further amendments absent

12   exigent circumstances establishing compelling cause.

13   **VI.   EVIDENCE PRESERVATION**

14       The parties dispute how to characterize the measures taken for the preservation of

15   evidence.   Therefore, as with the description of the facts above, the Court should not

16   view either party as endorsing the view of the other party as set forth below.

17       Plaintiffs' Statement

18       In  early  August,  Plaintiffs  served  on  Reunion.com  a  letter  regarding

19   Reunion.com's obligation to preserve electronic and other evidence relating to Plaintiffs'

20   claims.  Also in August, Plaintiffs served on various third parties letters requesting the

21   preservation  of  electronic  and  other  evidence  pending  the  initiation  of  discovery.

22   Plaintiffs' have taken all reasonable and necessary steps to preserve relevant evidence.

23       Defendant's Statement

24       In accordance with what Defendant believes to be improper and unprofessional

25   conduct of Plaintiffs' counsel, in August 2008, and thereafter, Plaintiffs sent what

26   Defendant characterizes as threatening and intimidating emails to various businesses

27   with whom Defendant has an ongoing business relationship. The emails stated, inter alia,

28   that Defendant had violated spam laws, and other statutes, without any determination by

1   this, or any other Court, that said statements were true.  In addition, the letters suggested

2   that the law required the recipients to comply with their demands and, that if Plaintiffs'

3   demands were not agreed to in a signed writing from each recipient, they would drag

4   these non-parties before this Court and seek Orders compelling them to comply.  All this

5   was done without advance notice to Defendant and continued despite Defendant's

6   counsels' demands that such behavior cease and desist.  All of this was done without

7   any basis in law or fact and was, in Defendant's opinion, outrageous conduct. Defendant

8   has reserved its rights to seek relief in the future for what is believed to be defamatory

9   communications made for an improper purpose to force an early large economic

10  settlement of this case by Plaintiff's counsel and their four clients.

11  **VII.    DISCLOSURES**

12          The parties have yet to exchange initial disclosures, and believe that discovery of

13  any nature should be postponed until after the Court rules on Defendant's Motion to

14  Dismiss the First Amended Complaint.

15  **VIII.   DISCOVERY**

16          The parties have yet to exchange or otherwise to engage in discovery.   The

17  parties propose to further confer regarding discovery and to submit a joint discovery plan

18  within three weeks of the Court's ruling on Reunion.com's intended Motion to Dismiss

19  Plaintffs' First Amended Complaint.

20  **IX.    CLASS ACTIONS**

21          The parties dispute whether class action treatment is appropriate, and accordingly

22  submit separate statements:

23          <u>Plaintiffs' Statement</u>

24          Pursuant to Federal Rule of Civil Procedure 23(b)(3), Plaintiffs bring this action on

25  their own behalf and as representatives of all individuals who, at a time they were not

26  registered members of Reunion.com, received one or more Emails from the date three

27  years prior to the filing of this action up to and including the date of final judgment (the

28  "Class").  Pursuant to Federal Rules of Civil Procedure 23(b)(3) and 23(c)(5), Plaintiffs

1   Blacksburg and Hall brings this action on their own behalf and as representatives of all

2   individuals who, at a time they were not registered members of Reunion.com, received

3   one or more Emails that specified in the "from" line a non-Reunion.com domain name

4   from the date three years prior to the filing of this action up to and including the date of

5   final judgment (the "Third Party Domain Subclass" or "Subclass").

6          The proposed class action satisfies Federal Rule of Civil Procedure 23, including

7   without limitation because the common questions of law and fact—as relate to the

8   content, commercial nature, lawfulness, initiation and intent of the form Emails—

9   predominate over any individual issues.    Additionally, Plaintiffs seek statutory or

10  liquidated damages that do not depend on the individual circumstances of any class

11  member.  Thus, by prevailing on their own claims, Plaintiffs will necessarily establish the

12  liability of Reunion.com to all Class and Subclass members.  In any event, without the

13  representation provided by Plaintiffs, it is highly unlikely that any Class or Subclass

14  members would obtain recourse for the alleged misconduct of Reunion.com.

15         Absent any delays in obtaining and/or managing electronic and other discovery,

16  Plaintiffs propose that the Court hear any motion for class certification within six months

17  of the date on which the Court rules on Reunion.com's intended motion to dismiss

18  Plaintffs' First Amended Complaint.

19         Defendant's Statement

20         Defendant does not believe that this action is properly brought pursuant to Federal

21  Rule of Civil Procedure 23(b)(3) or 23(b)(5) for any certifiable "Class" or "Third Party

22  Domain Subclass" or "Subclass".  Defendant believes this because, amongst other

23  reasons, all of the questions of law and fact regarding the liability of Reunion.com are not

24  common to the Class and Subclass and do not predominate over any individual issues

25  that may exist such that, by prevailing on their own claims, Plaintiffs will not, as a matter

26  of law and fact, be able to establish any liability of Reunion.com to all Class and

27  Subclass members. In addition, there is no proof whatsoever that without the

28  representation provided by Plaintiffs, that it would be unlikely that any Class or Subclass

1 members could obtain recourse for any alleged misconduct. As a matter of fact, given

2 that Plaintiffs are supposedly seeking only $1,000 in statutory damages, any Plaintiff

3 could file a small claims action across the state, or the nation, and pay Plaintiffs' counsel

4 nothing and get a ruling in, probably, 90 days or less. It is this transparent reality the

5 further belies this entire case. If Plaintiffs' case is not dismissed, Defendant intends to

6 bring its own motion to deny class certification as soon as is practicably possible.

7 **X.    RELATED CASES**

8        The parties are not aware of any related cases.

9 **XI.   RELIEF**

10       Plaintiffs seek judgment against Reunion.com that Reunion.com has violated

11 section 17529.5(a)(1) as to Plaintiff Blacksburg and members of the Third Party Domain

12 Subclass, and section 17529.5(a)(2) and (a)(3) as to Plaintiffs Hoang, Hsiao, Blacksburg

13 and members of the Class. Plaintiffs further seek:  1)  preliminary and permanent

14 injunctions barring Reunion.com from engaging in further violations of California

15 Business & Professions Code Section 17529.5, or otherwise sending false, deceptive, or

16 misleading emails; 2) an order that Reunion.com pay Plaintiffs' and the Class members'

17 statutory damages in the amount of $1000 per each Email pursuant to section 17529.5,

18 costs and attorneys' fees pursuant to section 17529.5, and prejudgment and other

19 interest; and 3) such additional relief as is just and proper.

20       Defendant seeks (1) Dismissal of Plaintiffs' First Amended Complaint, with

21 prejudice: (2) Denial of any class certification and dismissal based thereon; (3) Plaintiffs'

22 counsel has been given notice that Defendant shall also seek sanctions in accordance

23 with FRCP, Rule 11(b) after notice and hearing thereon.

24 **XII.   SETTLEMENT AND ADR**

25       Other than informal talks, the parties have not engaged in settlement discussions.

26 Plaintiffs have agreed to participate in mediation through the Court, and might also

27 consider private mediation. Defendant believes that private mediation would serve the

28 parties more effectively. Both parties agree that, pursuant to the Standing Order for All

1  Judges, Section 12, the Court's ruling on the Defendant's Motion to Dismiss the First

2  Amended Complaint should be resolved as a "key motion" which is "necessary to position

3  the parties to negotiate a resolution," if possible.

4  **XIII.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

5         Reunion.com objected to this action's earlier assignment to Judge Edward M.

6  Chen, resulting in its reassignment.

7  **XIV.   OTHER REFERENCES**

8         The parties do not believe that any other references are appropriate at this time.

9  **XV.   NARROWING OF ISSUES**

10         Plaintiffs' Statement

11         Plaintiffs believe all issues to be capable of resolution on motions for class

12  certification and/or summary judgment.  The only potential exception, Plaintiffs believe,

13  may be the issue of whether the Emails' subject lines are likely to mislead a recipient

14  acting reasonably under the circumstances under section 17529.5(a)(3).  At this time,

15  Plaintiffs believe that lone issue may need to be resolved by a jury.

16         Defendant's Statement

17         Defendant believes that multiple issues are required to be decided in the event

18  that Plaintiffs' First Amended Complaint survives Defendant's Motion to Dismiss. Since

19  no final pleading is before the Court, Defendant cannot opine, but does not believe at this

20  time, that all issues will be capable of resolution on motions for class certification and/or

21  summary judgment including, but not limited to, the issues of whether each Plaintiff can

22  allege and prove, with specificity, all of the allegations of common law fraud and deceit,

23  upon which virtually all of Plaintiffs' case is based.

24         **EXPEDITED SCHEDULE**

25         The Plaintiffs do not believe this action to be suitable for expedited scheduling,

26  while the Defendant would defer on this question to a further hearing after the Court's

27  ruling on its Motion to Dismiss.

28  **XVI.   SCHEDULING**

1  The parties believe that they will be in a better position to propose discovery

2  schedules after the Court rules on the Defendant's motion to dismiss.  However, pending

3  the resolution of that motion, they each propose the following based on their current

4  understanding of the case.

5  Plaintiffs' Statement

6  Absent any delays in obtaining and/or managing electronic and other discovery,

7  Plaintiffs propose the following dates and deadlines: Discovery Cut-Off: December 12,

8  2009; Designation of Experts: November 7, 2009; Expert Discovery Cut-Off:  February

9  19, 2010; Hearing on Dispositive Motions: May 14, 2010;  Pretrial Conference: June 14,

10  2010;  Trial:  July 5, 2010.

11  Defendant's  Statement

12  Defendant believes such dates should not be set at this time by this Court but, in

13  any event, that all such dates, if set, should be set only after the Court is advised of the

14  initial exchange of discovery and creation of discovery schedules between the parties.

15  The setting of trial and discovery cut-off dates, over a year away, seems highly

16  premature and too far in the future.

17  **XVII.  TRIAL**

18  Plaintiffs' Statement

19  As requested by Plaintiffs, this action will be tried to a jury.  The Plaintiffs expect

20  the trial of this action to take five court days or less, inclusive of jury selection.

21  Defendant's Statement

22  Since Defendant believes it should be permitted to inquire of each of the Plaintiffs

23  the proper questions as to common law fraud, Defendant respectfully expects the trial of

24  this action will take at least a month.

25  **XVIII.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

26  As set forth in Plaintiffs' Certificate of Interested Parties, filed July 28, 2008,

27  Plaintiffs are not aware of any interested entities or persons. Defendant is not aware of

28  any interested entities or persons.

Case No. 3:08-cv-03518-MMC          10          **CASE MANAGEMENT STATEMENT**

1    DATED:  October 28, 2008                    KRONENBERGER BURGOYNE, LLP

2

3                                                _____/s/_____
                                                 Henry M. Burgoyne, III
4                                                Attorneys for Plaintiffs

5

6    DATED:  October 28, 2008                    [DEFENDANT'S COUNSEL]

7

8                                                _____/s/_____
                                                 Ronald Jason Palmieri
9                                                Attorneys for Reunion.com

10

11

12                            **CASE MANAGEMENT ORDER**

13          The Joint Case Management Statement and Proposed Case Management Order

     is hereby adopted by the Court as the Case Management Order for the case and the
14
     parties are ordered to comply with this Order.
15

16

17          **IT IS SO ORDERED.**

18
     Dated: _____              _____
19                                       Hon. Maxine M. Chesney
                                         United States District Court Judge
20

21

22

23

24

25

26

27

28