**KRONENBERGER BURGOYNE, LLP**
Henry M. Burgoyne, III (CA Bar No. 203748)
Karl S. Kronenberger (CA Bar No. 226112)
Jeffrey M. Rosenfeld (CA Bar No. 222187)
Margarita Calpotura (CA Bar No. 244711)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
hank@kronenbergerlaw.com
karl@kronenbergerlaw.com
jeff@kronenbergerlaw.com
margarita@kronenbergerlaw.com

**SHAPIRO, HABER & URMY LLP**
Edward F. Haber (admitted *pro hac vice*)
Todd S. Heyman (admitted *pro hac vice*)
Ian J. McLoughlin (admitted *pro hac vice*)
Robert E. Ditzion (admitted *pro hac vice*)
53 State Street
Boston, MA 02109
Telephone: (617) 439-3939
Facsimile: (617) 439-0134
ehaber@shulaw.com
theyman@shulaw.com
imcloughlin@shulaw.com
rditzion@shulaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **VIOLETTA HOANG, LIVIA HSIAO, MICHAEL BLACKSBURG, and MATTHEW HALL**, individually and on behalf of a class of similarly situated persons,<br><br>        Plaintiffs,<br><br>    vs.<br><br>**REUNION.COM, INC.**, a California corporation,<br><br>        Defendant. | Case No. 08-CV-03518-MMC<br><br>**PLAINTIFFS' MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION** |

Case No. 08-CV-03518-MMC          **PLAINTIFFS' MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**

In its December 23, 2008 Order ("Order"), the Court held that the Plaintiffs' claims asserted in the First Amended Complaint ("FAC") under California's Business & Profession Code §17529.5 were preempted by 15 U.S.C. §7707(b)(1) ("CAN-SPAM's Preemption Provision"), and that Plaintiffs lacked Article III standing to assert such claims in this Court. Plaintiffs respectfully submit this motion for leave to file a motion for reconsideration because the rationale supporting the Court's Order has been undermined by a recent order of the Court of Appeals for the Ninth Circuit, and is inconsistent with other authority not previously considered by the Court.

**I.     Leave to File a Motion for Reconsideration is Warranted.**

A district court has the inherent power to revise its rulings when justice requires, at any time before final judgment has been entered. Fed. R. Civ. P. 54(b). On a motion by a party, a court may reconsider a previous interlocutory ruling when there has been an intervening change in the relevant law. Civil Local Rule 7-9, which governs motions for reconsideration, states that the moving party must show:

(1)     That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

(2) The emergence of new material facts or a change of law occurring after the time of such order.

Where a district court has entered an interlocutory order, and an appellate court subsequently issues a decision or offers guidance that may affect the legal analysis governing the district court's order, the district court may reconsider that order. *See, e.g., Phase Forward Inc. v. Adams*, No. 05-4232, 2007 WL 3022236 at *1(N.D. Cal. Oct. 15, 2007) (granting leave to file motion for reconsideration where appellate court issued potentially relevant decision after issuance of district court order); *Federal Ins. Co. v. Albertson's Inc.*, No. 06-04000, 2007 WL 2015042 at *1 (N.D. Cal. July 6, 2007) (same).

The Court should grant Plaintiffs leave to file a motion for reconsideration for two reasons: 1) after the parties had briefed Reunion.com's motion to dismiss, the Ninth Circuit certified a question to the California Supreme Court in *Kleffman v. Vonage Holdings Corp.*, which sheds light on the Ninth Circuit's interpretation of the relationship between CAN-SPAM's Preemption Provision and California Business & Professions Codes §17529.5, and whether the California statute confers Article III standing on recipients of emails that violate that statute, even in the absence of actual damages; and, 2) the Court's holding that the Plaintiffs lack Article III standing was an issue that Plaintiffs did not previously address because the Defendant did not brief or argue it to the Court. *Lew v. Cisneros*, No. 93-3474, 1994 WL 269740 at *2 (N.D.Cal. June 6, 1994). Because Supreme Court and Ninth Circuit precedent establish that Plaintiffs do have Article III standing, the Court should reconsider its Order dismissing Plaintiffs' claims and grant Plaintiffs' leave to file a motion for reconsideration.

**II. Reconsideration of the Court's Order is Warranted in Light of the Ninth Circuit's Certification in *Kleffman*.**

In its Order, this Court relied on *Kleffman* as a primary authority in deciding that Plaintiffs' §17529.5 claims were subject to CAN-SPAM's Preemption Provision because Plaintiffs did not allege all of the elements of common law fraud, particularly reliance and fraud type damages. (Order at 4.) However, just four days prior to the Court's issuance of the Order—which was weeks after the parties had completed briefing the Defendant's motion to dismiss—the Ninth Circuit certified the following question to the California Supreme Court in *Kleffman*:

> Does sending unsolicited commercial e-mail advertisements from multiple domain names for the purpose of bypassing spam filters constitute falsified, misrepresented, or forged header information under Cal. Bus. & Prof. Code §17529.5(a)(2)?

*Kleffman v. Vonage*, 07-56171, 2008 WL 5264887, *1 (9th Cir. Dec. 19, 2008).

In *Kleffman*, the plaintiff alleged that Vonage's use of multiple domain names to

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

1  evade spam filters constituted deceptive conduct in violation of §17529.5. *Kleffman v.
2  Vonage Holdings Corp.*, No. 07-2406, 2007 WL 1518650, *1 (C.D. Cal. May 23, 2007).
3  Recognizing that Kleffman did not allege that any of the emails' subject lines or from
4  lines were actually false or inaccurate (as opposed to merely capable of evading a spam
5  filter), the district court found that Kleffman's §17529.5 claim was preempted because it
6  did not involve "a traditional tort theory," which would require an allegation of a false
7  statement. *Id*. at *3. In addition, the district court was careful to note that Kleffman did
8  not allege that "*he was at any point mislead [sic] by any of the eleven Vonage emails."*
9  *Id*. (emphasis added). Thus, Kleffman did not plead reliance or actual damages. Id.
10 Like Plaintiffs here, Kleffman sought to recover statutory damages. Kleffman's Third
11 Brief on Cross-Appeal to the Ninth Circuit, 2007 WL 4692958 at *35 (Nov. 27, 2007).

12 On appeal to the Ninth Circuit, the Vonage Defendants repeatedly pointed out
13 that Kleffman had not alleged that he was personally misled, and argued that he lacked
14 standing to assert a claim. *See e.g.*, Vonage Defendants' Brief to the Ninth Circuit, 2007
15 WL 4454015 at *18, 25, 31 (Oct. 29, 2007) ("Kleffman did not allege 'even that he was at
16 any point misl[ed] by any of the eleven Vonage emails'"; "Kleffman Lacks Standing to
17 Bring the §17529.5 Claim"; proposed amended complaint "did not include any allegation
18 that Kleffman or any member of the class suffered injury or lost money or property as a
19 result of the Vonage email advertisements"; proposed amended complaint "nowhere
20 stated that Kleffman, or any member of the proposed class, *personally* suffered any …
21 harms") (emphasis in original). In response to the Vonage Defendants' arguments,
22 Kleffman did not contend that he alleged reliance or damages, but only that his injury
23 was that he "received" or "accepted" the emails and that such receipt constituted an
24 "invasion or deprivation of legal rights." Kleffman's Third Brief on Cross-Appeal to the
25 Ninth Circuit, 2007 WL 4692958 at *14, 22, 24, 27 (Nov. 27, 2007) ("Vonage deceives
26 recipients … into *accepting* Vonage email advertisements by using multiple domain
27 names"; "Vonage's current business practices are deceptive and mislead recipients as
28 to the source of the emails prior to their being *accepted*"; Kleffman suffered "an invasion

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

or deprivation of legal rights"; Kleffman alleged he suffered sufficient injury based on the "costs associated … with the unwanted e-mail advertisements he *received*.") (emphasis added).

Armed with Kleffman's failure to allege reliance and damages, the Vonage Defendants put their federal preemption and standing arguments front and center in their briefs. However, the Ninth Circuit did not rule on either issue. Instead, the Ninth Circuit certified the above question to the California Supreme Court, which exclusively deals with whether Kleffman had stated a claim under §17529.5 of California law. **That question would be completely irrelevant if Kleffman's §17529.5 claim were preempted, or if Kleffman lacked Article III standing to bring the claim in federal court.[1]** In fact, there would have been no reason for the Ninth Circuit to impose upon the California Supreme Court to answer the certified question if the question it raises is nugatory.

Thus, the only way that the Ninth Circuit could have believed that the California Supreme Court's answer to the certified question was necessary to the Ninth Circuit's resolution of the *Kleffman* appeal would be if the Ninth Circuit had concluded that Kleffman's §17529.5 claim—i.e. a claim shy of common law fraud—is <u>not</u> preempted by CAN-SPAM's Preemption Provision, and that Kleffman has Article III standing to bring his §17529.5 claim in federal court. In light of the Ninth Circuit's action in *Kleffman*, and the only reasonable inferences that could be drawn from it, this Court should grant

---

[1] Plaintiffs' position on the interpretation of CAN-SPAM's Preemption Provision is not only consistent with the Ninth Circuit's certification order but also with other judicial decisions not previously considered by this Court finding that the state law claim at issue was not preempted even though the plaintiff did not allege reliance or damages. *See Silverstein v. E360Insight, LLC*, slip. op. at 16, No. 07-2835, Docket Entry 7 (C.D.Cal. June 25, 2007) ("California Business & Professions Code §17529.5 appears to fall squarely within the intended preemption exception to the CAN-SPAM Act, as it regulates falsified, misrepresented, or forged header information and misleading subject lines."); *Infinite Monkeys & Co., LLC v. Global Resources Systems Corp.*, No. 05-039918, at 2 Cal.Super. Ct. (Sept. 14, 2005) ("actions under Business & Professions Code 17529.5 fall within the express exception to preemption provided in 15 U.S.C. 7707(b)…"); *Beyond Systems, Inc. v. Keynetics, Inc.*, 422 F.Supp.2d 523, 537-538 (D.Md. 2006) (Maryland anti-spam statute akin to California law is not preempted); *Gordon v. Impulse Marketing Group, Inc.*, 375 F.Supp.2d 1040,1045-1046 (E.D.Wash. 2005) (Washington anti-spam statute akin to California law is not preempted).

Plaintiffs' motion for leave to file a motion for reconsideration.

### III. Reconsideration of the Court's Order Regarding the Plaintiffs' Standing is Also Appropriate Because the Court Lacked The Benefit of the Controlling Authorities Discussed Herein.

The Defendant did not suggest, let alone argue, that Plaintiffs lacked Article III standing in either its initial brief or reply brief in support of its motion to dismiss. Accordingly, granting Plaintiffs' motion for leave to file a motion for reconsideration is appropriate. *Lew v. Cisneros*, No. 93-3474, 1994 WL 269740 at *2 (N.D.Cal. June 6, 1994) (granting plaintiff leave to file motion for reconsideration where Court issued dismissal order based on issue that "defendants did not brief" in their motion to dismiss). Had Defendant advanced an Article III standing argument, Plaintiffs would have provided the Court with controlling authorities that demonstrate that Plaintiffs have Article III standing to bring their §17529.5 claims in federal court. Those authorities are presented below.

As this Court held in its Order, Plaintiffs adequately alleged that Reunion.com sent each of the four plaintiffs an unsolicited false and deceptive commercial email. (Order at 8-9.) The California legislature has recognized that such spam email "imposes a cost on users, using up valuable storage space in e-mail boxes, as well as costly computer band width, and on networks and the computer servers that power them…" Cal. Bus.& Prof. C. §17529(e). These injuries are significant particularly when viewed in the aggregate, even if not the type of injury that ordinarily amounts to monetary loss to any individual as a result of a single incident.[2] Accordingly, the California legislature afforded recipients of such emails, like the Plaintiffs here, with a legally protected interest to be free from such conduct. The violation of that legally protected interest,

---

[2] In enacting CAN-SPAM, Congress also found the diminution of storage space was sufficiently injurious to warrant the creation of specific legal rights for internet service providers. *See Hypertouch, Inc. v. Kennedy-Western University*, Civ. No. 04-05203, 2006 WL 648688 at *3 (N.D.Cal. Mar. 8, 2006) (discussing legislative history of CAN-SPAM and noting that one of the "justifications" for the act was that the volume of spam adversely affected storage capacity).

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

without more, is sufficient to confer standing on them:

> The actual or threatened injury required by Art. III may exist solely by virtue of 'statutes creating legal rights, the invasion of which creates standing . . .

*Warth v. Seldin*, 422 U.S. 490, 500 (1975). (citations omitted); *see also Linda R.S. v. Richard D.*¸ 410 U.S. 614, 617, n3. (1973) ("Congress may enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute."). Whether the statute can confer standing turns on a simple inquiry: "whether the … statutory provision on which the claim rests properly can be understood as granting persons in the plaintiff's position a right to judicial relief." *Warth*, 422 U.S. at 500. Here, there can be no question that the statute granted any recipient of false and deceptive emails a right to judicial relief. The statute on its face establishes that recipients may bring a private right of action to recover "[l]iquidated damages of one thousand dollars ($1,000) for each unsolicited commercial e-mail advertisement. . ." Cal.Bus.&Prof. §17529.5(B)(ii). To be a "recipient" under the statute requires only that the person be the "addressee of an unsolicited commercial email advertisement." *Id*. at §17529.1(m). Thus, Plaintiffs have standing to bring their claims.

The Ninth Circuit has dealt with similar statutory regimes in *DeMando v. Morris*, 206 F.3d 1300 (9th Cir. 2000) and *Baker v. G.C. Services Corp.*, 677 F.2d 775 (9th Cir. 1982). In *DeMando*, the court held that a credit card holder who had received a letter in the mail that did not accurately disclose the terms of the legal obligations of the parties violated the Truth in Lending Act. *Id.* at 1303. Even though the credit card holder did not suffer any actual damages, the Ninth Circuit found that she had "suffered the loss of a statutory right to disclosure and has therefore suffered injury in fact for purposes of Article III standing." *Id*. In *Baker*, a debtor was not provided statutorily required information about his right to contest a portion of his debt owed under the Fair Debt Collection Practices Act. 677 F.2d at 778. Although the debtor did not suffer any actual damages, the Court affirmed an award of statutory damages under the statute, and held that the debtor had standing to prosecute his claim. *Id*. at 777, 780 (debtor "has

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

standing to assert any violations of this Act, . . . [and] [t]here is no indication in the statute that award of statutory damages must be based on proof of actual damages.").

Statutes like those discussed above, and at issue here, are specifically designed to address inchoate injuries that result from undesirable business practices. Absent the creation of a statutory regime that incentivizes potential plaintiffs and deters potential wrongdoers, those business practices would continue unabated. The case law is replete with examples of legislative enactments that provide redress for an injury that was not previously recognized at law.[3]  *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992), affirms the holdings and principles applied in the cases discussed above.

In *Lujan*, the Court found that the plaintiffs lacked standing because they were complaining about the government's regulation (or lack of a regulation) of a third party, not themselves, which renders the hurdle for standing much higher:

> Thus, when the plaintiff is not himself the object of the [defendant's] action or inaction he challenges, standing is not precluded, but it is ordinarily 'substantially more difficult' to establish.

*Id.* at 562.  By contrast, in circumstances like the present case, where the plaintiff "is himself an object of the action … at issue … there is ordinarily little question that the action or inaction has caused him injury…" *Id*.

Indeed, the *Lujan* Court made clear that "[n]othing in [its decision] contradicts the principle that '[t]he … injury required by Art. III may exist solely by virtue of 'statutes creating legal rights, the invasion of which creates standing.'" *Id*. at 578.  The Court recognized that statutes can confer standing on individuals, and simply distinguished *Lujan* because the statutory rights that were violated there were those of a third party,

---

[3] *See e.g., Beam v. Mukasey*, No. 07-1227, 2008 WL 4614324 at * (N.D.Ill. Oct. 15, 2008) (finding plaintiff has standing to assert a claim under the Right to Financial Privacy Act against the Federal Elections Commission for obtaining financial records in violation of the act because the statute "creates for private citizens a right to sue and recover actual or statutory damages for violations; the statute thus by its own terms creates a legally-protected interest."); *Ramirez v. Midwest Airlines, Inc.*, 537 F.Supp.2d 1161, (D.Kan. 2008) (plaintiff had standing to prosecute Fair and Accurate Credit Transactions Act claim for defendant's printing of a credit card receipt with plaintiff's expiration date on it, even without suffering actual harm, because defendant's conduct "invaded the legal rights statutorily conferred on plaintiff…").

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

not the individuals who brought suit:

> '[Statutory] broadening [of] the categories of injury that may be alleged in support of standing is a different matter from abandoning the requirement that the party seeking review must himself have suffered an injury.

*Id*. (emphasis added).  Because there is no dispute that the plaintiffs here were the recipients of emails that allegedly violated §17529.5, and that the statute provided them with a private right of action to seek redress for being recipients of such emails, they have Article III standing to assert their claims in this Court.  Accordingly, this Court should grant Plaintiffs' leave to file a motion for reconsideration to address these issues that have yet to be addressed by the parties.

## IV.  Conclusion

For the foregoing reasons, Plaintiffs respectfully move the Court to grant Plaintiffs' leave to file a motion for reconsideration, and if leave is granted, Plaintiffs respectfully move the Court to grant Plaintiffs' motion for reconsideration as presented herein.

Respectfully submitted by the attorneys for the Plaintiffs,

DATED:  January 15, 2009            **SHAPIRO HABER & URMY LLP**

By:   /s/ Todd S. Heyman

Edward F. Haber (admitted *pro hac vice*)
Todd S. Heyman (admitted *pro hac vice*)
Ian J. McLoughlin (admitted *pro hac vice*)
Robert E. Ditzion (admitted *pro hac vice*)
53 State Street
Boston, MA 02109
Telephone: (617) 439-3939
Facsimile: (617) 439-0134

**KRONENBERGER BURGOYNE, LLP**
Henry M. Burgoyne, III
Karl S. Kronenberger
Jeffrey M. Rosenfeld
Margarita Calpotura
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone:  (415) 955-1155
Facsimile:  (415) 955-1158

Case No. 08-CV-03518-MMC        8        **PLAINTIFFS' MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**