IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIOLETTA HOANG, et al., | No. C-08-3518 MMC |
|     Plaintiffs, | **ORDER RE: PLAINTIFFS' MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION; SETTING BRIEFING SCHEDULE** |
|     v. | |
| REUNION.COM, INC., | |
|     Defendant    / | |

Before the Court is "Plaintiffs' Motion for Leave to File a Motion for Reconsideration," filed January 15, 2009. Although the Local Rules of this District do not require a party to file opposition to a motion for leave to file a motion for reconsideration unless the district court directs a response, see Civil L.R. 7-9(d), defendant Reunion.com has filed opposition, to which plaintiffs, without awaiting direction from the Court, filed a reply. Having read and considered the motion, the Court rules as follows.[1]

Plaintiffs seek reconsideration of the Court's December 23, 2008 order granting defendant's motion to dismiss plaintiffs' First Amended Complaint ("FAC"), by which plaintiffs allege claims under § 17529.5(a) of the California Business & Professions Code. In said order, the Court found plaintiffs' claims under § 17529.5(a) were, as pleaded in the FAC, subject to dismissal in light of 15 U.S.C. § 7707(b)(1), which preempts certain state

---

[1] If any party has cause to file a motion for leave to file a motion for reconsideration in the future, the other party shall not file a response without leave of court. See Civil L.R. 7-9(d).

statutes regulating commercial emails; in particular, the Court found plaintiffs failed to allege they had incurred an injury or injuries as a result of defendant's alleged false statements. Alternatively, the Court found that if, as plaintiffs had argued, § 7707(b)(1) does not itself preempt a claim under § 17529.5(a), plaintiffs nevertheless were required to allege they had incurred an injury in order to have standing to assert claims under § 17529.5(a). By the instant motion, plaintiffs seek reconsideration of both findings.

**A. Preemption**

In support of the instant motion, plaintiffs note that in Kleffman v. Vonage Holdings Corp., 2007 WL 1518650 (C.D. Cal. 2007), which the Court cited in its December 23, 2008 order, the district court found the plaintiff therein had failed, as a matter of state law, to state a claim under § 17529.5(a)(2), and, alternatively, that the claim was preempted under § 7707(b)(1), because said plaintiff had failed to allege, inter alia, he was "at any point mislead by any of the . . . emails [at issue therein]." See id. at *2-3 (C.D. Cal. 2007). Plaintiffs also note that the Ninth Circuit, to which the plaintiff in Kleffman had appealed, issued on December 19, 2008 an Order Certifying Question to the California Supreme Court, in which the Ninth Circuit requested that the California Supreme Court resolve the issue of state law presented therein, specifically, whether a party's use of multiple domain names in sending unsolicited commercial emails constitutes a crime under California law. See Kleffman v. Vonage Holdings Corp., 551 F.3d 847, 847-48 (9th Cir. 2008). Plaintiffs argue herein that the Ninth Circuit would not have issued such order unless the Ninth Circuit had determined the plaintiff's claim was not preempted. Consequently, plaintiffs argue, this Court should find the § 17529.5(a) claims brought herein are not preempted, and, based on such finding, allow plaintiffs to proceed without requiring plaintiffs to allege any injury.

Because the Ninth Circuit's December 18, 2008 order in Kleffman was issued after briefing on defendant's motion to dismiss the FAC was complete and two court days before this Court issued its December 23, 2008 order, the Court will afford plaintiffs leave to file a motion for reconsideration, see Civil L.R. 7-9, and construes plaintiffs' motion for leave as

2

plaintiffs' motion for reconsideration. So construed, the Court finds plaintiffs have failed to show the December 23, 2008 order should be reconsidered.

In particular, the Court notes that the Ninth Circuit's December 18, 2008 order does not resolve or even acknowledge the federal preemption issue presented in Kleffman, and the Court declines to speculate as to why the Ninth Circuit may have decided, if it has, to resolve the state law issue before addressing the federal issue or issues presented. See, e.g., Barnes-Wallace v. City of San Diego, 530 F.3d 776, 787-88 (9th Cir. 2008) (certifying to California Supreme Court issue of state law; stating if state law "provides an independent basis for relief, then there is no need for decision of the federal issue") (internal quotation and citation omitted). Consequently, the Court finds Kleffman does not resolve the preemption issue presented herein, or shed any light on such issue.[2]

---

[2] In addition to relying on Kleffman, plaintiffs cite four decisions issued by trial courts, each of which found, according to plaintiffs, that § 7707(b)(1) did not preempt a state law claim under § 17529.5, or under an analogous statute under the laws of a state other than California, even though the plaintiff had not alleged any injury. (See Pls.' Mot. at 4:21-28.) Each cited decision was decided more than one year before this Court's December 23, 2008 order and, consequently, plaintiffs are not entitled to reconsideration based on such cases. In any event, contrary to plaintiffs' argument, the plaintiff in two of the cited cases did allege a specific injury. See Beyond Systems, Inc. v. Keynetics, Inc., 422 F. Supp. 2d 523, 533-34, 540 (D. Md. 2006) (noting other courts had identified "the sort of injury a recipient of spam may sustain," such as "hamper[ing] an individual's ability to use computer time most efficiently," and that such injury "[was] precisely the sort of injury [the plaintiff] allege[d] it sustained"); Infinite Monkeys & Co. v. Global Resource Systems Corp., No. 1-05-CV39918, slip. op. at 2 (Sup. Ct. Santa Clara September 14, 2005) (noting plaintiff had alleged "there was interference with [p]laintiff's hardware" as a result of defendants' emails). Further, in the third cited case, the district court dismissed a claim under § 17529.5 for failure to allege the claim with sufficient particularity, and, in so doing, directed the plaintiff, in order to avoid preemption of any amended claim, to allege a claim based on "material misrepresentations that sound in tort." See Silverstein v. E36Insight, LLC, No. 07-2835 CAS (VBKx), slip op. at 11-12, 16 (C. D. Cal. June 25, 2007). Consequently, plaintiffs' reliance on Beyond Systems, Infinite Monkeys, and Silverstein is misplaced. Finally, although the court in the fourth cited case found that § 7707(b)(1) did not preempt a state law claim based on an allegation that the sender included an immaterial false statement in an email, was unaware of the falsity, and did not cause any injury to the recipient, see Gordon v. Impulse Marketing Group, Inc., 375 F. Supp. 2d 1040, 1045-46, 1048 (E. D. Wash. 2005), the Court does not find the reasoning in such case persuasive, as it allows states to regulate commercial emails in a manner at odds with congressional intent. See 2004 U.S.C.C.A.N. 2348, 2365 (Senate report stating § 7707(b)(1), when enacted, "would supersede State and local statutes, regulations, and rules that expressly regulate the use of e-mail to send commercial messages except for statutes, regulations, or rules that target fraud or deception in such e-mail") (emphasis added).

Accordingly, plaintiffs' motion for reconsideration will be DENIED to the extent it is based on the Ninth Circuit's recent order issued in Kleffman.

**B. Allegation of Injury**

With respect to the Court's alternative finding set forth in the December 23, 2008 order, specifically, that plaintiffs, independent of the requirements of § 7701(b)(2), are required to allege they incurred an injury in order to have standing to proceed in federal court, plaintiffs note that defendant, in moving for dismissal of the FAC, had not sought dismissal on grounds of lack of standing. Plaintiffs argue that if they are afforded an opportunity to respond to such argument, they could demonstrate their allegations are sufficient to support a finding that they have standing. Under such circumstances, the Court will afford plaintiffs leave to file a motion for reconsideration. Further, because it is unclear whether the limited argument made in plaintiff's motion for leave to file a motion for reconsideration is intended to be the full argument plaintiffs would assert in a motion for reconsideration, the Court will afford plaintiffs leave to file a supplemental brief and defendant leave to file a supplemental response thereto, each such supplemental filing being limited to the issue of whether plaintiffs have sufficiently alleged standing.

In their supplemental filings, the parties should, at a minimum, address the following three issues.

First, plaintiffs' argument appears to be based on an implicit assertion that state law does not require a plaintiff asserting a claim under § 17529.5(a) to establish an injury. Plaintiffs have not addressed, however, how § 17529.5(a) is properly construed in such a manner, nor is such construction apparent from the text of the statute. Further, the California Legislature has identified a number of injuries that can be caused by "spam," see Cal. Bus. & Prof. Code § 17529, which injuries, arguably, can be caused by some commercial emails sent in violation of § 17529.5(a); for example, "spam can . . . waste

//
//
//

4

time" and be "difficult and costly to eliminate." See Cal. Bus. & Prof. Code § 17529(g).[3] Such findings suggest the California Legislature intended, by allowing private parties seeking liquidated damages to obtain potentially significant remedies, to provide relief to persons who had incurred one or more of the injuries identified in § 17529 by reason of a violation of § 17529.5, or other injuries. Cf. Gordon v. Virtumundo, Inc., 2007 WL 1459359, at *1, *5-6 (W.D. Wash. 2007) (holding plaintiff, to have standing to bring federal statutory claim based on defendants' having sent plaintiff "materially false or misleading, unsolicited e-mail advertisements" must establish he was "adversely affected" by violation of federal statute; citing Senate Committee report finding "spam imposes significant economic burdens on ISPs, consumers and businesses" and stating Congress was providing private cause of action for those "adversely affected" by violations thereof).[4]

Second, plaintiffs argue that when a person receives a "false and deceptive" commercial email, such person incurs an injury by reason of such email "using up valuable storage space in e-mail boxes." (See Pls.' Mot. at 5:15-19.) The FAC fails, however, to include an allegation that defendant's emails were "using up valuable storage space" in plaintiffs' email accounts. In any event, if plaintiffs are prepared to allege such an injury, plaintiffs should address whether they can allege such injury is causally related to defendant's asserted violation of § 17529(a).[5]

//
//
//

---

[3] The legislative findings set forth in § 17529 pertain to injuries assertedly caused by "spam." See Cal. Bus. & Prof. Code § 17529. Section § 17529.5 does not, however, criminalize the sending of "spam," but only the sending of certain commercial emails, e.g., emails with "misrepresented" header information.

[4] Indeed, plaintiffs refer to the instant statute as "provid[ing] redress for an injury that was not previously recognized at law" (see Pls.' Mot. at 7:7-8 (emphasis added)), which statement is at odds with their assertion that they need not establish an injury.

[5] Plaintiffs assert they need not allege a "monetary loss." (See Pls.' Mot. at 20-22.) The Court, however, has not found, and does not find, that an allegation of monetary loss is mandatory in order to state a cognizable claim.

Third, plaintiffs seek injunctive relief, specifically, an injunction enjoining defendant from violating § 17529.5(a) in the future. (See FAC, prayer ¶ B.) A plaintiff seeking injunctive relief in federal court must allege, inter alia, that a "real and immediate threat of repeated injury" by the defendant was "actual or imminent" at the time the complaint was filed. See D'Lil v. Best Western Encina Lodge & Suites, 538 F.3d 1031, 1036-37, 1039 (9th Cir. 2008) (holding, where plaintiff alleged defendant's facility had structural barriers in violation of Americans with Disability Act, plaintiff had standing to seek injunctive relief because plaintiff established that, at time she filed complaint, she intended to return to defendant's facility and thus would again encounter barriers at issue). In their motion for reconsideration, plaintiffs fail to address their claim for injunctive relief, let alone argue why the FAC included sufficient facts to support a finding that plaintiffs have standing to seek injunctive relief. Thus, plaintiffs should point to any factual allegation(s) in the FAC that, if established, would support their standing to seek injunctive relief.

**CONCLUSION**

For the reasons stated above:

1. To the extent plaintiffs' motion for leave to file a motion for reconsideration is based on the Ninth Circuit's December 19, 2008 order issued in Kleffman, the motion for leave is hereby GRANTED, and the Court has reconsidered the issue of preemption in light of Kleffman. Having done so, the Court finds no basis exists to vacate the Court's December 23, 2008 order to the extent it is based on the issue of preemption.

2. To the extent plaintiffs' motion for leave to file a motion for reconsideration is based on plaintiffs' request for an opportunity to address the issue of standing, the motion for leave is hereby GRANTED. The parties are hereby afforded leave to file supplemental briefs, limited to the issue of standing, as follows:

a. No later than March 27, 2009, plaintiffs may file a supplemental brief, not to exceed ten pages in length.

b. No later than April 10, 2009, defendant may file a supplemental response, not to exceed ten pages in length.

6

c. As of April 10, 2009, the Court will take the matter under submission, unless the parties are advised that a hearing is necessary.

**IT IS SO ORDERED.**

Dated: March 11, 2009

_____
MAXINE M. CHESNEY
United States District Judge