IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIOLETTA HOANG, et al., | No. C-08-3518 MMC |
| Plaintiffs, | **ORDER RE: PLAINTIFFS' MOTION FOR RECONSIDERATION; SETTING DEADLINE FOR PLAINTIFFS TO FILE SECOND AMENDED COMPLAINT; CONTINUING CASE MANAGEMENT CONFERENCE** |
| v. | |
| REUNION.COM, INC., | |
| Defendant / | |

Before the Court is plaintiffs' Supplemental Brief in Support of Motion for Reconsideration, filed March 27, 2009, and defendants' Supplemental Brief in Opposition thereto.[1] Having read and considered the parties' respective submissions, the Court rules as follows.

Plaintiffs seek reconsideration of the Court's December 23, 2008 order granting defendant's motion to dismiss plaintiffs' First Amended Complaint ("FAC"), by which plaintiffs allege claims under § 17529.5(a) of the California Business & Professions Code. In said order, the Court found plaintiffs' claims under § 17529.5(a) were, as pleaded in the FAC, subject to dismissal in light of 15 U.S.C. § 7707(b)(1), which preempts certain state

---

[1] On January 15, 2009, plaintiffs filed a Motion for Leave to File a Motion for Reconsideration. By order filed March 11, 2009, the Court granted the motion for leave, construed the motion filed January 15, 2009 as plaintiffs' motion for reconsideration, and afforded the parties leave to file supplemental briefing.

1  statutes regulating commercial emails; in particular, the Court found plaintiffs failed to
2  allege they had incurred an injury or injuries as a result of defendant's alleged false
3  statements.  Alternatively, the Court found that if, as plaintiffs had argued, § 7707(b)(1)
4  does not itself preempt a claim under § 17529.5(a), plaintiffs nevertheless were required to
5  allege they had incurred an injury caused by a violation of § 17529.5(a) in order to have
6  standing to assert claims thereunder.  Consequently, the Court dismissed the complaint,
7  but afforded plaintiffs leave to file a Second Amended Complaint ("SAC").
8        In their supplemental brief in support of their motion for reconsideration, plaintiffs
9  "agree that they must allege injury to have Article III standing" (see Pls.' Supp. Brief at
10 1:11), but argue that the filing of a SAC is unnecessary because the Court can infer from
11 the FAC that each plaintiff was injured by the email(s) he or she allegedly received from
12 defendant and that such injury was casually related to defendant's alleged violations of
13 § 17529.5(a).  Contrary to plaintiffs' argument, however, the Court finds such inferences
14 cannot fairly be drawn from the FAC.  The FAC includes no implicit allegation, for example,
15 that any plaintiff expended any appreciable amount of time to read and then delete the
16 email(s); indeed, the FAC is completely silent as to whether any plaintiff even opened the
17 subject email(s).  Moreover, with respect to plaintiffs' request for injunctive relief, the FAC
18 does not include sufficient factual allegations from which it can be reasonably inferred that
19 any plaintiff is subject to a "real and immediate threat of repeated injury" by defendant.
20 See, e.g., D'Lil v. Best Western Encina Lodge & Suites, 538 F.3d 1031, 1036-39 (9th Cir.
21 2008) (holding, for purposes of standing in "context of a suit for injunctive relief," to satisfy
22 Lujan's requirement of "actual or imminent" injury, plaintiff "must establish a real and
23 immediate threat of repeated injury") (internal quotations and citations omitted).
24       Accordingly, the Court hereby DENIES plaintiffs' motion for reconsideration.
25       As defendant has not shown further amendment would be futile, and as it appears
26 plaintiffs may be able to amend to allege a cognizable injury or injuries, plaintiffs are hereby
27 afforded leave to file a Second Amended Complaint no later than May 29, 2009.
28       Finally, because the pleadings remain unsettled, the Court hereby CONTINUES the

1  Case Management Conference from May 22, 2009 to July 10, 2009.  A Joint Case
2  Management Statement shall be filed no later than July 2, 2009.
3      **IT IS SO ORDERED.**
4
5  Dated:  May 14, 2009
6  _____
   MAXINE M. CHESNEY
   United States District Judge

3