**KRONENBERGER BURGOYNE, LLP**
Henry M. Burgoyne, III (CA Bar No. 203748)
Karl S. Kronenberger (CA Bar No. 226112)
Jeffrey M. Rosenfeld (CA Bar No. 222187)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
hank@KBInternetLaw.com
karl@KBInternetLaw.com
jeff@KBInternetLaw.com

**SHAPIRO, HABER & URMY LLP**
Edward F. Haber (admitted *pro hac vice*)
Todd S. Heyman (admitted *pro hac vice*)
Ian J. McLoughlin (admitted *pro hac vice*)
Robert E. Ditzion (admitted *pro hac vice*)
53 State Street
Boston, MA 02109
Telephone: (617) 439-3939
Facsimile: (617) 439-0134
ehaber@shulaw.com
theyman@shulaw.com
imcloughlin@shulaw.com
rditzion@shulaw.com

Attorneys for Plaintiffs

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **VIOLETTA HOANG, LIVIA HSIAO, MICHAEL BLACKSBURG,** and **MATTHEW HALL**, individually and on behalf of a class of similarly situated persons,<br><br>            Plaintiffs,<br><br>vs.<br><br>**REUNION.COM, INC.**, a California corporation,<br><br>            Defendant. | Case No. 08-CV-03518-MMC<br><br>**NOTICE OF WITHDRAWAL OF SECOND AMENDED COMPLAINT AND OF PLAINTIFFS' DECISION TO STAND ON THE FIRST AMENDED COMPLAINT WITHOUT FURTHER AMENDMENT** |

CASE NO. 08-CV-03518 MMC                              **NOTICE OF WITHDRAWAL OF SECOND AMENDED COMPLAINT**

1    Plaintiffs hereby notify the Court that they withdraw their Second Amended

2   Complaint ("SAC") filed on May 29, 2009 (Docket No. 74).   This leaves the First

3   Amended Complaint ("FAC") as the operative complaint in this action.   Plaintiffs further

4   notify the Court that they will not seek leave to amend further the FAC.   Accordingly,

5   Plaintiffs also withdraw the statement in their previously filed Supplemental Brief in

6   Support of their Motion for Reconsideration that a Second Amended Complaint would

7   include additional allegations that Defendant's conduct caused Plaintiffs to lose storage

8   space in their inboxes and computers, as Plaintiffs had anticipated would be the case

9   when they filed that Supplemental Brief.

10    This renders the Defendant's motion to dismiss the SAC (Docket No. 75) moot.

11   Because the Court has already ruled that the FAC should be dismissed and has denied

12   Plaintiffs' motion for reconsideration of that order (Docket Nos. 55 and 73 respectively),

13   and Plaintiffs are hereby formally notifying the Court of their decision to stand on the

14   FAC without further amendment, this case is now ripe for appellate review upon the

15   entry of final judgment.[1]

16   _____

17   [1]    Pursuant to Rule 11(c)(2) of the Federal Rules of Civil Procedure, Defendant
served a draft motion for sanctions on Plaintiffs' counsel on June 26, 2009 contending,

18   *inter alia*, that the additional allegations in the SAC were insufficient to establish that – in
light of the previous orders of this Court – Plaintiffs had standing to assert their claims,
or that their claims escape preemption by federal law.   A critical aspect of the

19   Defendant's draft motion is that Plaintiffs ultimately elected not to include additional
allegations that Defendant's conduct caused Plaintiffs to lose storage space in their

20   inboxes and computers, as Plaintiffs anticipated they would include when they filed their
Supplemental Brief in Support of their Motion for Reconsideration.   (Docket No. 66 at 2-

21   3).

22    Without in any way conceding any of those substantive or procedural points,
Plaintiffs have elected to exercise their rights under Rule 11(c)(2) to withdraw the SAC,

23   and their previous position that they were prepared to include additional factual
allegations of lost inbox storage space (and/or lost time to delete emails from inboxes),

24   and will seek appellate review of the dismissal of the FAC.   *Truesdell v. Southern
California Permanente Medical Group*, 293 F.3d 1146, 1153 (9th Cir. 2002) (once a draft

25   Rule 11 motion is served, a plaintiff enjoys a 21 day safe harbor period to "withdraw,
amend, or disclaim the filing" and noting that plaintiffs' counsel in that case "could have

26   affirmatively withdrawn the complaint or formally disclaimed any intention of filing an
amended complaint while making clear that he was taking advantage of the safe-harbor

27   period."); *Radcliffe v. Rainbow Construction Co.*, 254 F.3d 772, 788-789 (9th Cir. 2001)
(the safe harbor period following service of a draft Rule 11 motion, as opposed to mere

28   informal threats of sanctions, affords a party the opportunity to retract the challenged
pleading without fear of sanctions).

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

CASE NO. 08-CV-03518 MMC                    1          **NOTICE OF WITHDRAWAL OF SECOND
                                                        AMENDED COMPLAINT**

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1    Plaintiffs continue to respectfully disagree with this Court as to whether the FAC

2    should have been dismissed and Plaintiffs expressly reserve all rights of appeal from

3    the orders of this Court entered in this action.

4

5    Respectfully submitted,

6    DATED:  July 1, 2009                          SHAPIRO HABER & URMY, LLP

7

8                                                  By:  ___s/ Todd S. Heyman____

9                                                       Todd S. Heyman

10                                                 Attorneys for Plaintiffs

11

12

13

14

15

16

17

18

19

20

21

22

23    Neither Plaintiffs nor their counsel believe that any of their pleadings were
inconsistent with their Rule 11 obligations and their actions as set forth herein cannot
and should not be construed to the contrary.  The amendments to Rule 11 were
24    specifically designed to remedy the problem of a party being reluctant to withdraw a
contention out of concern that the withdrawal would appear to be reflecting a Rule 11
25    violation.  *See* Advisory Notes to Rule 11, 1993 Amendments, Subdivisions (b) and (c)
("Under the former rule, parties were reluctant to abandon a  … contention lest that be
26    viewed as evidence of a violation of Rule 11; under the revision, the timely withdrawal of
a contention will protect a party against a motion for sanctions.").

27    Plaintiffs have acted as set forth herein to avoid protracted Rule 11 related
litigation and to allow the merits based legal issues in this case to be decided by the
28    Court of Appeals.

CASE NO. 08-CV-03518 MMC              2        **NOTICE OF WITHDRAWAL OF SECOND**
                                               **AMENDED COMPLAINT**