**KRONENBERGER BURGOYNE, LLP**
Henry M. Burgoyne, III (CA Bar No. 203748)
Karl S. Kronenberger (CA Bar No. 226112)
Jeffrey M. Rosenfeld (CA Bar No. 222187)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
hank@KBInternetLaw.com
karl@KBInternetLaw.com
jeff@KBInternetLaw.com

**SHAPIRO, HABER & URMY LLP**
Edward F. Haber (admitted *pro hac vice*)
Todd S. Heyman (admitted *pro hac vice*)
Ian J. McLoughlin (admitted *pro hac vice*)
Robert E. Ditzion (admitted *pro hac vice*)
53 State Street
Boston, MA 02109
Telephone: (617) 439-3939
Facsimile: (617) 439-0134
ehaber@shulaw.com
theyman@shulaw.com
imcloughlin@shulaw.com
rditzion@shulaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **VIOLETTA HOANG, LIVIA HSIAO, MICHAEL BLACKSBURG,** and **MATTHEW HALL**, individually and on behalf of a class of similarly situated persons,<br><br>Plaintiffs,<br><br>vs.<br><br>**REUNION.COM, INC.**, a California corporation,<br><br>Defendant. | Case No. 08-CV-03518-MMC<br><br>**DECLARATION OF TODD S. HEYMAN IN SUPPORT OF PLAINTIFFS' OPPOSITIONS TO DEFENDANT'S MOTION TO STRIKE AND FOR INVOLUNTARY DISMISSAL AND MOTION FOR SANCTIONS**<br><br>DATE:     September 25, 2009<br>TIME:     9:00 a.m.<br>DEPT:    Courtroom 7, 19th Floor<br>JUDGE:  The Hon. Maxine Chesney |

Case No. 08-CV-03518-MMC     **DECL. OF T. HEYMAN ISO OPP'NS TO DISMISSAL & SANCTIONS**

I, Todd S. Heyman, declare as follows:

1. I am an attorney admitted to practice in the Commonwealth of Massachusetts and admitted to practice *pro hac vice* in this case. I am a partner at the law firm of Shapiro Haber & Urmy LLP, counsel of record for plaintiffs Violetta Hoang, Livia Hsiao, Michael Blacksburg, and Matthew Hall (collectively, "Plaintiffs"). Unless otherwise stated, I have personal knowledge of the facts stated herein.

2. On July 17, 2009, counsel for Defendant Reunion.com Ronald Jason Palmieri emailed me asking that Plaintiffs agree to stipulate to withdraw their opposition to the Defendant's motion to dismiss the Second Amended Complaint instead of withdrawing the Second Amended Complaint itself. A true and correct copy of that email is attached hereto as Exhibit 13.

3. In addition, Mr. Palmieri's email delivered an attached draft stipulation prepared by counsel for Defendant, a true and correct copy of which is attached hereto as Exhibit 16.

4. Mr. Palmieri sent the email to me on a Friday morning and I responded promptly indicating that I would have a response to his proposal by Monday. He indicated that this was unacceptable and asked that I respond that same day: "PLEASE CALL ME ON MY CELL AND LET ME KNOW TODAY." I again emailed him back promptly and asked for his cell phone number because he did not include the cell phone number in his previous emails. Despite insisting on a response by cell phone that same day to his proposal, Mr. Palmieri did not respond to my email requesting his cell phone number on that day, Friday, July 17, 2009. Because he had indicated the response was urgent, I repeatedly checked my email for the rest of the day that Friday, and into Friday evening in an effort to accommodate Mr. Palmieri's request. Instead, after ignoring my request for his cell phone number all day on Friday, Mr. Palmieri sent me an email on Saturday morning requesting that I review the document on Saturday and respond promptly, specifically stating: "IS THERE SOME REASON YOU CAN'T REVIEW THIS DOCUMENT OVER THE WEEKEND AND REACH A DECISION, LIKE NOW?" A true

1 and correct copy of the email chain evidencing this email correspondence is attached
2 hereto as Exhibit 14 and 15.

3     5. Shortly after sending his email on Saturday morning, without even waiting for a
4 response by email, Mr. Palmieri took the liberty of calling my cell phone on Saturday
5 morning, July 18, 2009 to discuss the proposal.

6     6. On Saturday morning, July 18, 2009, I informed Mr. Palmieri that Plaintiffs would
7 not assent to his proposed stipulation.

8     7. As the draft stipulation and July 17, 2009 email evidence, Defendant proposed to
9 abandon and waive any argument that this case should be dismissed pursuant to Rule
10 41(b), and that such a dismissal order be backdated, *nunc pro tunc*, in exchange for
11 Plaintiffs' agreement to stipulate to the withdrawal of their opposition to the Defendant's
12 motion to dismiss the Second Amended Complaint. Exhibits 13, 16 at ¶4.

13     8. On June 26, 2009, counsel for Reunion.com served on counsel for Plaintiffs
14 (including my firm), a document entitled: "Notice of Motion and Defendant's Motion For
15 Sanctions Against Counsel For Plaintiffs." A true and correct copy of that document is
16 attached hereto as Exhibit 1.

17     9. Attached hereto as the following exhibits are true and correct copies of the
18 following additional e-mails:

19     a. Exhibit 2: E-mail dated August 28, 2008 from Mr. Palmieri to my co-counsel
20        Hank Burgoyne and others.

21     b. Exhibit 3: E-mail dated October 23, 2008 from Mr. Palmieri to myself and
22        others.

23     c. Exhibit 4: E-mail dated October 24, 2008 from Mr. Palmieri to myself and
24        others.

25     d. Exhibit 5: E-mail dated October 27, 2008 from Mr. Palmieri to Mr.
26        Burgoyne.

27     e. Exhibit 6: E-mail dated October 29, 2008 from Mr. Palmieri to myself and
28        others.

f. Exhibit 7: E-mail dated November 19, 2008 from Mr. Palmieri to myself and others.

g. Exhibit 8: E-mail dated May 12, 2009 from Mr. Palmieri to myself and others.

h. Exhibit 9: E-mail dated June 24, 2009 from Mr. Palmieri to myself and others.

i. Exhibit 10: E-mail dated October 23, 2008 from Mr. Palmieri to Mr. Burgoyne and others.

j. Exhibit 11: E-mail dated November 24, 2008 from Mr. Palmieri to Mr. Burgoyne and others.

k. Exhibit 12: E-mail dated February 24, 2009 from Mr. Palmieri to myself and others.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct and that this Declaration was executed on August 21, 2009, at Boston, Massachusetts.

        /s/Todd S. Heyman
        Todd S. Heyman

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com