LAW OFFICES OF RONALD JASON PALMIERI, P.C.
Ronald Jason Palmieri (CA Bar No. 96953)
1644 North Orange Grove Avenue
Los Angeles, CA 90046
TELEPHONE: (323) 882-8225
FACSIMILE:  (323) 882-8208
lawofcsrjp@aol.com

WILDMAN, HARROLD, ALLEN & DIXON LLP
Carole E. Handler (CA Bar No. 129381)
9665 Wilshire Boulevard, Suite 200
Beverly Hills, CA 90212
TELEPHONE: (310) 860-8705
FACSIMILE:  (310) 860-3805
handler@wildman.com

WILDMAN, HARROLD, ALLEN & DIXON LLP
Peter N. Moore (admitted *pro hac vice*)
225 West Wacker Drive, Suite 2800
Chicago, IL 60606-1229
TELEPHONE: (312) 201-2000
FACSIMILE:  (312) 201-2555
pmoore@wildman.com

Attorneys for Defendant
REUNION.COM, INC.

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIOLETTA HOANG, LIVIA HSIAO, and MICHAEL BLACKSBURG, individually and on behalf of a class of similarly situated persons,<br><br>    Plaintiffs,<br><br> v.<br><br>REUNION.COM, INC., a California corporation,<br><br>    Defendant. | No. 3:08-cv-3518 MMC<br><br>**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE PLAINTIFFS' NOTICE AND FOR INVOLUNTARY DISMISSAL PURSUANT TO FED.R.CIV.P. 41(B)**<br><br>**Date:** September 25, 2009<br>**Time:** 9:00 AM<br>**Judge:** Hon. Maxine Chesney<br>Courtroom 7 (19th Floor) |

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................... iii

ISSUES TO BE DECIDED .......................................................................................1

ARGUMENT .............................................................................................................4

    I.    Plaintiffs' Attempted Misuse of the "Safe Harbor" Provision Has No Basis in Law and Warrants Striking their Purported "Notice of Withdrawal" ........................................................................4

        A.    The Rule 11 Safe Harbor Cannot Be Invoked by Plaintiffs' Counsel Without Fully Abandoning their Frivolous Claims ........................................................................ 4

        B.    The "Safe Harbor" Does Not Allow Plaintiffs' Counsel to Revert the Case Back to the Dismissal of the FAC ........................................................................................ 7

    II.    The Totality of Plaintiffs' Counsels' Conduct Requires Involuntary Dismissal With Prejudice Under Rule 41(b) .....................9

        A.    Plaintiffs' Counsel Proudly Admit their Misconduct and Claim Their Judgment Trumps This Court's ...................... 9

        B.    Abundant Ninth Circuit Precedent Supports a Rule 41(b) Dismissal Under these Facts .......................................... 11

        C.    Plaintiffs' Counsels' Contention that Defendant's Motions are Untimely is Absurd.............................................. 13

        D.    The Court Has the Discretion to Issue a Dismissal Order *Nunc Pro Tunc* ................................................................ 14

CONCLUSION ........................................................................................................15

# TABLE OF AUTHORITIES

**Cases**

*Edwards v. Marin Park, Inc.*, 356 F.3d 1058 (9th Cir. 2004) .........................................8

*Friedlander v. Nims*, 755 F.2d 810, 813 (11th Cir. 1985)...............................................6

*Gordon v. Virtumundo*, 575 F.3d 1040 (9th Cir. 2009)...................................................3

*Gwaduri v. Immigration and Naturalization Services*, 362 F.3d 1144, 1146-47 n.3 (9th Cir. 2004)................................................................................5

*Maddox v. Shroyer*, 302 F.2d 903, 904 (D.C. Cir. 1962) ................................................6

*Montgomery v. City of Ardmore*, 365 F.3d 926, 943 (10th Cir. 2004).........................10

*O'Brien v. Sinatra*, 315 F.2d 637 (9th Cir. 1963)..........................................................12

*Pimentel v. Orloff*, No. C-08-0249 MMC, 2008 WL 4963049, at *2 (N.D. Cal. Nov. 19, 2008).................................................................................14

*Ruby v. Sec'y of United States Navy*, 365 F.2d 385, 388 (9th Cir. 1966).....................15

*Smith v. Simmons*, No. 1:05-CV-01187, 2009 WL 1835187 (E.D. Cal. June 23, 2009)..............................................................................................8

*Star Navigation Systems Group Ltd. v. Aeromechanical Services Ltd.*, No. C-07-4820 MMC, 2008 WL 962150, at *1 (N.D. Cal. Apr. 8, 2008) .............................................................................................................14

*Von Poppenheim v. Portland Boxing and Wrestling Comm'n*, 442 F.2d 1047 (9th Cir. 1971) ................................................................................12

*Yourish v. Cal. Amplifier*, 191 F.3d 983 (9th Cir. 1999) ...............................................11

**Rules**

Fed.R.Civ.P. 11 ................................................................................................................4

Fed.R.Civ.P. 41(b) ...........................................................................................................1

# MEMORANDUM OF POINTS AND AUTHORITIES
## ISSUES TO BE DECIDED

The issues raised by Defendant, Reunion.com's, Motion to Strike and Motion for Involuntary Dismissal Pursuant to Fed.R.Civ.P. 41(b) ("Def.'s 41(b) Motion"), and Plaintiffs' opposition thereto ("Pls.' 41(b) Opp.") are straightforward: 1) Plaintiffs' counsel have improperly attempted to invoke the Rule 11 "safe harbor" without actually abandoning their frivolous claims; 2) Plaintiffs' counsel, through their *undisputed* conduct, have violated this Court's orders and/or the Rules of Civil Procedure; and 3) in light of their clearly improper conduct throughout this case, and most significantly, since the First Amended Complaint was dismissed, the Court should involuntarily dismiss this case pursuant to Fed.R.Civ.P. 41(b).

Plaintiffs' counsel concede that they were granted leave to file a Second Amended Complaint based on a promise they did not keep. Plaintiffs' counsel concede that the Second Amended Complaint ("SAC") they did file, and later purported to withdraw, could not stand given the Court's prior rulings. Plaintiffs' counsel concede that they refused to withdraw their Opposition to Defendant's Motion to Dismiss the SAC (Docket No. 77) ("Third MTD Opp."), despite the SAC's lack of merit. And Plaintiffs' counsel concede that they could have "stood" on the First Amended Complaint (Docket No. 36) ("FAC") nearly nine months ago, before continuing to needlessly waste the precious resources of Defendant and the Court, but chose instead to try to regurgitate the same rejected legal theories one more time, rather than making the substantive changes they promised. Under well established and directly applicable Ninth Circuit precedent, this disregard for procedure and court instructions supports, if not compels, an involuntary dismissal under Rule 41(b).

These actions, among many others, prompted Defendant to serve its Rule 11(c)(2) Motion on Plaintiffs' counsel when it did. Despite all the supposed merit to their positions, and notwithstanding their assumed outrage at Defendant for its prior efforts to deter Plaintiffs' counsel from engaging in the conduct described above,

Plaintiffs' counsel retreated at the first sign that their malicious and vexatious actions might result in real adverse consequences to themselves personally. In fact, that Plaintiffs' counsel have put their own interests ahead of the law – and of their clients' – is evident from their unwavering refusal to make the allegations of individual reliance and harm that the Court had repeatedly told them would be necessary to state a claim that was not preempted by CAN SPAM – allegations which they insist they *could* make, but nonetheless refuse to. As a result, Plaintiffs' counsel sacrificed their individual clients' claims for the hope of keeping alive the prospect of a lucrative class action lawsuit that would benefit only themselves, and rethought their strategy only when faced with the prospect of their own monetary loss.

Yet even now, after this supposed tactical retreat, Plaintiffs' counsel nonetheless *still* refuse to admit they were wrong, and instead continue to attempt to manipulate the Rule 11(c)(2) "safe harbor" provision to keep their meritless case alive for appeal while escaping any consequence for their misconduct. And contrary to Plaintiffs' counsels' arguments in support of their purported "Notice of Withdrawal", which have no basis in law, Plaintiffs' counsels' transparent manipulation of the "safe harbor" provision also absolutely warrants the striking of their "Notice."

The safe harbor provision was intended to allow an offending party to ***withdraw*** a meritless position without the inference of a ***Rule 11 violation***. It does not, nor was it intended to, permit an offending party to continue to assert that the position had or continues to have legal merit, to take the same position to a different court or in a different court filing, or to rewrite history to erase earlier misconduct.

Plaintiffs' counsel had two simple choices when served with Defendant's Rule 11 Motion: (1) to press forward with the SAC, and accept the risk of sanction; or, (2) withdraw the SAC and opposition to the Third MTD, and/or admit that neither had merit, and thereby avoid Rule 11 sanctions. But Plaintiffs' counsel want it both ways – they want the benefit of the "safe harbor" ***without*** abandoning their frivolous positions, most notably those taken in their opposition to the Third MTD, which they

1  continue to refuse to withdraw. Neither precedent, nor common sense, permits them
2  to do this.
3      Also contrary to Plaintiffs' counsels' arguments, there is nothing inconsistent
4  between Defendant's motion to strike and its motion for involuntary dismissal.
5  Defendant's motion to strike seeks merely to preclude Plaintiffs' counsel from
6  qualifying and conditioning their "withdrawal" of the SAC in a manner not allowed
7  by Rule 11. Defendant's motion for involuntary dismissal seeks to terminate the case
8  in a manner that reflects Plaintiffs' counsels' demonstrated inability and refusal to
9  follow this Court's Orders and pleading rules, supporting the inexorable conclusion
10 that the SAC and Third MTD Opp. had no merit and should never have been filed.
11     Finally, Defendant has no fear of appellate review, except the further waste of
12 its time and resources and those of the Ninth Circuit. In fact, the Ninth Circuit's
13 recent decision in *Gordon v. Virtumundo*, 575 F.3d 1040 (9th Cir. 2009), which the
14 Court anticipated would illuminate the issues in this case, in fact definitively disposes
15 of Plaintiffs' counsels' claims and affirms the preemption position adopted in this
16 Court's dismissal orders.[1] Astonishingly, though they have been quick in the past to
17 locate and cite non-binding district court opinions that conflict with this Court's – and
18 amazingly continue to cite those same opinions in their opposition briefs – Plaintiffs'
19 counsel either failed to notice the *Vurtumundo* decision, which issued more than two
20 weeks before Plaintiffs' counsel filed their Opposition Briefs, or intentionally
21 withheld it. Defendant suspects which of these two alternatives is true, but leaves it to
22 the Court to draw its conclusions.
23     Regardless, in all likelihood an appeal on the merits, at this point, would be
24 futile, yet given Plaintiffs' counsels' prior conduct, there is every reason to believe
25 they will press forward nonetheless if given the opportunity. Thus, Defendant prays
26 that the Court definitively end Plaintiffs' counsels' crusade here and now, as it has the

---

[1] *See, e.g.*, *Virtumundo*, Slip Op. at 10517 (CAN SPAM "save[s] from preemption only 'statutes, regulations, or rules that target **fraud or deception**'" (emphasis added)).

REPLY RE: DEF.'S RULE 41(B) MOTION TO DISMISS      NO. 3:08-CV-3518 MMC
3

discretion to do.

## ARGUMENT

### I. PLAINTIFFS' ATTEMPTED MISUSE OF THE "SAFE HARBOR" PROVISION HAS NO BASIS IN LAW AND WARRANTS STRIKING THEIR PURPORTED "NOTICE OF WITHDRAWAL"

#### A. The Rule 11 Safe Harbor Cannot Be Invoked by Plaintiffs' Counsel Without Fully Abandoning their Frivolous Claims

The flaw in Plaintiffs' counsels' Opposition to Defendant's Motion to Strike is evident from the face of their brief. Plaintiffs' counsel state that, by their purported "Notice of Withdrawal," they wished to both "[1] avoid unnecessary and unpleasant sanctions motion practice, and [2] *expeditiously get this case to the Court of Appeals*." (Pls.' 41(b) Opp. at 8) (emphasis added). Unfortunately for Plaintiffs' counsel, however, Rule 11 does not permit them to do both, nor to do either in the manner they have sought to dictate to Defendant and this Court.

Notably, Plaintiffs' counsel fail to offer a single authority from any court supporting their theory that they can withdraw a pleading for "safe harbor" purposes *without* abandoning the substance of the withdrawn pleading. In fact, the 1993 Advisory Committee note to Rule 11 itself defines the "safe harbor" to mean that:

> a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it *refuses to withdraw that position* or to *acknowledge candidly that it does not currently have evidence to support a specified allegation*.

Fed.R.Civ.P. 11, 1993 Advisory Committee note. Reverting to a previously dismissed (and nearly identical) pleading and attempting to preserve a right to *de novo* appellate review thereon are not among the escape routes given to the offending party.

Yet, in direct contradiction to the aforementioned advisory committee note, Plaintiffs' counsel have attempted to do both of these things, hoping to invoke the "safe harbor" *without* actually withdrawing their opposition to Defendant's Third MTD or any other of their positions. They still maintain this Court's rulings have been wrong, refuse to acknowledge that the SAC was improper, refuse to withdraw their opposition to the Third MTD, and express no intention of abandoning their

frivolous claims in the future. ***Plaintiffs' counsel merely want out of this Court, and another bite at the apple in a new forum.*** In fact, they admit that their refusal to withdraw the Third MTD Opp. is motivated by their desire to appeal – a move wholly incompatible with "withdraw[ing]" their position or "acknowledg[ing] candidly" that their position was without merit, as Rule 11's "safe harbor" requires.[2]

Accordingly, if anyone is guilty of improper "gamesmanship" (Pls.' 41(b) Opp. at 10), it is Plaintiffs' counsel. Attempting to justify their stance, Plaintiffs' counsel correctly point out that "[a] party's lack of an opposition to a motion is 'tantamount to a concession that its position in the litigation is not substantially justified.'" (Pls.' 41(b) Opp. at 10 (quoting *Gwaduri v. Immigration and Naturalization Services*, 362 F.3d 1144, 1146-47 n.3 (9th Cir. 2004)). Yet "conce[ding] that [their] position in the litigation is not substantially justified" is ***precisely*** what their invocation of the Rule 11 "safe harbor" necessarily entails and demands. It is a procedural *quid pro quo*, their end of which Plaintiffs' counsel simply refuse to satisfy.

Consistent with their misunderstanding of the "safe harbor," Plaintiffs' counsel also misconstrue the Rule 11 Advisory Committee note in arguing that the threat of Rule 11 sanctions should not require them to abandon "fairly debatable" positions. (Pls.' 41(b) Opp. at 10). That quotation, however, speaks nothing to the purpose of the "safe harbor," but rather instructs only that Rule 11 should not be used to intimidate a party into abandoning legitimate claims. It does not follow that a party who wishes to invoke the safe harbor in response to a ***legitimate*** Rule 11 motion – and thereby avoid sanctions – can do so ***without*** abandoning those ***illegitimate*** positions. On the contrary, the note is clear that to invoke the safe harbor, the party must ***withdraw*** the frivolous position or "acknowledge candidly" it had no merit. Not surprisingly, Plaintiffs' counsel wish to do neither.

---

[2] That is why Defendant "care[s] which of the two pleadings was withdrawn." (Pls.' 41(b) Opp. at 9). Even now, Plaintiffs' counsels' refusal to withdraw or even renounce the Third MTD Opp., in which they attempted to defend the same indefensible pleading they later "withdrew"– is fundamentally incompatible with their invocation of the "safe harbor."

REPLY RE: DEF.'S RULE 41(B) MOTION TO DISMISS          5          NO. 3:08-CV-3518 MMC

However, if they believed their positions to be sound, they plainly would have stood in *full* defense of the SAC.  By opting for the "safe harbor," however, they have conceded that the SAC – and, necessarily, the Third MTD Opp. – were both without merit.  They should not then be permitted to file a self-serving "Notice" that attempts to qualify or avoid this conclusion that is legally mandated by the Rule they purport to invoke.

Finally, Plaintiffs' counsels' claim that their only "potential violation" of Rule 11 had nothing to do with the merits of the SAC is simply wrong, and even if true, is a red herring.  In fact, while Plaintiffs' counsels' misrepresentation regarding the scope of their intended SAC was only one basis for that motion, Defendant also intended to show that the SAC – totally lacking in new substantive allegations and totally dismissive of the Court's prior orders – was *on its face* without merit and submitted for an improper purpose, namely harassment and wearing down the Court.  (*See* Rule 11 Motion Service Draft (Ex. 1 to Docket No. 90) at 9-11 (citing *Maddox v. Shroyer*, 302 F.2d 903, 904 (D.C. Cir. 1962) (refusal to comply with prior Court orders in amended pleadings grounds for sanctions); *Friedlander v. Nims*, 755 F.2d 810, 813 (11th Cir. 1985) (sanctions awarded where plaintiff ignored prior dismissal orders in amended pleading))).  Thus, the SAC's lack of substantive merit, in light of the Court's prior Orders, was very much at issue in Defendant's Rule 11 Motion, and withdrawing Plaintiffs' counsels' Opposition to Defendant's Third MTD was the only way to "withdraw" or "appropriately correct[]" that violation.

The "safe harbor" is a plea bargain, not a pardon – an opportunity for attorneys and parties to avoid Rule 11 sanctions by admitting guilt and abandoning sanctionable positions before court intervention is necessitated and actual Rule 11 sanctions imposed.  And while Defendant does not dispute that Plaintiffs' counsel intended to invoke the "safe harbor" provision with respect to the SAC, and sought to avoid a

Rule 11(c)(2) Motion based on that pleading,[3] this is not a Rule 11 motion, nor is the question at hand whether Plaintiffs' counsel can be sanctioned under Rule 11. Rather, it is whether, after spurning their opportunity to either comply with or appeal the Court's earlier dismissal orders, filing a pleading with no merit and for an improper purpose, and then invoking the "safe harbor" and "withdraw[ing]" that meritless pleading, Plaintiffs' counsel are entitled to continue to maintain on the record that their positions in both the "withdrawn" pleading, and the memorandum of law that purports to defend that "withdrawn" pleading but which itself was not "withdrawn", did have merit, and worse, to take those same "withdrawn" positions up to the Court of Appeals. That is what their purported "Notice of Withdrawal" seeks to do, and that is why that document should be stricken.

### B. The "Safe Harbor" Does Not Allow Plaintiffs' Counsel to Revert the Case Back to the Dismissal of the FAC

In addition to their refusal to acknowledge that their invoking the "safe harbor" requires Plaintiffs' counsel to abandon their frivolous positions, Plaintiffs' counsel continue to insist that they can return this case to a procedural posture that erases critical facts – that they ignored the Court's multiple prior Dismissal Orders, misstated their intentions with respect to a SAC, and failed to "acknowledge candidly" that their claims were without merit by "withdrawing" their opposition to Defendant's Third MTD. They admittedly did all of these acts, as discussed below, and, other than their own misplaced arguments, they have failed to cite any authority that would permit them to escape the consequences of their actions.

As discussed in Defendant's Opening Brief, and as Plaintiffs' counsel do not deny, the proper procedure following both the Second Dismissal and Reconsideration Order was to file a notice with the Court that Plaintiffs would stand on the dismissed

---

[3] With respect to the Third MTD Opp., as discussed in Defendant's separate motion filed pursuant to 28 U.S.C. § 1927, that pleading, along with a host of other frivolous filings made by Plaintiffs' counsel since this case began, is sanctionable wholly independent of Rule 11, making a motion under the latter rule potentially redundant and, certainly, insufficient in scope to encompass all of Plaintiffs' counsels' improper conduct.

REPLY RE: DEF.'S RULE 41(B) MOTION TO DISMISS     7     NO. 3:08-CV-3518 MMC

First Amended Complaint and seek entry of final judgment so that they could appeal. *Edwards v. Marin Park, Inc.*, 356 F.3d 1058 (9th Cir. 2004); (Def.'s 41(b) Motion at 19). But Plaintiffs' counsel ***did not do so***. Plaintiffs' counsel have still failed to justify why they should, after all these months, be entitled to judgment on the First Amended Complaint and *de novo* appellate review of this Court's Dismissal Orders, particularly where the SAC – which Plaintiffs' counsel must substantively abandon in order to invoke the "safe harbor" as shown above – is nearly identical to the complaint they now wish to bring to the Court of Appeals.

Contrary to Plaintiffs' counsels' argument, *Smith v. Simmons*, No. 1:05-CV-01187, 2009 WL 1835187 (E.D. Cal. June 23, 2009), is highly instructive. In fact, Plaintiffs' counsels' acrimony toward Defendant's quotation of it is bizarre, as their attempt to distinguish the facts of that case from this one fall flat. The *Simmons* plaintiff's decision to file an amended complaint, purportedly pursuant to the Rule 11 safe harbor – ***instead of abandoning his prior complaint*** – is very much analogous to what Plaintiffs' counsel have tried to do here. In that case, like this one, the offending party refused to take responsibility for his actions and abandon his frivolous position. In that case, like here, the offending party instead attempted to manipulate the safe harbor to circumvent the rules – there, filing an amended complaint without leave; here, attempting to revert to a complaint dismissed long ago ***and*** substantively identical to the one that was "withdrawn." The only real difference between *Simmons* and this case is that, while the *Simmons* plaintiff sought a do-over in the district court, Plaintiffs' counsel want theirs in the Court of Appeals. Yet the point is the same – the "safe harbor" only allows the offending party to escape sanctions by abandoning the frivolous position or pleading – nothing more, nothing less. It does not give the offending party any other procedural rights, or an "unflinching mandate" to control the docket. Thus, for this reason too, Plaintiffs' counsels' purported "Notice of Withdrawal" should be stricken.

## II. THE TOTALITY OF PLAINTIFFS' COUNSELS' CONDUCT REQUIRES INVOLUNTARY DISMISSAL WITH PREJUDICE UNDER RULE 41(B)

Plaintiffs' counsel show tremendous arrogance in labeling Defendant's Rule 41(b) arguments as "frivolous" (Pls.' 41(b) Opp. at 11), although this comes as little surprise given their conduct. There is no doubt Rule 41(b) is a harsh penalty; yet there is also no doubt that Plaintiffs' counsels' conduct *warrants* such harshness. Plaintiffs' counsel continue to paint themselves as doing nothing more than trying to advance a debatable legal position, claiming they "willingly agreed to halt litigation before the District Court and proceed directly to appellate review." (Pls.' 41(b) Opp. at 11). What they omit is that they only "willingly" agreed to halt the litigation once it became clear that severe monetary sanctions upon Plaintiffs' counsel might be imposed, and then, without any legal authority, dictated their own terms to the Court as to what it was to do with its docket.

Defendant has found no precedent to suggest that invoking the "safe harbor" has any bearing whatsoever on whether a subsequent Rule 41(b) dismissal is appropriate, and Plaintiffs' counsel have failed to offer one. The precedent *is* clear, however, that a Rule 41(b) dismissal is warranted by Plaintiffs' counsels' admitted conduct.

### A. Plaintiffs' Counsel Proudly Admit their Misconduct and Claim Their Judgment Trumps This Court's

Even now, after flocking to the "safe harbor" to try to avoid monetary sanctions against themselves, Plaintiffs' counsel *still* maintain that their actions in this case have been proper. Plaintiffs' counsels' Opposition Brief is riddled with statements asserting they have been correct – and this Court has been wrong – from the start, and even implying that the Court's exercise of its prerogative not to grant motion hearings and to conduct independent research somehow justifies their relentless volley of attempts at reconsideration. (*See, e.g.*, Pls.' 41(b) Opp. at 4 ("Plaintiffs did not believe, and still do not believe, that they are required to plead common law fraud to avoid preemption."); *Id.* ("Plaintiffs had no opportunity to address the

*Mummagraphics* case prior to the dismissal of the Complaint"); *Id.* ("this Court had read *Mummagraphics* too expansively"); *Id.* ("the Court again granted Defendant's motion ***without a hearing***") (emphasis added); *Id.* at 5 ("the Court found dismissal would be appropriate on an alternative basis not briefed by either party"); *Id.* at 6 ("***once again without a hearing***, the Court denied Plaintiffs' motion for reconsideration") (emphasis added); *Id.* ("Plaintiffs ultimately reconsidered and decided not to [plead the required allegations], believing their existing allegations concerning those subject matters were sufficient"); *Id.* ("there has never been any express ruling of this Court explaining why the statutory damages cases cited by Plaintiffs on the standing issue are not controlling")). In sum, they attempt to place the blame on this Court for taking the actions they did.

They then admit their most egregious violation of the rules of procedure and conduct – misrepresenting the intended scope of a second amended complaint. (Pls.' 41(b) Opp. at 6) ("Plaintiffs had previously indicated to the Court that they were prepared to make allegations regarding [individual injury]")). The reason they offer for not doing as they promised is only that "Plaintiffs changed their mind." (*Id.* at 7). Plaintiffs' counsel can claim that they intended no misrepresentation at the time, and though this explanation seems inconceivable given how clearly and consistently the Court has expressed the importance of the promised allegations, the law nonetheless gives the ***Court*** – not Plaintiffs' counsel – the discretion to decide the scope of an amended complaint.[4] The Court did so many times, and Plaintiffs' counsel ignored each of those rulings. Plaintiffs' counsels' *only* discretion in that instance was to follow the *Edwards* procedure and appeal, not to flaunt the Court's orders.

Plaintiffs' counsel also do not, and cannot, deny that the **only reason** they were

---

[4] Plaintiffs' counsel continue to ignore *Montgomery v. City of Ardmore*, 365 F.3d 926, 943 (10th Cir. 2004), in which the Court found that ***merely claiming inadvertency or mistake*** is insufficient to avoid sanction for misrepresenting the content of an amended pleading in order to secure leave. Plaintiffs' counsel here do not even claim inadvertency or mistake. They simply believe they were free to change their minds at any time, and for no other reason, and then even worse to defend the admittedly frivolous SAC by opposing the third Motion to Dismiss.

REPLY RE: DEF.'S RULE 41(B) MOTION TO DISMISS       10       NO. 3:08-CV-3518 MMC

granted leave to amend in the Reconsideration Order was that they had made the representations they did. And they offer no explanation as to why they filed a knowingly defective SAC, contrary to their representations, rather than following *Edwards*, *i.e.*, declining to amend and going to the Court of Appeals at that time as they now wish to do. Even if they were ignorant of *Edwards*, **Plaintiffs' counsel need not have opposed Defendant's Third MTD.** Plaintiffs' counsel now claim they were worried about their appellate rights, but in that case Plaintiffs' counsel could have at the very least submitted a one-page response stating that they respectfully disagreed with the Court's prior orders, that they stood on their prior opposition briefs, and wished to preserve their issues for appeal. Even this they did not do, instead trying to defend the indefensible in an opposition brief they still refuse to renounce. It was only the threat of sanctions that motivated Plaintiffs' counsel to reconsider their tactics.

These are not the statements or actions of a party who regrets its conduct and seeks a "safe harbor" from monetary sanctions. They are instead the product of a deliberate and calculated attempt to maximize the potential for a windfall fee award by keeping the possibility of class certification alive at any cost. This motive is revealed in Plaintiffs' counsels' purported desire to keep the litigation less "complicated" by refusing to plead individual injury. What Plaintiffs' counsel really mean by less "complicated" is class-certifiable, something that in no way benefits Ms. Hoang, Ms. Hsiao, and Mr. Blacksburg, but in every way benefits Plaintiffs' attorneys with the potential for a windfall contingent fee award.

**B.  Abundant Ninth Circuit Precedent Supports a Rule 41(b) Dismissal Under these Facts**

Plaintiffs' counsels attempts to distinguish the applicable precedent supporting a Rule 41(b) dismissal in this case border on desperate, as their own summaries of Defendant's authorities fit their own conduct to a tee. *See, e,g.*, *Yourish v. Cal. Amplifier*, 191 F.3d 983 (9th Cir. 1999) ("Plaintiffs ***deliberately ignored the Court's order … without explanation for this misconduct***." (Pls.' 41(b) Opp. at 11 n.4) (emphasis added)); *Von Poppenheim v. Portland Boxing and Wrestling Comm'n*, 442

F.2d 1047 (9th Cir. 1971) (plaintiff "***unable to state factual basis for claims after*** two years of litigation and ***multiple [opportunities] to clarify claims***" (Pls. 41(b) Opp. at 11 n.4) (emphasis added)).

Most on-point of all is *O'Brien v. Sinatra*, 315 F.2d 637 (9th Cir. 1963) in which, as Plaintiffs' counsel put it, "***Plaintiff filed an amended complaint that breached an agreement with the District Court made on the record in which Plaintiff expressly assented to plead only specific facts and assert specific claims***." (Pls.' 41(b) Opp. at 11 n.4) (emphasis added). Yet somehow Plaintiffs' counsel conclude that their "conduct in the case at bar bears no resemblance to that described in the above cases." (*Id.*). They have simply lost touch with reality.

Plaintiffs' counsel also try to argue the Court's repeated leniency in granting leave to amend militates ***against*** finding that Plaintiffs' counsel acted unreasonably in continually abusing that leniency – another remarkable *non sequitor*. On the contrary, as the aforementioned cases make clear, the fact that Plaintiffs' counsel got so many chances to file a proper complaint, and refused to do so each time, strongly supports involuntary dismissal under Rule 41(b) – ***not just*** Rule 12(b)(6). Of course, Plaintiffs' counsel also fail to remind the Court that the only reason they got their most recent leave to amend was because they falsely promised they would cure the defects the Court had consistently identified in each and every substantive order.

Finally, the five *Yourish* factors indeed do support dismissal under Rule 41(b). Plaintiffs' counsels' claim that "this case would be more expeditiously resolved (and certainly not less so) if Reunion.com had not" filed the present motions ignores that Plaintiffs' counsel necessitated this motion by filing a self-serving and improper "Notice of Withdrawal" without any basis in law. Expeditious resolution of this case – without permitting Plaintiffs' counsel to clog yet another Court's docket with what are now indisputably meritless claims and their incessant disregard for procedure – is exactly what Rule 41(b) would accomplish here. With regard to preference for disposition of cases on the merits, Plaintiffs' counsel ignore that their case has been

disposed of on the merits in three separate opinions of this Court, and – astonishingly – they fail to mention that the Ninth Circuit has since issued its opinion in *Gordon v. Virtumundo* which closes the door on Plaintiffs' counsels' claims once and for all.

The other factors – the court's need to manage its docket, the risk of prejudice to Defendant, and the availability of less drastic alternatives – give Plaintiffs' counsel no support. Plaintiffs' counsel totally ignore the massive waste this case has caused Defendant (and the additional waste an appeal would cause), and ignore the fact that the Court has three times attempted less drastic alternatives, *i.e.*, dismissal with leave to amend. What is, perhaps, most inexcusable of all is Plaintiffs' counsels' contention that Defendant's "unnecessary motion has 'consumed large amounts of the court's valuable time that it could have devoted to other major and serious criminal and civil cases on its docket.'" (Pls.' 41(b) Opp. at 13). Defendant did not file three defective complaints, three futile and repetitive oppositions to motions to dismiss, irrelevant supplemental submissions, a motion for reconsideration, and a false promise designed keep its case alive. Plaintiffs' counsel did. That said, as Defendant's co-pending motion for Sec. 1927 sanctions makes clear, it is **Plaintiffs' counsel** who have cost Defendant over **three hundred thousand dollars ($300,000)** to-date. To suggest that Plaintiffs' counsel care **one iota** about any party's time or money, other than their own, is beyond hypocritical, and downright offensive.

The precedent cannot be more clearly on point. Plaintiffs' counsels' consistent disregard for the Court's multiple Orders and proper procedure warrants, in fact mandates, involuntary dismissal under Rule 41(b).

### C. Plaintiffs' Counsels' Contention that Defendant's Motions are Untimely is Absurd

Plaintiffs' counsels' claim that Defendant's motions (both this motion and its motion under 28 U.S.C. § 1927) are untimely under local rules is simply absurd. For starters, Defendant moved for sanctions precisely when this Court ordered it to. *See* July 10, 2009 Minute Order (Docket No. 85). Plaintiffs' counsel agreed to that schedule on the teleconference of the same day, and raised no objection to timeliness.

REPLY RE: DEF.'S RULE 41(B) MOTION TO DISMISS                                     NO. 3:08-CV-3518 MMC
13

Accordingly, any such argument is waived.

Regardless, Plaintiffs' counsel ignore the facts. Faced with the admittedly frivolous SAC, which was the pleading that sealed any doubt in Defendant's mind that it would be forced to file for sanctions to end the infinite regress this case had become, Defendant first turned to its foremost duty – responding to that pleading in a timely fashion so as not to be in default. Immediately thereafter, Defendant began preparing a Rule 11 motion under Fed.R.Civ.P. 11(c)(2) based on the SAC and Plaintiffs' Third MTD Opp., and served it as soon as practicable in compliance with local rule.[5] The local rule Plaintiffs' counsel cite requires nothing more, and certainly does not state that improper conduct occurring earlier in the case cannot be cited in a sanctions motion. This is especially true where the sanction sought – Rule 41(b) dismissal – necessarily depends upon the totality of conduct by the Plaintiff occurring throughout the case.

The two cases of this Court that Plaintiffs' counsel cite had nothing to do with the timeliness of a sanctions motion. On the contrary, in both cases, this Court denied sanctions requests that were buried in briefs, not made as independent motions as the rule requires. *See Star Navigation Systems Group Ltd. v. Aeromechanical Services Ltd.*, No. C-07-4820 MMC, 2008 WL 962150, at *1 (N.D. Cal. Apr. 8, 2008); *Pimentel v. Orloff*, No. C-08-0249 MMC, 2008 WL 4963049, at *2 (N.D. Cal. Nov. 19, 2008). Defendant, by contrast, made the separate motions the Court ordered, and did so within the time the Court gave, and therefore has fully complied with local rule.

### D. The Court Has the Discretion to Issue a Dismissal Order *Nunc Pro Tunc*

It is ironic that while Plaintiffs' counsel ask the Court to enter judgment on a dismissal order that is now nine months old, they contend that the Court has no

---

[5] Plaintiffs' counsel make much ado of the fact that Defendant waited until Plaintiffs' counsel had served the Third MTD Opp. before serving the Rule 11 Motion. In fact, Defendant intentionally waited for Plaintiffs' counsels' opposition brief, hoping Plaintiffs' counsel would admit their error and not oppose Defendant's motion. Defendant served the Rule 11 Motion within **hours** of receiving Plaintiffs' counsels' Opposition Brief, after including that document in the pleadings accused of violating Rule 11.

REPLY RE: DEF.'S RULE 41(B) MOTION TO DISMISS
14
NO. 3:08-CV-3518 MMC

authority to make that judgment retroactively effective. Plaintiffs' counsel protest that Defendant is trying to cheat them out of their appellate rights, but they ignore that it was ***their own actions*** that have put us where we are today.

Defendant has cited legal authority that supports the Court's discretion to hold Plaintiffs' counsel to their actions. *Ruby v. Sec'y of United States Navy*, 365 F.2d 385, 388 (9th Cir. 1966), never overruled, clearly contemplates that dismissals can be considered final under exceptional circumstances, and these clearly are exceptional circumstances. Plaintiffs' counsel cite no authority whatsoever that would preclude entry of final judgment *nunc pro tunc* where leave to amend was improvidently granted due to a plaintiff's misrepresentation. The cases Plaintiffs' counsel do cite address procedural curiosities, not gross misconduct or misrepresentation. The record should reflect the result that should have occurred but for Plaintiffs' counsels' misrepresentation of their intentions to the Court. The Reconsideration Order should be considered final, pursuant to *Ruby*, and Plaintiffs' counsel should justly be held to have forfeited their appellate rights by spurning their opportunity to appeal when Ninth Circuit precedent says they should have.

## **CONCLUSION**

For the foregoing reasons, and those stated in Defendant's Opening Brief, the Court should strike Plaintiffs' Notice, and involuntarily dismiss the case pursuant to Fed.R.Civ.P. 41(b) for blatant violations of its numerous past Orders and the rules of procedure. In addition, as also set forth in Defendant's opening brief and authorities cited therein, the Dismissal and Final Judgment thereon should be entered *nunc pro tunc* from the Court's previously imposed deadline of May 29, 2009 for Plaintiffs to file a valid second amended complaint.

**DATED:**     September 11, 2009            Respectfully submitted,


                                       s/ Ronald Jason Palmieri
                                       One of the Attorneys for Defendant

LAW OFFICES OF RONALD JASON PALMIERI, P.C.
Ronald Jason Palmieri (CA Bar No. 96953)

1 1644 North Orange Grove Avenue
Los Angeles, CA 90046
2 TELEPHONE: (323) 882-8225
FACSIMILE: (323) 882-8208
3 lawofcsrjp@aol.com

4 WILDMAN, HARROLD, ALLEN & DIXON LLP
Carole E. Handler (CA Bar No. 129381)
5 9665 Wilshire Boulevard, Suite 200
Beverly Hills, CA 90212
6 TELEPHONE: (310) 860-8705
FACSIMILE: (310) 860-3805
7 handler@wildman.com

8 WILDMAN, HARROLD, ALLEN & DIXON LLP
Peter N. Moore (admitted *pro hac vice*)
9 225 West Wacker Drive, Suite 2800
Chicago, IL 60606-1229
10 TELEPHONE: (312) 201-2000
FACSIMILE: (312) 201-2555
11 pmoore@wildman.com

12 Attorneys for Defendant
REUNION.COM, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28