IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

VIOLETTA HOANG, et al.,

    Plaintiffs,

v.

REUNION.COM, INC.,

    Defendant

No. C-08-3518 MMC

**ORDER DENYING IN PART AND DEFERRING IN PART RULING ON DEFENDANT'S MOTION TO STRIKE AND FOR INVOLUNTARY DISMISSAL; DEFERRING RULING ON MOTION FOR SANCTIONS; AFFORDING PARTIES OPPORTUNITY TO SUBMIT SUPPLEMENTAL BRIEFING**

    Before the Court is plaintiffs Violetta Hoang, Livia Hsiao, Michael Blacksburg, and Matthew Hall's "Notice of Withdrawal of Second Amended Complaint and of Plaintiffs' Decision to Stand on the First Amended Complaint Without Further Amendment," filed July 1, 2009 ("Notice of Withdrawal"), and defendant Reunion.com, Inc.'s objection thereto. Also before the Court are two motions: (1) defendants' "Motion to Strike Plaintiff's Notice and for Involuntary Dismissal," filed July 31, 2009; and (2) defendant's "Motion for Sanctions Pursuant to 28 U.S.C. § 1927," filed July 31, 2009. Plaintiffs have filed opposition to each motion, to which defendant has separately replied. Having read and considered the parties' respective filings, the Court rules as follows.

//

//

**A.  Withdrawal of Second Amended Complaint**

By order filed December 23, 2008, the Court dismissed plaintiffs' First Amended Complaint ("FAC"), and afforded plaintiffs' leave to file a Second Amended Complaint ("SAC"), no later than January 16, 2009.  By order filed May 14, 2009, the deadline for plaintiffs to file a SAC was extended to May 29, 2009.  Thereafter, on May 29, 2009, plaintiffs filed the SAC.  Subsequently, on June 26, 2009, defendant served on plaintiffs a motion for sanctions, pursuant to Rule 11(c)(2) of the Federal Rules of Civil Procedure, in which motion defendant argued the SAC was filed in violation of Rule 11.  (See Heyman Decl., filed August 21, 2009, ¶ 8, Ex. 1 at 10:18 - 11:18.)  In response thereto, plaintiffs, on July 1, 2009, filed the Notice of Withdrawal, in which plaintiffs state they are withdrawing the SAC and will stand on the FAC without further amendment.

The Federal Rules provide that a party served with a Rule 11 motion for sanctions has the opportunity to withdraw the "challenged paper" within 21 days of the service of the motion.  See Fed. R. Civ. P. 11(c)(2); see, e.g., Barber v. Miller, 146 F.3d 707, 710 (9th Cir. 1998) (holding party upon whom Rule 11 motion is served not subject to sanctions thereunder if party "timely withdraw[s]").  Here, because plaintiffs' Notice of Withdrawal was filed within 21 days of the service of the Rule 11 motion, the withdrawal of the SAC was proper.

Defendant asserts, both in its objection to the Notice of Withdrawal and in its motion to strike, that the Court nonetheless should strike the Notice of Withdrawal.  Defendants do not argue that plaintiffs' withdrawal of the SAC was untimely or otherwise in violation of Rule 11(c)(2).  Rather, defendant's argument is based on defendant's disagreement with plaintiffs' proposal regarding the procedural posture of the case after the Court deems the SAC withdrawn. Specifically, plaintiffs propose the Court should enter judgment on the order dismissing the FAC, while defendants argue the Court should involuntarily dismiss the action pursuant to Rule 41(b) and, further, should enter such involuntary dismissal nunc pro tunc as of the deadline to amend, May 29, 2009.  Irrespective of how, and as of what date, the Court resolves the instant action, however, plaintiffs nonetheless have the

right to withdraw the SAC. See Fed. R. Civ. P. 11(c)(2).

Accordingly, the Court deems the SAC withdrawn, and will deny defendant's motion to strike to the extent defendant requests therein an order striking the Notice of Withdrawal.[1]

**B. Whether Action Should Be Dismissed**

As noted above, the parties dispute how, and as of what date, the Court should dismiss plaintiffs' claims and enter judgment thereon. Before the Court considers such dispute, however, the Court finds it appropriate to afford the parties an opportunity to brief the issue of whether the Court, in light of recent Ninth Circuit authority decided after the Court dismissed the FAC, should reconsider its decision to dismiss the FAC.

In the FAC, plaintiffs allege claims under § 17529.5(a) of the California Business & Professions Code.[2] In its December 23, 2008 order, the Court found plaintiffs had

---

[1] The Notice of Withdrawal also purports to withdraw plaintiffs' Supplemental Brief filed March 27, 2009, in which plaintiffs stated they were "prepared to allege [in a Second Amended Complaint] that they suffered the injuries that the California Legislature sought to prevent as a result of the Defendant's violation of Section 17529.5." (See Pls.' Supp. Brief, filed March 27, 2009, at 2:4-5.) Plaintiffs cite no rule or authority, however, entitling plaintiffs to withdraw a filing after the relief requested therein has been granted. Consequently, the Court does not deem the Supplemental Brief withdrawn.

[2] Section 17529.5(a) provides as follows:

(a) It is unlawful for any person or entity to advertise in a commercial e-mail advertisement either sent from California or sent to a California electronic mail address under any of the following circumstances:

   (1) The e-mail advertisement contains or is accompanied by a third-party's domain name without the permission of the third party.

   (2) The e-mail advertisement contains or is accompanied by falsified, misrepresented, or forged header information. This paragraph does not apply to truthful information used by a third party who has been lawfully authorized by the advertiser to use that information.

   (3) The e-mail advertisement has a subject line that a person knows would be likely to mislead a recipient, acting reasonably under the circumstances, about a material fact regarding the contents or subject matter of the message.

See Cal. Bus. & Prof. Code § 17529.5(a).

adequately alleged that the e-mails they received from defendant contained false statements, that defendant knew the statements would convey false representations to the recipients, that the statements were material, and that defendant intended the recipients to rely on the statements. The Court dismissed the FAC for two reasons, however. First, the Court found plaintiffs' § 17529.5(a) claims were preempted by the Controlling the Assault of Non-Solicited Pornography and Marketing Act ("CAN-SPAM"), specifically, by 15 U.S.C. § 7707(b)(1),[3] because plaintiffs did not allege they had relied on the allegedly false statements in the subject e-mails. Second, the Court found plaintiffs had failed to adequately allege standing, because plaintiffs did not allege they were injured by the e-mails.

In Gordon v. Virtumundo, Inc., 575 F.3d 1040 (9th Cir. 2009), the Ninth Circuit considered whether the plaintiff therein had standing to allege claims under a Washington state statute substantially similar to § 17529.5(a),[4] and whether the plaintiff's claims under such statute were preempted by CAN-SPAM, i.e., the issues addressed in this Court's December 23, 2008 order.

---

[3] Under § 7707(b)(1), "[CAN-SPAM] supersedes any statute, regulation, or rule of a State or political subdivision of a State that expressly regulates the use of electronic mail to send commercial messages, except to the extent that any such statute, regulation, or rule prohibits falsity or deception in any portion of a commercial electronic mail message or information attached thereto." See 15 U.S.C. § 7707(b)(1).

[4] Section 19.190.020 of the Washington Revised Code, the statute at issue in Gordon, provides as follows:

> (1) No person may initiate the transmission, conspire with another to initiate the transmission, or assist the transmission, of a commercial electronic mail message from a computer located in Washington or to an electronic mail address that the sender knows, or has reason to know, is held by a Washington resident that:
>
> (a) Uses a third party's internet domain name without permission of the third party, or otherwise misrepresents or obscures any information in identifying the point of origin or the transmission path of a commercial electronic mail message; or
>
> (b) Contains false or misleading information in the subject line.

See id. 1057 (quoting Wash. Rev. Code § 19.190.020(1).)

With respect to the issue of standing, the Ninth Circuit, after noting the defendant therein had not contested the plaintiff's standing to pursue his claims under the state statute, observed that the state statute allowed a "recipient of a commercial e-mail message" to bring a private action under the state statute. See id. at 1058. Because the Ninth Circuit proceeded to address the merits of the plaintiff's state law claims, see id. at 1058-64, and because a court lacks subject matter jurisdiction over a claim if the plaintiff lacks standing, irrespective of whether the issue is raised by the defendant, see United States v. Hays, 515 U.S. 737, 742 (1995), it could be argued that the Ninth Circuit found the plaintiff therein did have standing to pursue his state law claims, despite his not having "suffered any real harm," see id. at 1055, not having been "adversely affected" by the alleged federal violations, see id. at 1057, and having "admit[ted] he was not in any way misled or deceived" by the subject emails, see id. at 1063. In other words, the Ninth Circuit, in Gordon, arguably found that although a plaintiff has not relied to his detriment on an allegedly false statement, such plaintiff has standing to bring a claim based on his receipt of an e-mail containing such statement.

Next, in turning to the issue of preemption, the Ninth Circuit, in Gordon, found that Congress, by excepting from preemption state statutes prohibiting "falsity or deception" in commercial e-mails, was referring to state statutes prohibiting "traditionally tortious or wrongful conduct." See id. at 1062 (internal quotation and citation omitted). Specifically, the Ninth Circuit held, "the CAN-SPAM Act established a national standard, but left the individual states free to extend traditional tort theories such as claims arising from fraud or deception to commercial e-mail communications." See id. at 1063. The Ninth Circuit then considered the plaintiff's claims, which were based on the theory the e-mails he received did not "clearly identify" the defendant as the sender. See id. at 1063. The Ninth Circuit, characterizing the plaintiff's claim as one for, "at best, incomplete or less than comprehensive information regarding the sender," see id. at 1064 (internal quotations and citation omitted), found the plaintiff's claim preempted because the plaintiff's allegations had "no basis in traditional tort theories." See id. 1064. Although such finding could be

interpreted as a determination that a plaintiff alleging a claim under a state statute similar to that at issue in Gordon must, in order to avoid preemption, allege all elements of a "traditional tort" claim including detrimental reliance, the Ninth Circuit, as discussed above, also noted the plaintiff in Gordon "was not in any way misled or deceived" by the emails he received, see id. at 1063, and did not state, at least expressly, the lack of such showing had a bearing on the issue of preemption.

In their respective briefing in connection with the Notice of Withdrawal and defendant's pending motions, the parties have not addressed in any meaningful manner the effect, if any, of the analysis set forth in Gordon on this Court's findings regarding standing and preemption.[5] Accordingly, the Court will afford the parties the opportunity to address whether, in light of the Ninth Circuit's holding in Gordon, the Court should reconsider its prior order dismissing the FAC.[6]

## CONCLUSION

For the reasons stated above,

1. The Court deems the SAC withdrawn;

2. Defendant's motion to strike and for involuntary dismissal is hereby DENIED to the extent defendant requests therein an order striking the Notice of Withdrawal.

3. Any party wishing to file a supplemental brief, limited to the issue of whether, in light of the Ninth Circuit's opinion in Gordon, the Court should reconsider its prior order dismissing the FAC, shall file it no later than December 3, 2009, and any party wishing to file a responsive brief shall file it no later than December 17, 2009.

//

//

---

[5]The Notice of Withdrawal, the objection thereto, and defendant's pending motions were filed prior to the issuance of Gordon. Although plaintiffs' oppositions to defendant's motions were filed after Gordon was decided, plaintiffs did not address or refer to Gordon in those filings. Defendant, in replying to plaintiffs' oppositions, did refer to Gordon by stating, with minimal elaboration, that the decision precludes the claims alleged herein.

[6]The Court also will defer ruling on defendant's motion for sanctions.

4. The Court DEFERS ruling on defendant's motion to strike and for involuntary dismissal to the extent defendant requests therein an order involuntarily dismissing the instant action, and DEFERS ruling on defendant's motion for sanctions.

**IT IS SO ORDERED.**

Dated: October 20, 2009

_____
MAXINE M. CHESNEY
United States District Judge