IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

VIOLETTA HOANG, et al.,

    Plaintiffs,

  v.

REUNION.COM, INC.,

    Defendant

                                         /

No. C-08-3518 MMC

**ORDER AFFORDING PARTIES OPPORTUNITY TO ADDRESS WHETHER ACTION SHOULD BE STAYED; EXTENDING DEADLINE TO FILE RESPONSIVE BRIEFS**

      By order filed October 20, 2009, the Court afforded each party the opportunity to file, no later than December 4, 2009, a supplemental brief limited to the issue of whether, in light of the Ninth Circuit's opinion in Gordon v. Virtumundo, Inc., 575 F.3d 1040 (9th Cir. 2009), the Court should reconsider its order dismissing the First Amended Complaint. Each party subsequently filed a timely supplemental brief. The Court's October 20, 2009 order also afforded each party the opportunity to file, no later than December 17, 2009, a responsive brief.

      Following the submission of the parties' respective supplemental briefs, it has come to the Court's attention that the primary issue discussed therein is the focus of a fully-briefed appeal presenting awaiting determination by the Ninth Circuit, specifically, Hypertouch, Inc. v. Azoogle.com, Inc., Case No. 09-15943. Under such circumstances, it

may be appropriate to stay the instant action until the Ninth Circuit has issued its decision in Hypertouch.  See, e.g., Landis v. North American Co., 299 U.S. 248, 254, 258 (1936) (holding district court has power to stay proceedings in light of pendency of another action; observing district court should consider if "decision [in other action] may be expected within a reasonable time"); Ortega v. J.B. Hunt Transport, Inc., 258 F.R.D. 361, 368, 371 (C.D. Cal. 2009) (staying employees' state law claims that employer failed to "provide" meal and rest breaks, pending decision by California Supreme Court in two appeals in which meaning of word "provide" is expected to be addressed).

As noted, the parties have been afforded the opportunity to file responsive briefs.  In addition to responding to any argument made in the supplemental briefs, the parties are hereby afforded leave to address therein the issue of whether the instant action should be stayed until the Ninth Circuit has issued its decision in Hypertouch.  Further, in light of such additional issue, the deadline to file a responsive brief is hereby extended to January 8, 2010.

**IT IS SO ORDERED.**

Dated:  December 11, 2009

MAXINE M. CHESNEY
United States District Judge

2