**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIOLETTA HOANG, et al., | No. C-08-3518 MMC |
|     Plaintiffs,<br>v.<br>REUNION.COM, INC.,<br>    Defendant<br>_____/ | **ORDER DENYING DEFERRED PORTION OF DEFENDANT'S MOTION TO STRIKE AND FOR INVOLUNTARY DISMISSAL; DENYING DEFENDANTS' MOTION FOR SANCTIONS** |

By order filed October 20, 2009, the Court denied in part defendant Reunion.com, Inc.s' "Motion to Strike Plaintiffs' Notice and for Involuntary Dismissal," specifically, the request to strike plaintiffs' "Notice of Withdrawal of Second Amended Complaint and of Plaintiffs' Decision to Stand on the First Amended Complaint Without Further Amendment," and deferred ruling on defendant's request for involuntary dismissal. By said order, the Court also deferred ruling on defendant's "Motion for Sanctions Pursuant to 28 U.S.C. § 1927." In both instances, the Court deferred ruling until it determined whether sufficient grounds existed to justify reconsideration of the Court's December 23, 2008 order dismissing the First Amended Complaint ("FAC") with leave to amend.

By separate order filed concurrently herewith, the Court has reconsidered and vacated in part its December 23, 2008 order, and, in so doing, has denied defendant's motion to dismiss the FAC. Accordingly, the Court now rules on the deferred motions.

Defendant seeks involuntary dismissal on the asserted ground that plaintiffs violated the Court's December 23, 2008 order by (1) seeking reconsideration of the dismissal, (2) filing a Second Amended Complaint ("SAC") that, according to defendant, remained deficient, and (3) withdrawing their SAC, leaving the FAC as the operative pleading. As discussed in the Court's order filed concurrently herewith, the Court has reconsidered its order dismissing the FAC, and has denied the motion to dismiss the FAC. Under such circumstances, involuntary dismissal is not warranted.

Accordingly, defendant's motion for involuntary dismissal is hereby DENIED.

Defendant's motion for sanctions is based on the argument that plaintiffs, in violation of 28 U.S.C. § 1927, have "vexatiously and unnecessarily multipl[ied]" the proceedings (see Def.'s Mot. for Sanctions, filed July 31, 2010, at 1:17), by "repeatedly spurn[ing] their opportunities to cure the defects the Court has identified [in its December 23, 2008 order]" (see id. at 5:17-18). "Sanctions pursuant to section 1927 must be supported by a finding of subjective bad faith." New Alaska Development Corp. v. Guetschow, 869 F.2d 1298, 1306 (9th Cir. 1989). Prior to the Ninth Circuit's issuance of Gordon v. Virtumundo, Inc., 575 F.3d 1040 (9th Cir. 2009), there existed no binding authority on the issue of whether, and, if so, to what extent, § 7707(b)(1) preempted state statutes prohibiting false statements in commercial e-mails. Moreover, no circuit court, to date, has addressed the primary issue presented herein, specifically, whether a state statute prohibiting the making of a materially false statement in a commercial e-mail, but not requiring a showing of actual reliance on such statement, is preempted. Under such circumstances, defendant has failed to show plaintiffs have acted in bad faith.

Accordingly, defendant's motion for sanctions is hereby DENIED.

**IT IS SO ORDERED.**

Dated: March 31, 2010

MAXINE M. CHESNEY
United States District Judge

2