LAW OFFICES OF RONALD JASON PALMIERI, P.C.
Ronald Jason Palmieri (CA Bar No. 96953)
1644 North Orange Grove Avenue
Los Angeles, CA 90046
TELEPHONE: (323) 882-8225
FACSIMILE:  (323) 882-8208
lawofcsrjp@aol.com

WILDMAN, HARROLD, ALLEN & DIXON LLP
Carole E. Handler (CA Bar No. 129381)
9665 Wilshire Boulevard, Suite 200
Beverly Hills, CA 90212
TELEPHONE: (310) 860-8705
FACSIMILE:  (310) 860-3805
handler@wildman.com

WILDMAN, HARROLD, ALLEN & DIXON LLP
Peter N. Moore (admitted *pro hac vice*)
225 West Wacker Drive, Suite 2800
Chicago, IL 60606-1229
TELEPHONE: (312) 201-2000
FACSIMILE:  (312) 201-2555
pmoore@wildman.com

Attorneys for Defendant
REUNION.COM, INC.

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VIOLETTA HOANG, LIVIA HSIAO, and MICHAEL BLACKSBURG, and MATTHEW HALL, individually and on behalf of a class of similarly situated persons,<br><br>　　Plaintiffs,<br><br>　v.<br><br>REUNION.COM, INC., a California corporation,<br><br>　　Defendant. | No. 3:08-cv-3518 MMC<br><br>**DEFENDANT'S *EX PARTE* APPLICATION TO STAY DISCOVERY PENDING APPEAL**<br><br>**Date:**　April 15, 2010<br>**Judge:**　Hon. Maxine Chesney<br>　　　　　Courtroom 7 (19th Floor) |

# EX PARTE APPLICATION

**TO ALL PARTIES AND ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Reunion.com ("Reunion.com" or "Defendant"), by and through its counsel of record, will, and hereby does, apply *ex parte* for an order continuing the Case Management Conference and staying discovery in this matter pending appeal of the Court's March 31, 2010 Order (Docket No. 107) (the "March 31, 2010 Order").

Defendant applies *ex parte* for an order staying responsive pleadings and discovery in this matter on the following grounds:

- Good cause exists for *ex parte* relief because Defendant intends to file a motion to certify the March 31, 2010 Order for appeal pursuant to 28 U.S.C. § 1292(b). This motion will seek to certify for appeal the core legal issue in this case, a ruling on which will effect Plaintiffs very ability to proceed with this case. In the absence of the relief requested by Defendant, the parties could begin discovery as early as May 7, well before any hearing could be held on a regular noticed motion seeking the same relief. *See* Local Rule 7.2(a) (hearing must be noticed for no less than 35 days after service of motion). Forcing the parties to proceed with discovery, despite the anticipated certification of the core legal issue on appeal, would force Defendant to expend valuable time and resources on discovery when – depending on the results of the appeal – the entire case be disposed of in its entirely.

- Defendant is without fault in creating the instant situation necessitating *ex parte* relief because the Court only recently reversed its prior ruling and set a Case Management Conference for May 28, 2010, which started the clock ticking on the parties' discovery obligations.

- The Court has broad discretion in managing cases, including the discretion to stay discovery and other deadlines pending determination of issues on appeal. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) (affirming district court's decision to stay discovery pending resolution of issue of governmental immunity). *See also* Fed. Rule Civ. Proc. 16(b), 26(b)(2), (c); 28 U.S.C. § 1292(b) (recognizing Court's power to stay action while issue on appeal).

- The Court should exercise its discretion to stay discovery here because Defendant intends to file a motion to certify the March 31, 2010 Order for appeal pursuant to 28 U.S.C. § 1292(b).  Because of the inherent "difference of opinion" between the federal and state courts as to the controlling legal issue in this case, and the lack of any controlling precedent in any circuit directly on point, this issue is ripe for certification and acceptance by the Court of Appeals.  Proceeding with discovery at this stage would not serve judicial economy because it would force the unnecessary expenditure of time and resources by the parties and the Court, while the Court of Appeals' determination of the issue to be raised may fully and finally end this case.

- The parties will not be prejudiced by a stay of discovery at this stage because whatever small delay is necessary for Defendant to seek certification by this Court and acceptance of the appeal by the Ninth Circuit will be minimal.  Also, should the Ninth Circuit accept review and rule in Defendant's favor, any resources and expenditures spent on discovery during the pendency of the certification motion and requested appeal would likely be rendered moot.

This Application is based on this *Ex Parte* Application, the accompanying Memorandum of Points and Authorities, the Declaration of Ronald Jason Palmieri, the

pleadings and all other documents in the Court's files and such other matters as may properly come to the attention of the Court or of which the Court may take judicial notice.

Notice of Defendant's intent to file the instant *Ex Parte* Application and the basis for the Application were provided to counsel for Plaintiffs. Counsel for Plaintiffs stated they oppose the instant Application and plan to initiate discovery next week. *See* Declaration of Ronald Jason Palmieri ("Palmieri Dec."), at ¶¶ 3-6.

DATED: April 15, 2010           Respectfully submitted,

                                s/ Ronald Jason Palmieri
                                One of the Attorneys for Defendant

LAW OFFICES OF RONALD JASON PALMIERI, P.C.
Ronald Jason Palmieri (CA Bar No. 96953)
1644 North Orange Grove Avenue
Los Angeles, CA 90046
TELEPHONE: (323) 882-8225
FACSIMILE: (323) 882-8208
lawofcsrjp@aol.com

WILDMAN, HARROLD, ALLEN & DIXON LLP
Carole E. Handler (CA Bar No. 129381)
9665 Wilshire Boulevard, Suite 200
Beverly Hills, CA 90212
TELEPHONE: (310) 860-8705
FACSIMILE: (310) 860-3805
handler@wildman.com

WILDMAN, HARROLD, ALLEN & DIXON LLP
Peter N. Moore (admitted *pro hac vice*)
225 West Wacker Drive, Suite 2800
Chicago, IL 60606-1229
TELEPHONE: (312) 201-2000
FACSIMILE: (312) 201-2555
pmoore@wildman.com

Attorneys for Defendant
REUNION.COM, INC.

## MEMORANDUM OF POINTS AND AUTHORITIES
## ISSUE TO BE DECIDED

Though this case has been pending for over twenty months, it remains in a state of procedural infancy. The parties have spent a considerable amount of time briefing and addressing what they both concede to be a controlling issue of law – namely whether reliance and resulting harm are required elements for a state law claim founded upon the alleged receipt of e-mail to avoid preemption by the CAN SPAM Act (15 U.S.C. § 7707). In its December 23, 2008 Order, the Court dismissed with leave to amend Plaintiffs' First Amended Complaint ("FAC"), finding Plaintiffs had indeed failed to allege standing and failed to allege a claim that was not preempted. That Order would have ended the case. However, the Court has since entered an Order as of March 31, 2010, vacating its December 23, 2008 Order and setting a Case Management Conference for May 28, 2010. The prompt resolution of the controlling legal issue, therefore, takes on even greater importance. To continue proceedings in this Court without its resolution will increase the already considerable burden on Defendant and could waste the valuable resources of both parties and the Court.

As indicated in Defendant's Response to Plaintiffs' Supplemental Brief Regarding the *Virtumundo* Decision (Docket No. 105), Defendant intends to move this Court for an order certifying the issues raised in its March 31, 2010 Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). If Defendant's motion is granted and the Ninth Circuit accepts review, the controlling legal issue in this case – already the subject of repeated motion practice before this Court – would be on appeal. Should Defendant prevail on appeal, the decision would likely be dispositive of this case. Should Defendant lose, the parties would find themselves in the same position they are now and the case would proceed to discovery with the confidence that many of the key legal issues will have already been resolved.

Proceeding with the scheduled Case Management Conference and discovery at this stage is an inefficient and wasteful use of the Court's and the parties' resources.

1  Accordingly, Defendant seeks through the instant *ex parte* application a continuance
2  of the Case Management Conference and an order staying discovery until either:
3      (1) the Ninth Circuit issues a decision finally determining the issues addressed
4          in the Court's March 31, 2010 Order;
5      (2) Defendant's request for certification is denied by this Court; or
6      (3) the Ninth Circuit declines to hear an interlocutory appeal of the certified
7          Order.

A decision in this regard to preserve the status quo while the parties determine the fundamental standing of Plaintiffs to bring this action is clearly within the Court's discretion and would serve the interests of judicial economy and fairness.

## STATEMENT OF FACTS

This action has been pending for over twenty months, but remains at the pleading stage. As the Court is well aware, following Plaintiff's filing of a First Amended Complaint ("FAC"), the parties engaged in multiple rounds of briefing over the issue whether Plaintiff's FAC should be dismissed. Notably for purposes of this Application, Defendant has not answered the FAC, and neither party has yet conducted any discovery, nor discussed the areas of discovery anticipated.

On March 31, 2010, the Court set a Case Management Conference for May 28, 2010 and ordered the parties to submit a Joint Case Management Statement by May 21, 2010. While the parties participated in a requested telephonic Case Management Conference subsequent to Plaintiffs withdrawing the Second Amended Complaint, they have yet to conduct a Rule 26(f) Conference and thus cannot proceed with discovery. *See* Fed. Rule Civ. Proc. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)…."). Under the current schedule, the parties must confer by May 7, 2010 (*see* Fed. Rule of Civ. Proc. 26(f)(1)), which represents the earliest date the parties could effectively force discovery on one another, absent prior agreement.

# ARGUMENT

## I. *Ex Parte* Relief Is Appropriate In This Case

Good cause exists for *ex parte* relief because Defendant intends to file a motion to certify the March 31, 2010 Order for appeal pursuant to 28 U.S.C. § 1292(b). This motion will seek to certify for appeal the core legal issue in this case, a ruling on which will effect Plaintiffs very ability to proceed with this case. In the absence of the relief requested by Defendant, the parties would be required to confer pursuant to Fed.R.Civ.P. 26(f) on or before May 7, and thereafter be forced to begin discovery, well before any hearing could be held on a regular noticed motion seeking the same relief. *See* Local Rule 7.2(a) (hearing must be noticed for no less than 35 days after service of motion). Forcing the parties to proceed with discovery, despite the soon to be requested certification of the core legal issue on appeal, would force Defendant to expend valuable time and resources on discovery when – depending on the results of the appeal – the case could be disposed of in its entirety. Moreover, Plaintiffs' counsel have indicated they intend to initiate discovery as early as next week, despite the fact that no Rule 26(f) conference has even occurred. (*See* Palmieri Dec. ¶¶ 5-6). Defendant is therefore without fault in creating the instant situation necessitating *ex parte* relief because the Court only recently reversed its prior ruling and set a Case Management Conference for May 28, 2010, which started the clock ticking on the parties' discovery obligations.

## II. A Stay of Discovery Is Warranted Pursuant to the Court's Discretionary Powers

District courts have broad discretion in controlling discovery and other aspects of cases, including the ability to stay discovery pending resolution of other issues. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) (affirming district court's decision to stay discovery pending resolution of issue of governmental immunity). *See also* Fed. Rule Civ. Proc. 16(b), 26(b)(2), (c). District courts also may stay an entire action pending the Court of Appeal's determination of an application for

interlocutory review following certification of an underlying order for such review. *See* 28 U.S.C. § 1292(b).

Here, a stay is warranted because Defendant intends to file a motion to certify the March 31, 2010 Order for appeal pursuant to Federal Rule of Civil Procedure 1292(b) and apply to the Ninth Circuit for review. Allowing the commencement of discovery before that issue is resolved will waste the parties' resources as well as the Court's. Defendant previously sought certification in its Response to Plaintiffs' Supplemental Brief Regarding the *Virtumundo* Decision (Docket No. 105) ("Defendant's Response") – a request that the Court rejected at the time without prejudice because Plaintiff was not afforded the opportunity to address or oppose the request. As set forth in Defendant's Response, there remains a "difference of opinion" between Plaintiffs' own attorneys and between the state and federal courts as to the controlling legal issue in this case – whether reliance and resulting harm are required elements for a claim to avoid preemption by the CAN SPAM Act (15 U.S.C. § 7707).[1] The Court has also recognized "[t]he necessity of a showing of reliance and resulting injury is not, however, a settled issue…." *See* March 31, 2010 Order, at p. 3, fn. 2. Thus, this issue is ripe for certification and acceptance by the Ninth Circuit for review. Proceeding with this case <u>now</u> in light of this would unnecessarily force the parties and the Court to expend time and resources when the matter may be fully and finally resolved by the issues addressed in Defendant's appeal.

This situation is markedly different than the one presented by the Court's query as to whether the action should be stayed pending resolution of the issues in *Hypertouch v. Azoogle*, No. 09-15943 (9th Cir. 2009). In that instance, both parties opposed a stay of the action pending determination of the issues in *Hypertouch* because the issues raised by that opinion were distinct from those raised in the instant

---

[1] Plaintiffs too recognize this difference of opinion. *See* Plaintiffs' Opposition to Defendant's Motion to Dismiss Second Amended Complaint (Docket No. 77), at 2:16-23 (recognizing a "'split' of legal interpretations among the judges.")

action and were not likely to resolve the issues in the instant action.  Here, the parties face a much different situation – where an issue key to maintenance of Plaintiffs' action will be raised on appeal, the determination of which could affect the viability of the case as a whole.  Thus, in this instance it would serve judicial economy and fairness to stay discovery pending a determination whether the appeal will proceed in the first instance, and then beyond should the appeal be accepted.

The parties will not be prejudiced by the requested stay.  First, neither party can even commence discovery yet because the parties have not conducted a Rule 26(f) Conference.  *See* Fed. Rule Civ. Proc. 26(d)(1).  Also, while neither party advocates unnecessary delay in the instant action – as borne out by the parties' respective arguments against a stay when presented by the Court's request regarding the *Hypertouch* case – here delay is necessary and prudent.  Should the issue not be certified or the appeal rejected, the delay will be minimal.  Should the appeal be granted, any resources or expenditures spent on further pleading and discovery conducted while the issue remains on appeal could be rendered moot if the Court of Appeal rules in Defendant's favor.

## **CONCLUSION**

In conclusion, for the reasons set forth above, Defendant requests the Court continue the Case Management Conference and stay discovery in the instant action until, either:

(1) the Ninth Circuit issues a decision finally determining the issues addressed in the Court's March 31, 2010 Order;

(2) Defendant's request for certification is denied by the Court; or

(3) the Ninth Circuit refuses to permit appeal of the certified Order.

**DATED:**     April 15, 2010                    Respectfully submitted,

s/ Ronald Jason Palmieri
One of the Attorneys for Defendant

1  
2  LAW OFFICES OF RONALD JASON PALMIERI, P.C.
Ronald Jason Palmieri (CA Bar No. 96953)
3  1644 North Orange Grove Avenue
Los Angeles, CA 90046
4  TELEPHONE: (323) 882-8225
FACSIMILE:  (323) 882-8208
5  lawofcsrjp@aol.com

6  WILDMAN, HARROLD, ALLEN & DIXON LLP
Carole E. Handler (CA Bar No. 129381)
7  9665 Wilshire Boulevard, Suite 200
Beverly Hills, CA 90212
8  TELEPHONE: (310) 860-8705
FACSIMILE:  (310) 860-3805
9  handler@wildman.com

10  WILDMAN, HARROLD, ALLEN & DIXON LLP
Peter N. Moore (admitted *pro hac vice*)
11  225 West Wacker Drive, Suite 2800
Chicago, IL 60606-1229
12  TELEPHONE: (312) 201-2000
FACSIMILE:  (312) 201-2555
13  pmoore@wildman.com

14  Attorneys for Defendant
REUNION.COM, INC.

15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28