LAW OFFICES OF RONALD JASON PALMIERI, P.C.
Ronald Jason Palmieri (CA Bar No. 96953)
1644 North Orange Grove Avenue
Los Angeles, CA 90046
TELEPHONE: (323) 882-8225
FACSIMILE: (323) 882-8208
lawofcsrjp@aol.com

WILDMAN, HARROLD, ALLEN & DIXON LLP
Carole E. Handler (CA Bar No. 129381)
9665 Wilshire Boulevard, Suite 200
Beverly Hills, CA 90212
TELEPHONE: (310) 860-8705
FACSIMILE: (310) 860-3805
handler@wildman.com

WILDMAN, HARROLD, ALLEN & DIXON LLP
Peter N. Moore (admitted *pro hac vice*)
225 West Wacker Drive, Suite 2800
Chicago, IL 60606-1229
TELEPHONE: (312) 201-2000
FACSIMILE: (312) 201-2555
pmoore@wildman.com

Attorneys for Defendant
REUNION.COM, INC.

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VIOLETTA HOANG, LIVIA HSIAO, and MICHAEL BLACKSBURG, and MATTHEW HALL, individually and on behalf of a class of similarly situated persons,<br><br>    Plaintiffs,<br><br>    v.<br><br>REUNION.COM, INC., a California corporation,<br><br>    Defendant. | No. 3:08-cv-3518 MMC<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>**Date:** May 28, 2010<br>**Time:** 9:00 a.m.<br>**Judge:** Hon. Maxine Chesney<br>Courtroom 7 (19th Floor) |

## **TABLE OF CONTENTS**

**Page**

NOTICE OF MOTION ...................................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ..................................................3

ISSUE TO BE DECIDED ..............................................................................................3

STATEMENT OF FACTS .............................................................................................3

ARGUMENT ..................................................................................................................6

    I.    Legal Standards ................................................................................6

    II.    The Court Should Strike the FAC's Irrelevant, Scandalous, and Redundant Accusations ...................................................................8

        A.    The FAC's Repetition of Vague and Unsubstantiated Anonymous Alleged Complaints Should Be Stricken......................8

        B.    The FAC's Legal Argument Should be Stricken............................9

CONCLUSION ...............................................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bell Atlantic v. Twombly*,
  550 U.S. 544 (2007)......................................................................................................3

*Brainerd v. Potratz*,
  421 F.Supp. 836 (N.D.Ill.1976)..................................................................................7, 9

*Bureerong v. Uvawas*,
  922 F.Supp. 1450 (C.D. Cal. 1996) .................................................................................7

*C.B. v. Sonora School Dist.*,
  --- F.Supp.2d ---, 2009 WL 3077989, *6 (E.D. Cal. Sept. 22, 2009)...................6

*Cairns v. Franklin Mint Co.*,
  24 F.Supp.2d 1013 (C.D. Cal. 1998) ...........................................................................7, 9

*California Dept. of Toxic Substances Control v. Alco Pacific, Inc.*,
  217 F.Supp.2d 1028 (C.D. Cal. 2002) ........................................................................6, 7

*Department of Water and Power of City of Los Angeles v. Allis-Chalmers Mfg. Co.*,
  32 F.R.D. 204 (S.D. Cal. 1963) .....................................................................................7, 8

*Fantasy, Inc. v. Fogerty*,
  984 F.2d 1524 (9th Cir.1993) ..........................................................................................6

*McHenry v. Renne*,
  84 F.3d 1172 (9th Cir. 1995) ..........................................................................................7

*Omega World Travel, Inc. v. Mummagraphics, Inc.*,
  469 F.3d 348 (4th Cir. 2006) ..........................................................................................5

*United States of America v. Jumpstart Technologies, LLC*,
  Civil Action No. C-06-2079 (MHP), (N.D.Cal.)...........................................................5

*Wilkerson v. Butler*,
  229 F.R.D. 166 (E.D. Cal. 2005) ....................................................................................7

**Statutes**

15 U.S.C. § 7707(b)(1)...........................................................................................................3

Cal. Bus. & Prof. Code § 17529.5(a)....................................................................................4

Rule 8, Fed.R.Civ.P. ...............................................................................................................7

**Other Authorities**

5 Wright & Miller,
    Fed. Pract. & Procedure §1281 ................................................................................3

**NOTICE OF MOTION**

**TO ALL PARTIES AND ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on the 28th day of May, 2010, at 9:00 a.m., or as soon thereafter as this matter may be heard by the Honorable Judge Maxine Chesney in courtroom 7 of the above-entitled Court, located at 450 Golden Gate Avenue, 19th Floor, San Francisco, California, Defendant Reunion.com ("Reunion.com" or "Defendant"), by and through its counsel of record, will, and hereby does, move pursuant to Fed.R.Civ.P. 12(f) to strike certain paragraphs of Plaintiffs' First Amended Complaint ("FAC").

In this Motion, Defendant prays that the Court strike paragraphs 3, 10-14, 53-56, and 65-67, as well as Exhibits A, B and C, as containing immaterial, redundant, and/or scandalous matter, and that the Court order that no Answer to these paragraphs be required.

This Motion is based on the instant Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings and all other documents in the Court's files and such other matters as may properly come to the attention of the Court or of which the Court may take judicial notice.

**DATED:** April 23, 2010

Respectfully submitted,

s/ Ronald Jason Palmieri
One of the Attorneys for Defendant

LAW OFFICES OF RONALD JASON PALMIERI, P.C.
Ronald Jason Palmieri (CA Bar No. 96953)
1644 North Orange Grove Avenue
Los Angeles, CA 90046
TELEPHONE: (323) 882-8225
FACSIMILE: (323) 882-8208
lawofcsrjp@aol.com

WILDMAN, HARROLD, ALLEN & DIXON LLP
Carole E. Handler (CA Bar No. 129381)
9665 Wilshire Boulevard, Suite 200

1  Beverly Hills, CA 90212
   TELEPHONE: (310) 860-8705
2  FACSIMILE:  (310) 860-3805
   handler@wildman.com

3  WILDMAN, HARROLD, ALLEN & DIXON LLP
   Peter N. Moore (admitted *pro hac vice*)
4  225 West Wacker Drive, Suite 2800
   Chicago, IL 60606-1229
5  TELEPHONE: (312) 201-2000
   FACSIMILE:  (312) 201-2555
6  pmoore@wildman.com

7  Attorneys for Defendant
   REUNION.COM, INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

## ISSUE TO BE DECIDED

Plaintiffs' First Amended Complaint ("FAC") contains highly inappropriate and non-factual attorney argument, citation to and discussion of legal authorities and arguments, and non-factual rhetoric, thus justifying the exercise of this Court's standing discretion to strike such improper allegations. The FAC grossly departs from well-established pleading rules (*See* Rule 8, Fed.R.Civ.P., requiring a "short and plain" statement of the *facts*, claim (i.e., cause of action), and relief sought (i.e., types and amounts of damages and/or injunction); *Bell Atlantic v. Twombly*, 550 U.S. 544, 554-55 (2007), requiring a plaintiff to plead *facts* sufficient to establish a plausible claim). The FAC is a classic example of a "prolix complaint" that distracts from the actual claims – a hopeless jumble of compound sentences presenting facts and argument in novelized form – placing an unjustified burden on the Court and the Defendant to select relevant, factual material from "a mass of verbiage." 5 Wright & Miller, Fed. Pract. & Procedure §1281, at 365. The FAC does not contain a short and plain statement of their claims for relief, does not give the Defendant a fair opportunity to frame a responsive pleading, and does not give the Court a clear statement of claims. Accordingly, in order to advance the progress of this litigation and for the reasons detailed herein, Defendant moves that the Court STRIKE the paragraphs and exhibits to the FAC identified below.

## STATEMENT OF FACTS

Plaintiffs filed the instant action on July 23, 2008. Plaintiffs' Original Complaint (Docket No. 1) (the "Original Complaint") was dismissed on Defendant's Rule 12(b)(6) Motion because Plaintiffs had failed to plead a cause of action that was not preempted by the CAN SPAM Act (15 U.S.C. § 7707(b)(1)). In dismissing the Original Complaint, the Court held that Plaintiffs failed to state such a cause of action because they "fail[ed] to allege plaintiffs relied to their detriment on any misrepresentation and that, as a result of such reliance, they incurred damage."

(10/26/2008 Order at 3 (Docket No. 33) ("First Dismissal")).

The Court's First Dismissal notes that Plaintiffs had to show that they "relied to their detriment on [a] misrepresentation and that, as a result of such reliance, they incurred damage." (First Dismissal at 3). Plaintiffs' counsel then filed a First Amended Complaint (Docket No. 36) (the "FAC"), which failed to adequately address the issues identified in the First Dismissal and was itself dismissed (Docket No. 55), but was ultimately upheld by this Court in its March 31, 2010 Order reconsidering its prior dismissal of the FAC for failure to state a claim.

In the FAC, Plaintiffs' only purported causes of action arise under § 17529.5(a) of the California Business & Professions Code. Section 17529.5(a) provides as follows:

> (a) It is unlawful for any person or entity to advertise in a commercial e-mail advertisement either sent from California or sent to a California electronic mail address under any of the following circumstances:
> (1) The e-mail advertisement contains or is accompanied by a third-party's domain name without the permission of the third party.
> (2) The e-mail advertisement contains or is accompanied by falsified, misrepresented, or forged header information. This paragraph does not apply to truthful information used by a third party who has been lawfully authorized by the advertiser to use that information.
> (3) The e-mail advertisement has a subject line that a person knows would be likely to mislead a recipient, acting reasonably under the circumstances, about a material fact regarding the contents or subject matter of the message.

*See* Cal. Bus. & Prof. Code § 17529.5(a).

The FAC contains dozens of paragraphs of argument and (deeply flawed) legal analysis, and very few short, plain statements of alleged Reunion.com acts or omissions that would arguably fall within California's commercial email advertisement law. The FAC opens with citation to legislative findings of fact which have no application to Reunion.com's acts or omissions, and argument (not factual

allegations) relating to consumer complaintsto the Better Business Bureau and the Federal Trade Commission.[1] (FAC ¶¶ 10, 11). Next, the FAC discusses an FTC enforcement case against another company, *United States of America v. Jumpstart Technologies*, *LLC*, Civil Action No. C-06-2079 (MHP), (N.D.Cal.). (FAC ¶¶ 12-13; Ex. A). The FAC then implies that the result of this investigation sparked some kind of industry-wide change of opinion, which Defendant is implied to have violated, again having nothing to do with alleged facts concerning Reunion.com's conduct. (FAC ¶ 14).

The FAC includes an entirely argumentative section entitled "The Plaintiffs' Claims Are Not Expressly Preempted by CAN-SPAM." (FAC ¶¶ 53-56). In direct response to the Court's prior order dismissing the Original Complaint as preempted by CAN SPAM, citing, *inter alia*, *Omega World Travel, Inc. v. Mummagraphics, Inc.*, 469 F.3d 348, 355 (4th Cir. 2006), the FAC proceeds to copy, almost verbatim, rejected argument from Plaintiffs' brief in opposition to Defendant's first motion to dismiss. (*See also* Declaration of Ronald Jason Palmieri in Support of Defendant's Motion to Dismiss the FAC (Docket No. 48) ¶¶ 37-38). Paragraph 54 of the FAC then like Plaintiffs' opposition brief"alleges" the aforementioned consumer "complaints" are "grounds" for allegations that Defendant had "actual knowledge" that its practices were causing consumer confusion, and therefore that *Mummagraphics* did not apply to Plaintiffs' claims. (FAC ¶ 54). Complaints do not plead evidence, arguments, or "grounds" – they plead the alleged facts, the who, what, when, where of the allegedly deceptive emailing practices.

After an overly lengthy section devoted to hearsay complaints from alleged recipients of emails or Reunion.com members, the FAC then presents an ***additional*** entirely argumentative section labeled "Defendant's Conduct Has Caused Extensive Consumer Outrage." (FAC ¶¶ 65-67). This final section, as with the excessive and

---

[1] All identifying information in Exhibit B to the FAC is redacted, presumably by the FTC itself, and thus these "complaints" can never be independently verified or substantiated.

improper presentation of legal points and authorities in a factual pleading, serves no purpose other than to obscure the absence of meritorious facts and claims. Indeed, the inclusion of so much rhetoric, extraneous legal argument, and inflammatory innuendo serves rather to rule out a trial lawyer's singular motive of pleading a short and plain statement of the facts that will best position the case for summary judgment or trial on the merits. The FAC reads like something one would write in the hope that the trade press will read or quote from a document (that is usefully immune from business libel rules), or at least for some purpose other than efficiently presenting the material facts and the evidence to the Court one day. However, pursuant to Rule 8 and Rule 12 (f), the sole function of a federal complaint is to provide the defendant and the court with a short, plain statement of the alleged facts, claims and relief sought.

## ARGUMENT

### I. LEGAL STANDARDS

Pursuant to Fed.R.Civ.P. 12(f), the Court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter" either on its own motion or that of a party. "The function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that might arise from litigating spurious issues by dispensing with those issues prior to trial." *C.B. v. Sonora School Dist.*, --- F. Supp. 2d ---, 2009 WL 3077989, *6 (E.D. Cal. Sept. 22, 2009) (citing *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.1993)). The unnecessary complication of issues, or the possibility that the trier of fact will draw unwarranted inferences from unfairly prejudicial allegations, both warrant granting of a motion to strike. *California Dept. of Toxic Substances Control v. Alco Pacific, Inc.*, 217 F. Supp. 2d 1028, 1032-33 (C.D. Cal. 2002).

"'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded.... 'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Fogerty*, 984 F.2d at 1527. "'Redundant' allegations are those that are needlessly

repetitive or wholly foreign to the issues involved in the action." *Alco Pacific*, 217 F. Supp. 2d at 1033. *See Wilkerson v. Butler*, 229 F.R.D. 166, 170 (E.D. Cal. 2005) ("Superfluous historical allegations are properly subject to a motion to strike.").

As to scandalous matter, "language that serves only to fan the flames" is particularly subject to being stricken. *Cairns v. Franklin Mint Co.*, 24 F. Supp. 2d 1013, 1037 (C.D. Cal. 1998) ("like vultures feeding on the dead" scandalous and immaterial, subject to striking); *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1479 (C.D. Cal. 1996) ("slave sweatshop" stricken). *See also Department of Water and Power of City of Los Angeles v. Allis-Chalmers Mfg. Co.*, 32 F.R.D. 204, 207 (S.D. Cal. 1963) (evidence of prior guilty pleas by defendant in criminal case, while potentially admissible evidence at trial, were "certainly not necessary to a short and plain statement of the claim showing that the pleader is entitled to relief…. In fact, such allegations tend to make the complaints unnecessarily prolix.") Likewise, complaints that are "replete with legal conclusions and irrelevant and improper derogatory comments" are subject to striking. *Brainerd v. Potratz*, 421 F. Supp. 836 (N.D.Ill. 1976). Yet this FAC is rife with such material. The Federal rules and the cases interpreting them are clear; a pleading must focus on *relevant* facts, claims, and relief sought. Rule 8, Fed.R.Civ.P. An accusatory catalogue of unverified complaints and irrelevant proceedings is improper. The FAC contains little of what Rule 8 requires, and much of what Rule 12(f) defines as immaterial and "scandalous." As the Ninth Circuit succinctly put it:

> Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint.

*McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1995).

## II. THE COURT SHOULD STRIKE THE FAC'S IRRELEVANT, SCANDALOUS, AND REDUNDANT ACCUSATIONS

### A. The FAC's Repetition of Vague and Unsubstantiated Anonymous Alleged Complaints Should Be Stricken

The FAC also repetitively, argumentatively, and unnecessarily quotes from selected consumer "complaints" to the FTC or Better Business Bureau, which documents in any event, if authenticated, would speak for themselves. Dozens are unnecessarily attached as "exhibits" to the FAC. Whether such alleged consumer out of court statements are one day admissible at summary judgment or at trial is irrelevant at this stage of the proceeding. *Angeles*, 32 F.R.D. at 207. To the extent Plaintiffs seek to plead "grounds" for the allegation that Defendant knew of consumer complaints, that can be alleged with a short, plain statement as required by Rule 8. In fact, the FAC already contains such allegations. *See, e.g.*, FAC ¶ 35. ("Reunion.com … kn[ew] that these statements were false and unauthorized, with the intent to mislead Hoang"). This alone makes the quotation of unsubstantiated complaints redundant and the FAC unnecessarily prolix.

Further, references to and arguments about legal proceedings and outcomes not involving Defendant are not appropriate in a pleading. The FAC's reference to the *Jumpstart* case, which itself was subject to several pages of briefing in Defendant's previous motion papers (*see* Def.'s Motion to Dismiss FAC (Docket No. 46) at 20-21), is redundant and immaterial to the facts, claims or relief sought. The *Jumpstart* case involved the alleged use of e-mails deceptively offering "free" products in order to lure consumers to purchase Jumpstart services. (*Id.*). Nowhere in the FAC do Plaintiffs accuse Defendant of trying to take Plaintiffs' money, because no such thing happened. Yet the implication to the reader is that the FTC has ruled that Defendant engaged in similar conduct that is unlawful under the standards imposed on another litigant in another matter. Nor do the opinions of non-parties supposedly in the industry regarding appropriate or inappropriate e-mail practices following the public

release of the *Jumpstart* consent decree have anything to do with facts, claims or relief sought. (*Cf.* SAC ¶ 14 (private for-profit e-mail marketing company purporting to declare what kinds of "forward to a friend" models are "Right" and "Wrong")). These paragraphs should be stricken in their entirety. They waste the Court's time, consume Defendant's resources, and demonstrate an obvious pattern employed by Plaintiffs' counsel to needlessly and improperly "fan the flames" of an already contentious litigation. *Cairns*, 24 F. Supp. 2d at 1037.

### B. The FAC's Legal Argument Should be Stricken

The plethora of legal argument that was added to the FAC in response to the Court's first dismissal order is also wasteful, redundant and inappropriate. (FAC ¶¶ 54-56). Obviously, this verbose legal argument violates Rule 8 calling for "a short and plain statement of the claim." *Brainerd*, 421 F. Supp. at 836. Worse, it is wholly redundant and unnecessary; at the time, it was copied nearly verbatim from Plaintiffs' prior brief and therefore redundant. Now that the Court has reconsidered its prior dismissal, it is unnecessary. The law is what it is. Either way, it would be unfair and wasteful to require Defendant to answer in a pleading a legal argument that it has already answered in motion practice. They too should be stricken.

### CONCLUSION

For the foregoing reasons, Defendant prays this Honorable Court STRIKE paragraphs 3, 10-14, 53-56, and 65-67, as well as Exhibits A, B and C of the FAC and that Defendant not be required to provide any answer to the same.

**DATED:** April 23, 2010                     Respectfully submitted,

                                              s/ Ronald Jason Palmieri
                                              One of the Attorneys for Defendant

LAW OFFICES OF RONALD JASON PALMIERI, P.C.
Ronald Jason Palmieri (CA Bar No. 96953)
1644 North Orange Grove Avenue
Los Angeles, CA 90046
TELEPHONE: (323) 882-8225

```
1   FACSIMILE:  (323) 882-8208
    lawofcsrjp@aol.com
2
    WILDMAN, HARROLD, ALLEN & DIXON LLP
3   Carole E. Handler (CA Bar No. 129381)
    9665 Wilshire Boulevard, Suite 200
4   Beverly Hills, CA 90212
    TELEPHONE: (310) 860-8705
5   FACSIMILE:  (310) 860-3805
    handler@wildman.com
6
    WILDMAN, HARROLD, ALLEN & DIXON LLP
7   Peter N. Moore (admitted *pro hac vice*)
    225 West Wacker Drive, Suite 2800
8   Chicago, IL 60606-1229
    TELEPHONE: (312) 201-2000
9   FACSIMILE:  (312) 201-2555
    pmoore@wildman.com
10
    Attorneys for Defendant
11  REUNION.COM, INC.
```

2070715