1  LAW OFFICES OF RONALD JASON PALMIERI, P.C.
   Ronald Jason Palmieri (CA Bar No. 96953)
2  1644 North Orange Grove Avenue
   Los Angeles, CA 90046
3  TELEPHONE: (323) 882-8225
   FACSIMILE:  (323) 882-8208
4  lawofcsrjp@aol.com

5  WILDMAN, HARROLD, ALLEN & DIXON LLP
   Carole E. Handler (CA Bar No. 129381)
6  9665 Wilshire Boulevard, Suite 200
   Beverly Hills, CA 90212
7  TELEPHONE: (310) 860-8705
   FACSIMILE:  (310) 860-3805
8  handler@wildman.com

9  WILDMAN, HARROLD, ALLEN & DIXON LLP
   Peter N. Moore (admitted *pro hac vice*)
10 225 West Wacker Drive, Suite 2800
   Chicago, IL 60606-1229
11 TELEPHONE: (312) 201-2000
   FACSIMILE:  (312) 201-2555
12 pmoore@wildman.com

13 Attorneys for Defendant
   REUNION.COM, INC.

14

15                     UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF CALIFORNIA

16

17 VIOLETTA HOANG, LIVIA HSIAO, and        No. 3:08-cv-3518 MMC
   MICHAEL BLACKSBURG, and MATTHEW
18 HALL, individually and on behalf of a class   **DEFENDANT'S ANSWER AND
   of similarly situated persons,**            **AFFIRMATIVE DEFENSES TO PLAINTIFFS'
                                               FIRST AMENDED COMPLAINT FOR
19            Plaintiffs,                       DAMAGES AND INJUNCTIVE RELIEF**

20    v.                                       **Date:**    April 21, 2010
                                               **Judge:**   Hon. Maxine Chesney
21 REUNION.COM, INC., a California                         Courtroom 7 (19th Floor)
   corporation,
22
              Defendant.
23

24

25

26

27

28

## ANSWER TO FIRST AMENDED COMPLAINT
## FOR DAMAGES AND INJUNCTIVE RELIEF

Defendant, Reunion.com ("Defendant"), by and for its Answer to Plaintiffs' First Amended Complaint for Damages and Injunctive Relief (the "FAC"), states as follows:

1.      Answering paragraph 1 of the FAC, Defendant states that the paragraph contains immaterial legal argument that in enacting Section 17529.5 of the California Business and Professional Code, the California Legislature made certain findings, which findings speak for themselves, and do not constitute factual allegations against Defendant requiring a responsive pleading.  Defendant denies that it has engaged in any of the conduct identified in said findings and denies, generally and specifically, all the remaining allegations of paragraph 1.

2.      Answering paragraph 2 of the FAC, Defendant admits that the CAN-SPAM Act includes certain findings, which findings speak for themselves, and do not constitute factual allegations against Defendant requiring a responsive pleading. Defendant denies that it has engaged in any of the conduct identified in said findings and denies, generally and specifically, all the remaining allegations of paragraph 2.

3.      Answering paragraph 3 of the FAC, to the extent that they are intended to apply to Defendant, Defendant denies, generally and specifically, all the allegations of paragraph 3.

4.      Answering paragraph 4 of the FAC, Defendant admits that between approximately 2002 and February 2009, the business formerly known as Reunion.com operated a website at www.reunion.com, which website, if authenticated, will speak for itself, including as to how it was promoted or described to members of the putative class.  Defendant denies the remaining allegations of paragraph 4.

5.      Answering paragraph 5 of the FAC, Defendant admits that beginning in or about April 2008 it provided its members with the technical means to cause the transmission of a non-commercial email invitation to visit and connect at

Reunion.com to email addresses in such members' personal email address books, which tools, member interfaces, and emails, if authenticated, will speak for themselves.  Defendant denies, generally and specifically, all the other allegations of paragraph 5.

6.    Answering paragraph 6 of the FAC, Defendant lacks information sufficient to form a belief as to whether Plaintiffs actually received any e-mails from Defendant and therefore denies this allegation.  For further answer, Defendant states that the allegations of paragraph 6 constitute conclusory legal allegations, and on that basis, require no response.  Defendant further denies, generally and specifically, that Plaintiffs received any "commercial e-mail advertisement" from Reunion.com, and all the remaining allegations of paragraph 6.  Defendant denies that it transmitted emails from a third party's domain name without permission.

7.    Answering paragraph 7 of the FAC, Defendant states that the allegations of paragraph 7 constitute conclusory legal allegations, and on that basis, require no response, and denies, generally and specifically, all the allegations of paragraph 7.

8.    Answering paragraph 8 of the FAC, Defendant denies, generally and specifically, all the allegations of paragraph 8.

9.    Answering paragraph 9 of the FAC, Defendant refers to the text of the Reunion.com Privacy Polic(ies) in their entirety in effect at the time of the email transmissions at issue in the FAC (and the express disclosures regarding the technical means for members to cause emails to be transmitted inviting personal contacts to visit Reunion.com), which text, if authenticated, will speak for itself, as will the messages themselves.  Defendant further denies, generally and specifically, all the other allegations of paragraph 9.

10.    Answering paragraph 10 of the FAC, Defendant refers to the text of unauthenticated written communications from consumers to the Federal Trade Commission regarding Reunion.com services or activities during the time period alleged to be at issue in the FAC, which emails and other communications, if

authenticated, will speak for themselves. Defendant denies that it has at any time transmitted an email on behalf of a member inviting anyone in such member's address book to visit Reunion.com except at such member's explicit request. Defendant denies, generally and specifically, all the remaining allegations of paragraph 10.

11. Answering paragraph 11 of the FAC, Defendant refers to the text of any unauthenticated written communications from consumers with the Better Business Bureau regarding Reunion.com services or activities, if any, which communications, if authenticated, will speak for themselves. Defendant denies that it has at any time transmitted an email on behalf of a member inviting anyone in such member's address book to visit Reunion.com except at such member's explicit request. Defendant denies, generally and specifically, all the remaining allegations of paragraph 11.

12. Answering paragraph 12 of the FAC, Defendant states that to the extent the allegations set forth in Paragraph 12 state a legal conclusion, no response is required. To the extent the allegations set forth in Paragraph 12 require a response, Defendant refers to the various pleadings and other filings in the referenced *Jumpstart Technologies* matter in their entirety which speak for themselves. Defendant denies the applicability of such non-party pleadings and filings to itself, or that it has engaged in any such deceptive conduct, and denies all the remaining allegations of paragraph 12.

13. Answering paragraph 13 of the FAC, Defendant states that to the extent the allegations set forth in Paragraph 13 state a legal conclusion, no response is required. To the extent the allegations set forth in Paragraph 13 require a response Defendant refers to the various pleadings and other filings in the *Jumpstart Technologies* matter in their entirety which speak for themselves

14. Answering paragraph 14 of the FAC, Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 14 and therefore denies such allegations. Further, the opinions of third parties such as Internet marketing consultants as to the proper application of laws, regulations and/or

FTC guidance, which have at any event been since revised, are of no legal force or effect and require no response.

## THE PARTIES

15.    Answering paragraph 15 of the FAC, Defendant admits at the times alleged to be relevant to the allegations in the FAC the allegations of paragraph 15.

16.    Answering paragraph 16 of the FAC, Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 16 and therefore denies the same.

17.    Answering paragraph 17 of the FAC, Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 17 and therefore denies the same.

18.    Answering paragraph 18 of the FAC, Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 18 and therefore denies the same.

19.    Answering paragraph 19 of the FAC, Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 19 and therefore denies the same.

20.    Answering paragraph 20 of the FAC, Defendant denies that the amount in controversy in this matter exceeds the sum or value of $5,000,000 because Plaintiffs admit they have suffered no damage and therefore are entitled to no relief, and because Plaintiffs' damages, if any, are limited to $1,000,000 in the aggregate pursuant to Cal. Bus. & Prof. Code § 17529.5(b)(1)(B)(ii).  Defendant is without knowledge or information sufficient to form a belief as to the citizenship of Plaintiffs or the members of the proposed alleged plaintiff classes and therefore denies the same. The remaining allegations of paragraph 20 state legal conclusions to which no response is required, but to the extent any is required, Defendant denies, generally and specifically, all the remaining allegations in paragraph 20, including that there exists any "class" subject to Fed.R.Civ. P. 23.

21.    Answering paragraph 21 of the FAC, Defendant admits that Plaintiffs purport to assert personal jurisdiction over Defendant, and that it is registered with the California Secretary of State, and maintains offices in California.

22.    Answering paragraph 22 of the FAC, Defendant lacks information sufficient to form a belief as to Plaintiffs' places of residence and therefore denies the same.  Defendant denies that Plaintiffs have standing to rely upon Reunion.com's User Agreement as Plaintiffs are not parties thereto.  The remaining allegations of paragraph 22 state legal conclusions to which no response is required, but to the extent any is required, Defendant denies, generally and specifically, all the remaining allegations in paragraph 22.

23.    Answering paragraph 23 of the FAC, Defendant lacks information sufficient to form a belief as to Plaintiffs' places of residence and therefore denies the same.  Defendant admits that the FAC accurately quotes an excerpt from its User Agreement, which agreement, if authenticated, speaks for itself.  Defendant denies that Plaintiffs have standing to rely upon Reunion.com's User Agreement as Plaintiffs are not parties thereto.   The remaining allegations of paragraph 23 state legal conclusions to which no answer is required, but to the extent that these allegations require an answer, they are denied.

24.    Answering paragraph 24 of the FAC, Defendant admits that during the time period alleged to be at issue in the FAC, it operated a website available at www.reunion.com, which website allows members to search for old friends, classmates and colleagues and add other members to their network.

25.    Answering paragraph 25 of the FAC, Defendant denies that it "boasts" or makes incorrect claims, but Defendant admits that it has a significant number of registered members. Given the FAC's failure to specify a relevant time period, Defendant is unable to admit or deny the FAC's allegations regarding membership numbers.  For further answer, Defendant states that the only relevant "time period" are the alleged dates the individual named Plaintiffs claim to have received emails from

Reunion.com: May 5, July 17, and July 25, 2008.  Defendant denies the remaining allegations of paragraph 25.

26.    Answering paragraph 26 of the FAC, Defendant admits that on or around May 5, July 17, and July 25 2008 (hereafter, the "Alleged Campaign Dates"), visitors to the Reunion.com website were invited to register with Reunion.com via user interfaces that requested demographic information about the registrant, and later (once the visitor had registered), invited such registered members to add personal contacts to their Reunion.com network, via separate user interfaces.  Such interfaces, if authenticated will speak for themselves.  Defendant denies the remaining allegations of paragraph 26.

27.    Answering paragraph 27 of the FAC, Defendant lacks the information sufficient to form a belief as to the third party opinions that are alleged, and such are of no legal force or effect and require no response.  Defendant further states that the user interfaces offering the technical means for registered members to cause the transmission of non-commercial emails to their personal contacts to visit Reunion.com, if authenticated, speak for themselves.  Defendant further denies, generally and specifically, all the other allegations of paragraph 27.

28.    Answering paragraph 28 of the FAC, Defendant refers to the text of the Reunion.com Privacy Polic(ies), in their entirety in effect at the time of the email transmissions at issue in the FAC, to the user interfaces offering members the technical means to cause the transmission of emails inviting personal contacts to visit and connect at Reunion.com, which text and user interfaces, if authenticated, will speak for themselves.  Defendant further denies, generally and specifically, all the remaining allegations of paragraph 28.

29.    Answering paragraph 29 of the FAC, Defendant refers to the text of the Reunion.com Privacy Polic(ies), in their entirety in effect at the time of the email transmissions at issue in the FAC, to the user interfaces offering members the technical means to cause the transmission of emails inviting personal contacts to visit

Reunion.com, which text and user interfaces, if authenticated, will speak for themselves.  Defendant denies that any such text or interfaces are false, fraudulent, or deceptive.  Defendant further denies, generally and specifically, all the remaining allegations of paragraph 29.  Defendant denies, generally and specifically, all the remaining allegations of paragraph 29.

30.   Answering paragraph 30 of the FAC, Defendant refers to the text of the emails (including the subject lines thereof) and to the user interfaces offering members the technical means to cause the transmission of emails inviting personal contacts to visit Reunion.com, which text and user interfaces, if authenticated, will speak for themselves.  Defendant denies that any such text or interfaces are false, fraudulent, or deceptive. Defendant further denies, generally and specifically, all the remaining allegations of paragraph 30.

31.   Answering paragraph 31 of the FAC, Defendant refers to the text of the emails (including the subject lines thereof) and to the user interfaces offering members the technical means to cause the transmission of non-commercial emails inviting personal contacts to visit Reunion.com, which text and user interfaces, if authenticated, will speak for themselves.  Defendant denies that any such text or interfaces are false, fraudulent, or deceptive. Defendant further denies, generally and specifically, all the remaining allegations of paragraph 31.

32.   Answering paragraph 32 of the FAC, Defendant denies, generally and specifically, all the allegations of paragraph 32.

33.   Answering paragraph 33 of the FAC, Defendant refers to the text of the Reunion.com Privacy Polic(ies), in their entirety in effect at the time of the email transmissions at issue in the FAC, to the user interfaces offering members the technical means to cause the transmission of non-commercial emails inviting personal contacts to visit Reunion.com, and to the text of the emails themselves, which text and user interfaces, if authenticated, will speak for themselves.  Defendant denies that any such text or interfaces are false, fraudulent, or deceptive.  Defendant further denies,

generally and specifically, all the remaining allegations of paragraph 33.

34.    Answering paragraph 34 of the FAC, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 and on that basis denies them.

35.    Answering paragraph 35 of the FAC, Defendant denies, generally and specifically, all the allegations of paragraph 35.

36.    Answering paragraph 36 of the FAC, Defendant denies, generally and specifically, all the allegations of paragraph 36.

37.    Answering paragraph 37 of the FAC, Defendant denies, generally and specifically, all the allegations of paragraph 37.

38.    Answering paragraph 38 of the FAC, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 and therefore denies them.

39.    Answering paragraph 39 of the FAC, Defendant denies, generally and specifically, all the allegations of paragraph 39.

40.    Answering paragraph 40 of the FAC, Defendant denies, generally and specifically, all the allegations of paragraph 40.

41.    Answering paragraph 41 of the FAC, Defendant denies, generally and specifically, all the allegations of paragraph 41.

42.    Answering paragraph 42 of the FAC, Defendant admits that Plaintiffs purport to describe some features of an electronic mailing list.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 and therefore denies them.

43.    Answering paragraph 43 of the FAC, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 and therefore denies them.

44.    Answering paragraph 44 of the FAC, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44

and therefore denies them.

45.    Answering paragraph 45 of the FAC, Defendant denies, generally and specifically, all the allegations of paragraph 45.

46.    Answering paragraph 46 of the FAC, Defendant denies, generally and specifically, all the allegations of paragraph 46.

47.    Answering paragraph 47 of the FAC, Defendant denies, generally and specifically, all the allegations of paragraph 47.

48.    Answering paragraph 48 of the FAC, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 and therefore denies them.

49.    Answering paragraph 49 of the FAC, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 and therefore denies them.

50.    Answering paragraph 50 of the FAC, Defendant denies, generally and specifically, all the allegations of paragraph 50.

51.    Answering paragraph 51 of the FAC, Defendant denies, generally and specifically, all the allegations of paragraph 51.

52.    Answering paragraph 52 of the FAC, Defendant denies, generally and specifically, all the allegations of paragraph 52.

53.    Answering paragraph 53 of the FAC, Defendant responds that this paragraph inappropriately cites legal authorities, and makes legal arguments and conclusions, and as such requires no response.  Defendant further responds that the terms of Senate Reports or other legislative materials speak for themselves.

54.    Answering paragraph 54 of the FAC, Defendant responds that to the extent that this paragraph inappropriately cites legal authorities, and makes legal arguments and conclusions, and as such requires no response.  Defendant admits that it received copies of some consumer complaints to the Better Business Bureau about emails inviting recipients to visit www.reunion.com, which documents, if

authenticated, will speak for themselves.  Defendant denies the remaining allegations of paragraph 54.

55.   Answering paragraph 55 of the FAC, Defendant admits that it received copies of some consumer complaints to the Better Business Bureau about emails inviting recipients to visit www.reunion.com, and responded to some of these consumers on the website of the Better Business Bureau of Los Angeles, which documents, if authenticated, will speak for themselves.  Defendant denies, generally and specifically, all the remaining allegations of paragraph 55, including the truth of the alleged complaint, and/or the truth of any alleged complaints contained in Exhibit C.

56.   Answering paragraph 56 of the FAC, Defendant responds that this paragraph inappropriately cites legal authorities, and makes states legal arguments and conclusions, and as such requires no response.   To the extent that any answer is required, Defendant denies, generally and specifically, all the allegations of paragraph 56.

57.   Answering paragraph 57 of the FAC, Defendant states that paragraph 57 constitutes a legal conclusion to which no answer is required.  To the extent that any answer is required, Defendant denies, generally and specifically, all the allegations of paragraph 57.

58.   Answering paragraph 58 of the FAC, Defendant refers to the text of the Reunion.com Privacy Polic(ies) in their entirety, in effect at the time of the email transmissions at issue in the FAC (and the express disclosures regarding the process for initiating emails inviting a member's personal contacts to visit Reunion.com), which texts and disclosures, if authenticated, will speak for themselves.  Defendant denies, generally and specifically, all the allegations of paragraph 58.

59.   Answering paragraph 59 of the FAC, Defendant denies the first sentence of the paragraph.  The second sentence constitutes legal argument and conclusion to which no response is required.  Defendant denies, generally and specifically, all the

remaining allegations of paragraph 59.

60.     Answering paragraph 60 of the FAC, Defendant denies, generally and specifically, all the allegations of paragraph 60

61.     Answering paragraph 61 of the FAC, Defendant states that paragraph 61 contains legal authorities, commentaries and conclusions which do not require a response.  Defendant denies, generally and specifically, all the remaining allegations of paragraph 61.

62.     Answering paragraph 62 of the FAC, paragraph 62 consists solely of legal conclusions to which no response is required.  For further answer, Defendant denies, generally and specifically, all the allegations of paragraph 62.

63.     Answering paragraph 63 of the FAC, to the extent that they contain legal conclusions to which no responsive pleading is required, Defendant denies the allegations of paragraph 63.  Defendant admits that at various times, it briefly stored email addresses for the limited purpose of sending reminder emails. For further answer, Defendant denies, generally and specifically, all the remaining allegations of paragraph 63.

64.     Answering paragraph 64 of the FAC, Defendant denies, generally and specifically, all the allegations of paragraph 64.

65.     Answering paragraph 65 of the FAC, Defendant admits that it is generally aware that some recipients of emails inviting recipients to visit Reunion.com contacted the FTC to complain about various aspects of the communication, including whether the sender was aware it would be sent or whether the recipient expected to receive the message.  The purported examples of complaints to the FTC quoted in paragraph 65 and/or purportedly attached in Exhibit B to the FAC, if authenticated, speak for themselves as to the contents of the complaints.  Defendant denies that it transmitted any emails on behalf of members to personal contacts of such members, except following disclosure and consent to each such transmission.

66.     Answering paragraph 66 of the FAC, Defendant responds that it is

1    without knowledge information sufficient to form a belief as to the truth of the

2    allegations of paragraph 66 and on that basis denies them.   Defendant denies,

3    generally and specifically, all the remaining allegations of paragraph 66, and

4    specifically denies the truth of the purported complaints quoted in paragraph 66 and/or

5    in Exhibit B to the FAC.

6            67.    Answering paragraph 67 of the FAC, Defendant responds that any such

7    complaints, if verified, speak for themselves and that no response is required.

8            68.    Answering paragraph 68 of the FAC, Defendant denies that Plaintiffs

9    Hoang and Hsiao are representative of any identifiable class or share any common

10   claims with any other named putative class representatives during the time periods at

11   issue in the FAC.   Defendant is without knowledge or information sufficient to form a

12   belief as to the truth of the remaining allegations in paragraph 68 and therefore denies

13   the same.

14           69.    Answering paragraph 69 of the FAC, Defendant denies that Plaintiffs

15   Blacksburg and Hall are representative of any identifiable class or share any common

16   claims with any other named putative class representatives during the time periods at

17   issue in the FAC.   To the extent that this paragraph states legal conclusions, no

18   responsive pleading is required.   Defendant is without knowledge or information

19   sufficient to form a belief as to the truth of the remaining allegations in paragraph 69

20   and therefore denies the same.

21           70.    Answering paragraph 70 of the FAC, Defendant states that paragraph 70

22   states a legal conclusion to which no responsive pleading is required.   To the extent

23   that one is required, Defendant denies, generally and specifically, all the allegations in

24   paragraph 70, and that a class action is proper.

25           71.    Answering paragraph 71 of the FAC, Defendant states that paragraph 71

26   states a legal conclusion to which no responsive pleading is required.   To the extent

27   that one is required, Defendant denies, generally and specifically, all the allegations in

28   paragraph 71, and that common questions of law and fact unite class members.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

72.     Answering paragraph 72 of the FAC, Defendant states that paragraph 72 states a legal conclusion to which no responsive pleading is required.  To the extent that one is required, Defendant denies, generally and specifically, all the allegations in paragraph 72, and that the named Plaintiffs or their Counsel can fairly or adequately represent any class.

73.     Answering paragraph 73 of the FAC, Defendant repeats and incorporates by reference all of its responses set forth above.  Defendant denies, generally and specifically, all the allegations of paragraph 73.

74.     Answering paragraph 74 of the FAC, Defendant admits that emails were sent from California servers.

75.     Answering paragraph 75 of the FAC, Defendant denies, generally and specifically, all the allegations of paragraph 75.

76.     Answering paragraph 76 of the FAC, Defendant denies, generally and specifically, all the allegations of paragraph 76.

77.     Answering paragraph 77 of the FAC, the allegation of paragraph 77 states legal conclusions to which no responsive pleading is required.  Defendant denies, generally and specifically, all the remaining allegations of paragraph 77.

78.     Answering paragraph 78 of the FAC, Defendant repeats and incorporates by reference all of its answers set forth above.

79.     Answering paragraph 79 of the FAC, to the extent that paragraph 79 contains legal conclusions, no responsive pleading is required.  Defendant denies, generally and specifically, all the allegations of paragraph 79.

80.     Answering paragraph 80 of the FAC, Defendant admits that emails were sent from California servers.

81.     Answering paragraph 81 of the FAC, to the extent that paragraph 81 contains legal conclusions, no responsive pleading is required.  Defendant denies, generally and specifically, all the allegations of paragraph 81.

82.     Answering paragraph 82 of the FAC, Defendant repeats and incorporates

1   by reference all of its answers set forth above.

2       83.    Answering paragraph 83 of the FAC, Defendant denies, generally and

3   specifically, all the allegations of paragraph 83.

4       84.    Answering paragraph 84 of the FAC, Defendant admits that emails were

5   sent from California servers.

6       85.    Answering paragraph 85 of the FAC, Defendant denies, generally and

7   specifically, all the allegations of paragraph 85.

8   **PRAYER FOR RELIEF**

9       Defendant respectfully requests that Plaintiffs' prayer for relief be denied in its

10  entirety and that Plaintiffs take nothing from their Complaint.

11  **AFFIRMATIVE DEFENSES**

12      For its additional affirmative defenses, Defendant alleges as follows:

13  **SECOND DEFENSE**

14  **Subject Matter Jurisdiction**

15      No subject matter jurisdiction exists because plaintiffs cannot meet the amount

16  in controversy required for diversity jurisdiction.

17  **THIRD DEFENSE**

18  **Failure To State A Claim**

19      Plaintiffs have failed to state any claim in any of their causes of action that sets

20  forth sufficient facts upon which any relief may be granted as a matter of law.

21  **FOURTH DEFENSE -**

22  **No Viable Class**

23      Plaintiffs cannot maintain this action as a class action under Federal Rule of

24  Civil Procedure 23 because, among other reasons, there are no questions of law or fact

25  common to any alleged class, the claims or defenses of the representative parties are

26  not typical of the claims or defenses of any alleged class, the representative parties

27  and their counsel, will not fairly and adequately protect the interests of any alleged

28  class, and a class action is not a superior means of seeking redress for the purely

technical statutory violations alleged.

### FIFTH DEFENSE -

### Federal Preemption

Plaintiffs' claims are barred, in whole or in part, because their claims are preempted by the federal Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003 ("CAN-SPAM") because: (1) they do not allege the type of falsification techniques or deception articulated in 15 U.S.C. § 7704(a)(1) and (2), which have an express materiality requirement, and thereby are not within the preemption carve out of 15 U.S.C. § 7707(b)(1); and (2) because the email transmissions in question constituted the transmission, routing, relaying, handling, or storing, through an automatic technical process, of an electronic mail message for which another person has identified the recipients or provided the recipient addresses, which are expressly permitted as "routine conveyances" by CAN-SPAM.

### SIXTH DEFENSE -

### Unconstitutionality

Any award of statutory or punitive damages to Plaintiffs or any member of the alleged class(es) would be grossly disproportionate to any actual injury sustained by Plaintiffs or any putative class member and would therefore deny Defendant of its rights under the Due Process or Excessive Fines clauses of the Fifth, Eighth, and Fourteenth Amendments to Constitution of the United States, respectively.

### SEVENTH DEFENSE –

### Routine Conveyance (Cal. Bus. & Prof. Code 17529.5(B)(1)(D))

Plaintiffs' claims are barred, in whole or in part, pursuant to Cal. Bus. & Prof. Code § 17529.5(b)(1)(D) because Defendant was only involved in the routine transmission of an e-mail over its computer network.

### EIGHTH DEFENSE –

### Routine Conveyance (15 U.S.C. § 7702(9))

Plaintiffs' claims are barred, in whole or in part, pursuant to 15 U.S.C. §

7702(9) because Defendant was only involved in the routine transmission of an e-mail over its computer network.

## NINTH DEFENSE –
## Good Faith

At all times relevant, Defendant acted reasonably and did attempt in good faith to comply with Cal. Bus. & Prof Code. § 17529 by employing practices and procedures reasonably designed to effectively prevent unsolicited commercial e-mail advertisements in violation of that statute.

## TENTH DEFENSE –
## No Article III Or Statutory Standing

Plaintiffs lack standing under Article III of the Constitution or under Cal. Bus. & Prof. Code § 17529, both because Plaintiffs have not suffered any damages and because they have failed to allege reliance.

## ELEVENTH DEFENSE –
## Unclean Hands

Plaintiffs' requests for equitable relief are barred by the doctrine of unclean hands.

## TWELFTH DEFENSE –
## Laches

Plaintiffs' claims are barred by the doctrine of laches.

## THIRTEENTH DEFENSE –
## Equitable Estoppel / Waiver

Plaintiffs' claims are barred by equitable estoppel, Plaintiffs' waiver, and Plaintiffs' acquiescence to Defendant's alleged conduct.

## FOURTEENTH DEFENSE -
## No Proximate Cause

Any losses or damages incurred by Plaintiffs, or any member of the alleged class(es), were proximately caused by Plaintiffs themselves, their attorneys, or other

third parties.

**FIFTEENTH DEFENSE –**

**License**

Plaintiffs' claims are barred, in whole or in part, because at all operative times, Defendant had an express and/or implied license to engage in the accused conduct.

**SIXTEENTH DEFENSE –**

**Consent**

Some or all of Plaintiffs provided prior express or implied consent to the transmission and receipt of the email messages at issue in the FAC.

**SEVENTEENTH DEFENSE –**

**No Commercial Advertisement**

The alleged Emails do not constitute "Commercial email advertisements" under Cal. Bus. & Prof. Code § 17529 because their transmission was not caused for the purpose of advertising or promoting the sale of Reunion.com services. In facilitating the transmission of its members' Emails, Reunion.com was not acting as an Advertiser under Cal. Bus. & Prof. Code § 17529.

Defendant hereby gives notice that it intends to rely upon such other additional defenses as may become available or apparent during the course of discovery and therefore reserves the right to amend or supplement its Answer, file further pleadings, and assert additional claims and defenses as supported by the evidence.

**DATED:**      April 23, 2010                    Respectfully submitted,

                                         s/ Ronald Jason Palmieri
                                         One of the Attorneys for Defendant

LAW OFFICES OF RONALD JASON PALMIERI, P.C.
Ronald Jason Palmieri (CA Bar No. 96953)
1644 North Orange Grove Avenue
Los Angeles, CA 90046
TELEPHONE: (323) 882-8225
FACSIMILE:  (323) 882-8208
lawofcsrjp@aol.com

Def.'s Answer and Defenses                18                Case No. 08-cv-03518-MMC

WILDMAN, HARROLD, ALLEN & DIXON LLP
Carole E. Handler (CA Bar No. 129381)
9665 Wilshire Boulevard, Suite 200
Beverly Hills, CA 90212
TELEPHONE: (310) 860-8705
FACSIMILE:   (310) 860-3805
handler@wildman.com

WILDMAN, HARROLD, ALLEN & DIXON LLP
Peter N. Moore (admitted *pro hac vice*)
225 West Wacker Drive, Suite 2800
Chicago, IL 60606-1229
TELEPHONE: (312) 201-2000
FACSIMILE:   (312) 201-2555
pmoore@wildman.com

Attorneys for Defendant
REUNION.COM, INC.

2070713