**KRONENBERGER BURGOYNE, LLP**
Henry M. Burgoyne, III (CA Bar No. 203748)
Karl S. Kronenberger (CA Bar No. 226112)
Jeffrey M. Rosenfeld (CA Bar No. 222187)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile:  (415) 955-1158
hank@KBInternetLaw.com
karl@KBInternetLaw.com
jeff@KBInternetLaw.com

**SHAPIRO, HABER & URMY LLP**
Edward F. Haber (admitted *pro hac vice*)
Todd S. Heyman (admitted *pro hac vice*)
Ian J. McLoughlin (admitted *pro hac vice*)
Robert E. Ditzion (admitted *pro hac vice*)
53 State Street
Boston, MA 02109
Telephone: (617) 439-3939
Facsimile: (617) 439-0134
ehaber@shulaw.com
theyman@shulaw.com
imcloughlin@shulaw.com
rditzion@shulaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **VIOLETTA HOANG, LIVIA HSIAO, MICHAEL BLACKSBURG, and MATTHEW HALL**, individually and on behalf of a class of similarly situated persons,<br><br>Plaintiffs,<br><br>vs.<br><br>**REUNION.COM, INC.**, a California corporation,<br><br>Defendant. | Case No. 08-CV-03518-MMC<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PORTIONS OF PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Date:   June 11, 2010<br>Time:   9:00 am<br>Place:  Courtroom 7<br>Judge:  Hon. Maxine M. Chesney |

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................................. 1

BACKGROUND .................................................................................................................. 2

ARGUMENT ....................................................................................................................... 4

    A. Defendant waived its right to move to strike the FAC by filing a prior Rule 12 motion on other grounds ............................................................................................. 5

    B. Defendant waived its right to move to strike the FAC by filing an answer to the FAC before the disposition of its motion to strike ............................................. 6

    C. The three categories of allegations targeted in Defendant's motion are neither immaterial nor redundant ...................................................................................... 6

        1. The FAC's allegations of consumer complaints are directly relevant to Plaintiffs' section 17529.5 claims ........................................................... 8

        2. The FAC's allegations about Defendant's knowledge of the *Jumpstart* case are relevant to Plaintiff's claims ....................................................... 9

        3. The FAC's references to case law are not redundant or otherwise covered by Rule 12(f) ........................................................................... 10

    D. Defendant cannot show how any allegation in the FAC will cause it prejudice ............................................................................................................. 11

CONCLUSION ................................................................................................................. 13

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

Case No. 08-CV-03518-MMC      i      **PLAINTIFFS' OPP. TO DEF'S MTN TO STRIKE PORTIONS OF FAC**

# TABLE OF AUTHORITIES

*ASIS Internet Services v. SubscriberBase Inc.,* No. 09-3503, 2010 WL 1267763
  (N.D. Cal. April 1, 2010) .................................................................................... 8

*California Dept. of Toxic Substances Control v. Alco Pacific, Inc.,* 217 F.Supp.2d 1028
  (C.D. Cal. 2002) ............................................................................................... 11

*Campagnolo S.R.L. v. Full Speed Ahead, Inc.,* 258 F.R.D. 663 (W.D. Wash. 2009) ..... 12

*Cisneros v. Instant Capital Funding Group, Inc.,* 263 F.R.D. 595 (E.D. Cal. 2009) ......... 5

*Corr. USA v. Dawe,* 504 F. Supp. 2d 924, 938 (E.D. Cal. 2007) .................................. 12

*Mag Instrument, Inc. v. JS Prods., Inc.,* 595 F. Supp. 2d 1102 (C.D. Cal. 2008) ............. 5

*Lamke v. Sunstate Equip. Co.,* 387 F. Supp. 2d 1044, 1047 (N.D. Cal. 2004) .............. 11

*McArdle v. AT&T Mobility LLC,* 657 F. Supp. 2d 1140 (N.D. Cal. 2009) .......................... 7

*Monaco v. Bear Stearns Residential Mortg. Corp.,* 554 F. Supp. 2d 1034
  (C.D. Cal. 2008) ................................................................................................. 5

*New York City Employees' Ret. Sys. v. Berry,* 667 F. Supp. 2d 1121
  (N.D. Cal. 2009) ........................................................................................... 5, 12

*Reese v. Barton Healthcare Sys.,* 606 F. Supp. 2d 1254 (E.D. Cal. 2008) ...................... 5

*Robinson v. Managed Accounts Receivables Corp.,* 654 F. Supp. 2d 1051
  (C.D. Cal. 2009) ................................................................................................. 5

*Sagan v. Apple Computer, Inc.,* 847 F. Supp. 1072 (C.D. Cal. 1994) ........................ 7, 9

### Federal Statutes and Other Authorities

Cal. Bus. & Prof. Code section 17529.5(a)(3) ....................................................... *passim*

Fed. R. Civ. Proc. 12 ............................................................................................. *passim*

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

## INTRODUCTION

The motive behind Defendant's belated and improper motion to strike is obvious: to sanitize Plaintiffs' First Amended Complaint ("FAC") of facts fleshing out Plaintiffs' allegations that the alleged emails contained materially false and misleading content in violation of California law. If it were up to Defendant, neither the Ninth Circuit nor anyone else would ever get a chance to learn of the full extent of Defendant's wrongdoing. Of course, motions to strike serve limited purposes, one of which is not to sanitize the other party's pleading of facts suggesting the moving party should lose the case on the merits. On that ground, as well as the others laid out below, Defendant's motion should be summarily denied.

Defendant's motion seeks to strike three categories of allegations that are plainly and directly relevant to Plaintiffs' allegations. The three categories of allegations concern: 1) how thousands upon thousands of consumers were misled by Defendant's email practices; 2) how Defendant knew that consumers, government agencies, and consumer watchdogs all found practices identical to Defendant's to be deceptive and unlawful; and 3) how other courts have addressed analogous cases. It goes without saying that those allegations are amongst those that most vividly illustrate the nature, extent and results of Defendant's conduct. To the extent those allegations threaten to "fan the flames" of an already contentious case, it is because they demonstrate that Plaintiffs and others similarly situated should rightfully be angry.

Even if the allegations at issue were subject to a motion to strike—and they are not—Defendant has not shown it would suffer any prejudice from those allegations. And prejudice is the touchstone inquiry for whether a court should strike allegations from a pleading. Defendant argues that the contested allegations do not give Defendant a fair opportunity to prepare a responsive pleading. That argument divests Defendant of all credibility, in particular because <u>Defendant has already answered the FAC, including each and every one of the allegations that it seeks here to strike</u>.

In a sense, the merits of Defendant's motion are beside the point, since

Defendant already waived its right to bring it. A Rule 12(f) motion to strike must be raised at the same time as any other Rule 12 motion. Defendant already moved to dismiss the FAC under Rule 12. Furthermore, a party must make a motion to strike under Rule 12(f) before responding to the pleading at issue, and, as referenced above, Defendant already answered the FAC, including as to each and every allegation it now seeks to strike. Given Defendant's not one but two waivers of its right to move to strike, the Court should deny Defendant's for those grounds alone.

For all of these reasons, the Court must deny Defendant's motion to strike.

## BACKGROUND

On October 24, 2008 Plaintiffs filed their FAC. The FAC alleges that Defendant initiated a deceptive email practice designed to boost Defendant's membership. Specifically, the FAC alleges that Reunion.com sent emails that contained false and deceptive header information and subject lines, which made the emails falsely appear to be personal in nature.

Defendant seeks to strike three categories of allegations in the FAC. First, Defendant seeks to strike allegations regarding consumer complaints of Defendant's email practices. As examples, Defendant seeks to strike the following allegations:

- "I received invitation from reunion.com that appeared to be sent from a friend inviting me to join site. . . . Email has subject line that is misleading, suggesting a friend has invited me to join reunion.com. That friend never invited me and had 400 people spammed from her contacts list." (FAC ¶66.)
- "Reunion.com tricks you into going to website because 'somebody is looking for you' . . ." (FAC ¶66.)
- "Reunion.com sent me an email saying that a friend was trying to contact me. When you click on their link, they somehow download all of your own address book contacts and send the same email to these new contacts using YOUR name, as if you want to contact them. . . . It is a scam that is going around, and it is—or should be—illegal!!!") (FAC ¶66.)

Second, Defendant seeks to strike allegations regarding Defendant's knowledge of an FTC action against third party Jumpstart Technologies (an action about nearly identical email practices). As examples, Defendant seeks to strike the following allegations:

- "The FTC itself has instituted legal action to challenge the same types of false and deceptive email headers, From lines, and Subject lines as Reunion.com uses. [¶] Upon information and belief, Reunion.com knew of the FTC's action against Jumpstart and chose to use the same types of headers, Subject lines, and From lines as did Jumpstart notwithstanding Reunion.com's knowledge." (FAC ¶¶12-13.)

- "After the publicity received from the FTC action against Jumpstart, many law firms and industry associations put out guidelines and advisories to help companies avoid violations like those alleged by the FTC." (FAC ¶14.)

Third, Defendant seeks to strike the allegations referencing legal decisions addressing analogous cases, even where those allegations also include highly relevant factual allegations. As an example, Defendant seeks to strike the following paragraph in its entirety simply because the final sentence mentions a court decision.

- "For example consider this exchange between Reunion.com and this Better Business Bureau complainant (attached hereto as Exhibit C along with two other complaints made to the Better Business Bureau):

  **Complainant**: They deceptively mined my address book and sent an email allegedly from me to thousands of contacts without my express permission. Resolution Sought: Send an apology letter to everyone in my address book, clarifying that I do not endorse their company or service, and that I did not authorize them to send an email in my name.

  **Reunion.com's Response**: Dear Customer, We understand that you are concerned about what happened. However, the only way that your address book is imported onto your Reunion.com account is for you to elect to do so. This is an option that is clearly stated on our site at the time of registration. If you wish to have everyone in your contact list removed so that they do not receive any further correspondence from your Reunion.com account you may do so simply by clicking on the

Case No. 08-CV-03518-MMC     3     **PLAINTIFFS' OPP. TO DEF'S MTN TO STRIKE PORTIONS OF FAC**

"Friends" tab at the top of the page. Should you need further assistance please feel free to contact us at 1-888-704-1900. Best Regards, Reunion.com

**Complainant's Rebuttal**: The only thing that's clear in hindsight is that Reunion.com is attempting to fool people into furnishing their address book password so they can spam in other people's name. NO ONE would EVER knowingly allow a company to send an email to EVERYONE in their address book, sight unseen, signed from themselves, endorsing ANYTHING. I have almost 2000 names in my Yahoo address book, and I'M not allowed to send a message to MY OWN entire contact list, because it's disallowed by Yahoo as SPAM. How can you tell me that when YOU do it (in my name and without my knowledge no less), it ISN'T spamming? It's OUTRAGEOUS to pretend otherwise. I can't wait to hear why Reunion.com doesn't provide users a preview of the letter they send in the user's name! This business should be shut down. I deserve an apology, and frankly, as recompense, I would like to send an email to everyone in Reunion.com's address book. You KNOW what it would say. (all emphasis in original).

**Reunion.com's Final Response**: Dear Customer, We sincerely apologize for any inconvenience this incident may have cause [sic] you or any of your contacts. We will make sure that your suggestions and concerns are forwarded to the appropriate department. Should you have additional questions you may contact us at 1-888-704-1900. Thank you and have a fantastic day! Best Regards, Reunion.com

"The above exchange took place in April of this year, and Reunion.com continues to knowingly engage in conduct that is not only likely to mislead a reasonable person, but is frequently misleading reasonable people. Reunion.com continues to do so notwithstanding how easy it would be to change the procedures by which its Emails are sent, and to conform the content of the Emails to the true facts. For example, Reunion.com could refrain from using the deceptive practices described below, such as using pre-clicked boxes to purportedly obtain consumer consent. Its adamant refusal to do so more than satisfies the *Mummagraphics* standard." (FAC ¶55.)

## ARGUMENT

Under Federal Rule of Civil Procedure 12, a court may strike allegations that are redundant, immaterial, impertinent, or scandalous. Courts disfavor motions to strike

1  under Rule 12(f) because of the limited importance of pleadings in federal practice and
2  because motions to strike are often used as a delaying tactic. *See Mag Instrument, Inc.*
3  *v. JS Prods., Inc.*, 595 F. Supp. 2d 1102, 1106 (C.D. Cal. 2008). A legitimate motion to
4  strike seeks to avoid the expenditure of time and money that will arise from litigating
5  spurious issues by dispensing with those issues prior to trial. *See Cisneros v. Instant*
6  *Capital Funding Group, Inc.*, 263 F.R.D. 595, 610 (E.D. Cal. 2009). A motion to strike
7  may be granted only when it is <u>absolutely clear</u> that the matter to be stricken could have
8  no possible bearing on the subject matter of the litigation. *Reese v. Barton Healthcare*
9  *Sys.*, 606 F. Supp. 2d 1254, 1260 (E.D. Cal. 2008). Moreover, given the disfavored
10 status of motions to strike, courts often require a showing of prejudice by the moving
11 party before considering a motion to strike. *See New York City Employees' Ret. Sys. v.*
12 *Berry*, 667 F. Supp. 2d 1121, 1128 (N.D. Cal. 2009). Where the moving party cannot
13 adequately demonstrate such prejudice, courts will deny a motion to strike even when
14 the contested allegations are technically within one or more of the categories in Rule
15 12(f). *See id.*

16 In determining whether to grant a motion to strike, a district court must view the
17 pleadings in a light most favorable to the non-moving party. *See Monaco v. Bear*
18 *Stearns Residential Mortg. Corp.*, 554 F. Supp. 2d 1034, 1042 (C.D. Cal. 2008). A court
19 should grant a motion to strike only when the court is convinced that there are no
20 questions of fact, that there is no dispute as to the applicable law, and that under no set
21 of circumstances could the contested allegation relate to the litigation. *See Robinson v.*
22 *Managed Accounts Receivables Corp.*, 654 F. Supp. 2d 1051, 1064 (C.D. Cal. 2009).
23 Defendant has failed to satisfy these rigorous standards and its motion must be denied.

24 **A.  Defendant waived its right to move to strike the FAC by filing a prior Rule 12 motion on other grounds.**
25

26 A party waives its right to file a motion to strike under Rule 12(f) where the party
27 filed a pre-answer Rule 12 motion on other grounds, which did not include a motion to
28 strike. Rule 12(g) provides:

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

> Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.

Thus, a Rule 12(f) motion to strike must be raised at the same time as any other Rule 12 motion based on other grounds; otherwise, the moving party waives the right to bring the motion to strike.

Defendant already filed a motion under Rule 12(b), seeking to dismiss the FAC. Defendant failed to include a motion to strike as part of this prior Rule 12(b) motion. Thus, Defendant waived its right to bring a motion to strike under Rule 12(f).

**B.  Defendant waived its right to move to strike by filing an answer to the FAC before the disposition of its motion to strike.**

Defendant also waived its right to move to strike the FAC by filing an answer before the resolution of its motion to strike. Rule 12(f) provides that a party must make a motion to strike under Rule 12(f) before responding to the pleading. Here, Defendant filed an answer to the FAC at the same time it filed its motion to strike.

Ironically, Defendant argues that it cannot respond to the FAC because of the contested allegations. Still, Defendant's answer includes responses to the allegations that Defendant now seeks to strike. Had Defendant acted properly, it would have timely filed its motion and waited until the Court's resolution of the motion to strike before responding to the contested allegations. This is especially true where Defendant bases its motion to strike on the argument that the FAC "does not give the Defendant a fair opportunity to frame a responsive pleading." (Mot. 3:16-17.)

By responding to the allegations in the FAC, Defendant has waived its right to challenge them. On this basis alone, the Court must deny Defendant's motion.

**C.  The three categories of allegations targeted in Defendant's motion are neither immaterial nor redundant.**

As discussed above, Defendant seeks to sanitize the FAC's allegations in order to better its chances before the Court of Appeals if the Court were to grant its motion for interlocutory review (which it should not as explained in Plaintiffs' separately filed brief in

1  opposition to that motion). In particular, Defendant does not want the Court of Appeal to
2  see allegations that thousands upon thousands of consumers have been misled by
3  Defendant's false and deceptive emails, even after Defendant was aware that the FTC
4  considered the practices used by Defendant to be unlawful. These allegations are
5  directly relevant to Plaintiffs' claims under section 17529.5 and are not redundant or
6  immaterial, as Defendant argues.

As used in Rule 12(f):

- "Redundant Matter" means allegations that constitute a needless repetition of other averments. *See Sagan v. Apple Computer, Inc.*, 847 F. Supp. 1072, 1079 (C.D. Cal. 1994).
- "Immaterial Matter" means allegations that have no essential relationship to the claim for relief pled. *McArdle v. AT&T Mobility LLC*, 657 F. Supp. 2d 1140, 1149 (N.D. Cal. 2009)

Defendant targets three categories of allegations in the FAC:

1. **Consumer Complaints:** Defendant seeks to strike allegations of consumer complaints about Defendant's email practices. However, these allegations illustrate that Defendant's emails deceived reasonable consumers, which is relevant to Plaintiffs' claims. (Mot. at 8:5-15.)

2. **Defendant's Knowledge of Jumpstart Action:** Defendant seeks to strike allegations regarding Defendant's knowledge of an FTC action against third party Jumpstart Technologies (an action about nearly identical email practices). However, these allegations concern Defendant's knowledge of its misconduct and its bad faith in continuing to use deceptive email practices. (Mot. at 8:17-9:7.)

3. **References to Analogous Cases:** Defendant seeks to strike the FAC's references to legal decisions addressing analogous cases. While Defendant argues that the allegations are redundant, they appear nowhere else in the FAC

Case No. 08-CV-03518-MMC     7      **PLAINTIFFS' OPP. TO DEF'S MTN TO STRIKE PORTIONS OF FAC**

and are directly relevant to Plaintiffs' claims. (Mot. at 9:9-17.)[1]

These three categories are at the heart of Plaintiffs' claims, and Defendant can provide no cogent argument to the Court to strike them. Accordingly, the Court should deny Defendant's motion.

### 1. The FAC's allegations of consumer complaints are directly relevant to Plaintiffs' section 17529.5 claims.

Defendant argues that the FAC's allegations of consumer complaints, including actual quotations from consumer complaints, are immaterial and/or redundant. That's plainly untrue, in particular because this case is about false and deceptive emails. Plaintiffs have asserted a claim against Defendant under California Business & Professions Code section 17529.5(a)(3). This section applies to subject lines that are likely to mislead a recipient, acting reasonably under the circumstances, about a material fact regarding the contents or subject matter of the email. The FAC's descriptions of consumer complaints show that consumers, the government, and public interest groups all found Defendant's emails misleading.

Moreover, allegations regarding consumer complaints help explain why, in particular, consumers found Defendant's emails misleading and what the consequences were to consumers of being misled. All of these facts are directly relevant to Plaintiffs' claims because whether a subject line is deceptive under section 17529.5(a)(3) is judged from the view of a reasonable person. *See ASIS Internet Services v. Subscriberbase Inc.*, No. 09-3503, 2010 WL 1267763, *2 (N.D. Cal. April 1, 2010). The FAC's allegations of consumer complaints support Plaintiffs' claim that the emails sent

---

[1] It is telling that Defendant does not seek to strike only the contested portion of an allegation, but rather the entire allegation itself. As a limited example only, Defendant seeks to strike the entirety of Paragraph 55 from the FAC as redundant "legal argument." However, Paragraph 55 contains virtually no legal argument—merely a single reference to a case in the last sentence. Instead, Paragraph 55 demonstrates that Defendant knew its email practices were likely to deceive Plaintiffs acting reasonably under the circumstances.

Defendant's effort to indiscriminately strike entire allegations further evidences Defendant's efforts to sanitize the record of any details about its misconduct.

Case No. 08-CV-03518-MMC      8      **PLAINTIFFS' OPP. TO DEF'S MTN TO STRIKE PORTIONS OF FAC**

by Defendant were likely to mislead, and in fact did mislead, reasonable people.

Moreover, the FAC's allegations of consumer complaints are not redundant. A motion to strike redundant material must be denied where the supposed redundancy consists only of alleging specifically that which has been alleged generally in other paragraphs. *See Sagan*, 847 F. Supp. at 1079. As discussed above, the FAC's allegations of consumer complaints provide details about consumers being misled by Defendant's emails. Contrary to Defendant's argument, these statements are not redundant or prolix—but contain specific facts about consumers' reactions to Defendant's emails.[2] Importantly, Rule 12 is not designed to remove all facts, color, or explanation contained in a complaint. Plaintiffs are the masters of their complaint and are permitted to describe their claims as they see fit. Defendant's motion must be denied as an effort to re-write the FAC to serve its interests.

### 2. The FAC's allegations about Defendant's knowledge of the *Jumpstart* case are relevant to Plaintiff's claims.

Defendant asks the Court to strike the FAC's references to the *Jumpstart* case as redundant and immaterial. Again, Defendant's motion fails where the allegations are directly relevant to Plaintiffs' claims.

The FAC explains that before Defendant sent the emails at issue, the FTC brought a legal action challenging Jumpstart Technologies' use of the same type of false and deceptive emails. The FAC further alleges that the FTC took the position that such emails were false and deceptive and likely to mislead a reasonable person. Finally, the FAC alleges that Defendant knew about the *Jumpstart* litigation, and thus knew that the FTC considered such practices unlawful, yet chose to use the same types of headers, subject lines, and from lines as did Jumpstart. In fact, the FAC alleges that

---

[2] Defendant also argues that actual consumer complaints, which are attached to the FAC, speak for themselves. It's unclear how Defendant's argument relates to a motion to strike. Whether a document speaks for itself is not a recognized basis for sustaining a motion to strike. To the contrary, the fact that these documents speak for themselves suggests that they are properly attached to the FAC.

1  Defendant engaged in this misconduct despite the widespread publication of guidelines
2  counseling against such practices as unlawful. Notably, Defendant's answer does not
3  deny that Reunion.com knew about the FTC's action against Jumpstart and chose to
4  use the same types of headers, subject lines, and from lines as did Jumpstart
5  notwithstanding this knowledge. (Answer to FAC ¶13.)

6  These allegations are directly relevant to Plaintiffs' claims under section 17529.5.
7  These allegations establish Defendant's bad faith in its continuing to use deceptive
8  email practices, even after such practices had been deemed unlawful by the
9  government and consumer watchdogs. These allegations also establish Defendant's
10 bad faith in its continuing to use deceptive email practices after law firms and industry
11 associations published guidelines that steered companies away from using the
12 deceptive email practices employed by Defendant. Among other things, these
13 allegations of Defendant's bad faith go to the amount of statutory damages to be
14 awarded under section 17529.5, which the Court can reduce from $1,000 per email to
15 $100 per email if it finds that Defendant acted in good faith. These allegations
16 demonstrate that no such reduction is warranted.

17 Defendant fails to address this point in its brief. Instead, Defendant argues that
18 the FAC suggests "that the FTC has ruled that Defendant engaged in similar conduct
19 that is unlawful under the standards imposed on another litigant in another matter."
20 (Mot. 8:25-27.) This is clearly not what the FAC alleges. Rather, the allegations state
21 that before sending the emails at issue, Defendant was aware that the FTC deemed
22 unlawful the conduct of a third party that was nearly identical to Defendant's email
23 practices.[3] Because the *Jumpstart* allegations are directly relevant to Plaintiffs' claims,
24 they cannot be stricken.

25 **3. The FAC's references to case law are not redundant or otherwise covered by Rule 12(f).**

---

[3] While Defendant suggests that these allegations are also redundant, Defendant fails to explain how they are redundant or what allegation they repeat.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

Defendant moves to strike allegations in the FAC about legal decisions in other email marketing cases. However, Defendant fails to provide a valid basis for striking these allegations. Nor could Defendant provide any such basis, as these decisions address facts directly analogous to those at issue in this action.

Defendant argues that these allegations are redundant because similar references appear in Plaintiffs' prior briefs. However, in order to be stricken as redundant, the allegedly redundant allegations must refer to allegations that appear repeatedly *in the same pleading*. *See Lamke v. Sunstate Equip. Co.*, 387 F. Supp. 2d 1044, 1047 (N.D. Cal. 2004) (interpreting Rule 12(f)'s use of the term "redundant" to refer to a claim that essentially repeats another claim in the same complaint). The term "redundant" does not refer to allegations that simply overlap with material included in other court filings. Defendant fails to cite to any authority even suggesting that the term "redundant" could be understood in the manner used by Defendant.[4]

Ironically, Defendant complains that it would be unfair to require Defendant to respond to these allegations. (Mot. at 3:16-17.) However, Defendant already filed an answer to the FAC, including to these very allegations. Defendant's motion to strike these allegations is simply an effort to sanitize the record for Defendant's appeal. Such tactics are not permitted, and the Court must deny the Defendant's motion.

**D. Defendant cannot show how any allegation in the FAC will cause it prejudice.**

Even if the contested allegations were subject to a motion to strike—and they are not—Defendant has failed to show that it would suffer any prejudice if the allegations remain in the FAC. A party seeking to strike a pleading's allegations must show that it would be prejudiced if the allegations remain in the pleading. *See California Dept. of Toxic Substances Control v. Alco Pacific, Inc.*, 217 F.Supp.2d 1028, 1033 (C.D. Cal.

---

[4] Defendant does not argue that these allegations are not relevant to this action. Nor could it. The allegations address email marketing cases analogous to this action, including whether a header or subject line is false, misleading, or deceptive, and whether a section 17529.5 claim falls within CAN-SPAM's safe harbor.

2002). The types of prejudice the moving party must demonstrate include the possibility that claims will be unnecessarily complicated or that the trier of fact will draw unwarranted inferences at trial from the contested allegations. *See Campagnolo S.R.L. v. Full Speed Ahead, Inc.*, 258 F.R.D. 663, 665 (W.D. Wash. 2009). Merely because a complaint contains a statement of the facts that is bad for a Defendant's case is not the kind of prejudice that can justify a motion to strike. Where the moving party cannot adequately demonstrate such prejudice, courts frequently deny motions to strike even when the contested allegations are technically within one or more of the categories set forth in Rule 12(f). *New York City Employees' Ret. Sys.*, 667 F. Supp. 2d at 1128.

Here, Defendant has not even tried to show that it would be prejudiced if the contested allegations remain in the FAC. *See Corr. USA v. Dawe*, 504 F. Supp. 2d 924, 938 (E.D. Cal. 2007). Defendant's motion contains what can best be described as a pair of half-arguments regarding prejudice, neither of which is credible.

First, Defendant argues that the FAC "does not give the Defendant a fair opportunity to frame a responsive pleading." (Mot. at 3:16-17.) However, <u>Defendant has already filed an answer to the FAC, including as to those allegations it now seeks to strike</u>. Defendant's come-lately argument conflicts with the actual posture of this action, not to mention with its own actions, and thus should be disregarded.

Second, Defendant argues that the FAC would "consume Defendant's resources" and "fan the flames of an already contentious litigation." (Mot. 9:4-5.) This single sentence does not provide Plaintiffs or the Court with any details about how Defendant would be prejudiced. It does not explain how the contested allegations would cause Defendant to consume more resources than if those allegations were stricken. Contrary to Defendant's argument, putting Defendant on notice of the particulars of Plaintiffs' claims is likely to streamline this litigation by informing Defendants of the particulars of Plaintiffs' proof. If the allegations in question do "fan the flames" of this case, it is because they shed light on the scope of Defendant's considerable wrongdoing, which wrongdoing Defendant would like to keep hidden from public view. Defendant has

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

simply failed to establish that it would be prejudiced by the allegations in the FAC. For this reason alone, the Court must deny Defendant's motion.

## CONCLUSION

For all of the reasons set forth above, the Court should deny Defendant's motion to strike.

Respectfully submitted,

DATED: May 21, 2010

**KRONENBERGER BURGOYNE, LLP**

By: /s/ Henry M. Burgoyne, III
Henry M. Burgoyne, III
Karl S. Kronenberger
Jeffrey M. Rosenfeld
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158

**SHAPIRO HABER & URMY LLP**

Edward F. Haber (admitted *pro hac vice*)
Todd S. Heyman (admitted *pro hac vice*)
Ian J. McLoughlin (admitted *pro hac vice*)
Robert E. Ditzion (admitted *pro hac vice*)
53 State Street
Boston, MA 02109
Telephone: (617) 439-3939
Facsimile: (617) 439-0134