**KRONENBERGER BURGOYNE, LLP**
Henry M. Burgoyne, III (CA Bar No. 203748)
Karl S. Kronenberger (CA Bar No. 226112)
Jeffrey M. Rosenfeld (CA Bar No. 222187)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
hank@KBInternetLaw.com
karl@KBInternetLaw.com
jeff@KBInternetLaw.com

**SHAPIRO, HABER & URMY LLP**
Edward F. Haber (admitted *pro hac vice*)
Todd S. Heyman (admitted *pro hac vice*)
Ian J. McLoughlin (admitted *pro hac vice*)
Robert E. Ditzion (admitted *pro hac vice*)
53 State Street
Boston, MA 02109
Telephone: (617) 439-3939
Facsimile: (617) 439-0134
ehaber@shulaw.com
theyman@shulaw.com
imcloughlin@shulaw.com
rditzion@shulaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **VIOLETTA HOANG, LIVIA HSIAO, MICHAEL BLACKSBURG, and MATTHEW HALL**, individually and on behalf of a class of similarly situated persons,<br><br>Plaintiffs,<br><br>vs.<br><br>**REUNION.COM, INC.**, a California corporation,<br><br>Defendant. | Case No. 08-CV-03518-MMC<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO CERTIFY MARCH 31, 2010 ORDER FOR INTERLOCUTORY REVIEW**<br><br>Date: June 11, 2010<br>Time: 9:00 a.m.<br>Place: Courtroom 7<br>Judge: Hon. Maxine M. Chesney |

## INTRODUCTION

In *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040 (9th Cir. 2010), the Ninth Circuit set binding precedent on the issues of: a) Article III standing for claims brought under state email marketing laws; and b) the scope of CAN-SPAM preemption (collectively, the "Relevant Issues"). There is no other Ninth Circuit case on the Relevant Issues, much less one that disagrees with *Gordon*. Nor is there a single operative district court order within the Ninth Circuit—or anywhere, as far as Plaintiffs can tell—disagreeing with *Gordon*. In fact, it is hard to imagine a body of issues in relation to which there exists a greater degree of agreement. Defendant's disapproval of *Gordon* aside, that uniformity of opinion as to the Relevant Issues is sufficient to compel the denial of Defendant's Motion to Certify March 31, 2010 Order for Interlocutory Review (the "Motion").

Defendant makes much of a supposed one-time disagreement amongst certain district courts as to the Relevant Issues. To the extent it existed, however, that disagreement predated *Gordon*, and has since been resolved. It thus is utterly irrelevant to Defendant's Motion. Also irrelevant are the scattered other circumstances that Defendant points to—a lower state court opinion occurring days after Gordon, for example, and the supposed opinions of Plaintiffs' attorneys. The only difference of opinion relevant to Defendant's Motion would be one on which the Ninth Circuit had not yet spoken, and on which there was a split in authorities elsewhere. Here, neither of those circumstances is present.

Defendant's Motion, like so many of Defendant's other tactics, is a transparent effort to delay this litigation, which is quickly nearing the end of its second year. It is inconceivable that certifying questions for potential interlocutory review—in particular questions in relation to which there exist clear rules of law—will materially advance this litigation. Defendant elsewhere advocates for a stay of this entire matter. The Court should plot another course by denying Defendant's Motion, allowing discovery to commence, and moving this case toward trial.

Case No. 08-CV-03518-MMC         1         **PLAINTIFFS' OPP. TO MTN TO CERTIFY ORDER FOR INTERLOCUTORY REVIEW**

## BACKGROUND

Plaintiffs filed this action on July 23, 2008, alleging that Defendant sent emails to Plaintiffs, which contained false and deceptive header information and subject lines in violation of California Business & Professions Code section 17529.5. [D.E. No. 1.] The Court dismissed Plaintiffs' original claims as preempted by CAN-SPAM, 15 U.S.C. §7707(b)(1), because Plaintiffs had not alleged that they relied on the emails at issue, or that they incurred any harm as a result of relying on the emails. [D.E. No. 33.]

On October 24, 2008, Plaintiffs filed a first amended complaint (the "FAC"). [D.E. No. 36.] Again, Defendant moved to dismiss. [D.E. No. 46.] This time, the Court found that Plaintiffs had sufficiently alleged material misrepresentations in the emails at issue, as contemplated by section 17529.5. [D.E. No. 55.] However, the Court found that the claims in the FAC were still preempted by CAN-SPAM where Plaintiffs had not pled reliance or damages. [D.E. No. 55.] The Court also suggested that it would not have subject matter jurisdiction over a section 17529.5 claim if Plaintiffs had not suffered any actual harm from the emails, or stated differently, the Court suggested that Plaintiffs would lack Article III standing. [D.E. No. 55.]

On May 29, 2009, Plaintiffs filed a second amended complaint ("SAC"). [D.E. No. 74.] Defendant moved to dismiss yet again, and also moved for sanctions under Rule 11. [D.E. Nos. 75, 87.] Plaintiffs subsequently withdrew the SAC, and the Court denied Defendant's motion for sanctions. [D.E. Nos. 78, 108.] However, the Court did not then simply enter final judgment based on its previous dismissal of the FAC. Instead, on October 20, 2009, the Court asked the parties to file supplemental briefing to address whether the Court should reconsider its order dismissing the FAC in light of the Ninth Circuit's recent decision in *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040 (9th Cir. 2009), a case involving a Washington state statute substantially similar to section 17529.5.[1] [D.E. No. 100.]

---

[1] In its October 20, 2009 order, the Court deemed the SAC as withdrawn, thereby making the FAC the operative complaint in this action. [D.E. No. 100]

*Gordon* defined the law for the Ninth Circuit regarding both Article III standing under state email marketing statutes and the scope of CAN-SPAM's preemption clause. As for standing, the Ninth Circuit devoted pages of analysis to finding that the *Gordon* plaintiff was not "aggrieved" under CAN-SPAM. Despite the absence of evidence that the plaintiff had suffered any actual harm, however, the court concluded that it had Article III standing to consider, and did consider, the plaintiff's state law claims. On the issue of preemption, the Ninth Circuit looked to the general law of federal preemption and to CAN-SPAM's legislative history, concluding that "a State law prohibiting fraudulent or deceptive headers, subject lines, or content in commercial e-mail would not be preempted." *Gordon* did not hold that a state law claimant must plead and prove each and every element of common law fraud claim to avoid preemption. To the contrary, the Ninth Circuit concluded that the *Gordon* plaintiff "was not in any way misled or deceived" by the alleged emails, but never so much as suggested that circumstance as justifying its finding of preemption.

The parties fully briefed *Gordon*, and on March 31, 2010 the Court issued an Order Reconsidering and Vacating in Part December 23, 2008 Order and Denying the Defendant's Motion for Sanctions. [D.E. Nos. 107 (the "Order") & 108.] In its Order, the Court held: 1) that Plaintiffs' "allegation that each plaintiff received from defendant one or more commercial e-mails containing 'false and deceptive statements' is sufficient at the pleading stage to support each such plaintiff's [Article III] standing to bring a claim under § 17529.5)(a) [sic]"; and 2) that Plaintiffs' "failure to allege they relied to their detrimental [sic] on the alleged false statements in defendant's e-mails does not constitute a ground for dismissal of their claims" under 15 U.S.C. § 7707(b)(1) (collectively, the "Relevant Issues"). (Order at 7 and 10 (internal citations omitted).) Thus, the Order vacated the Court's prior decision dismissing the FAC.

On April 26, 2010 Defendant filed a motion to certify the Order for interlocutory review under 28 U.S.C. §1292(b).

Case No. 08-CV-03518-MMC  3  **PLAINTIFFS' OPP. TO MTN TO CERTIFY ORDER FOR INTERLOCUTORY REVIEW**

## ARGUMENT

In order to certify an order for an interlocutory appeal under 28 U.S.C. §1292(b), a district court must find: (1) that the order involves a controlling question of law, (2) that there is a substantial ground for difference of opinion, and (3) that an immediate appeal from the order may materially advance the ultimate termination of the litigation. *Loritz v. CMT Blues,* 271 F. Supp. 2d 1252, 1253-54 (S.D. Cal. 2003).

The threshold for certifying a question of law for interlocutory review is a high one. *See Ass'n of Irritated Residents v. Fred Schakel Dairy*, 634 F. Supp. 2d 1081, 1087 (E.D. Cal. 2008). In passing §1292(b), Congress did not intend for courts to abandon the ordinary rule that there can be but one final judgment in each case. *United States v. Woodbury,* 263 F.2d 784, 788 n. 11 (9th Cir.1959). Because §1292(b) is a departure from the normal rule that only final judgments are appealable, the statute must be construed and applied narrowly. *James v. Price Stern Sloan, Inc.,* 283 F.3d 1064, 1068 n. 6 (9th Cir.2002). Thus, interlocutory review should be granted sparingly and only in exceptional cases. *See Woodbury,* 263 F.2d at 788 n. 11.

In accordance with those principles, a party seeking interlocutory review has the burden of persuading the court that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment. *Fred Schakel Dairy*, 634 F. Supp. 2d at 1087, quoting *Cooperes & Lybrand v. Livesay*, 437 US. 463, 475 (1978). A court must weigh the asserted need for the proposed interlocutory appeal with the established policy of discouraging piecemeal litigation. *Id.* at 475, quoting *In re Heddendorf,* 263 F.2d 887, 889 (1st Cir.1959).

Defendant's motion to certify the Order for interlocutory review does not come close to clearing that high bar, in particular because it neither demonstrates a difference of opinion as to the Relevant Issues (in particular within the Ninth Circuit) nor shows how interlocutory review will materially advance the ultimate termination of the litigation.

//

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

### A. Within the Ninth Circuit, no difference of opinion exists regarding either standing under section 17529.5 or the scope of CAN-SPAM preemption.

Before invoking the exceptional remedy of certifying an order for interlocutory review, the moving party must demonstrate that substantial grounds for a difference of opinion exist regarding the controlling question of law. *Loritz,* 271 F. Supp. 2d at 1253-54. To demonstrate substantial grounds for a difference of opinion, the moving party must show a difference of opinion among judicial bodies. *Envtl. Prot. Info. Ctr. v. Pac. Lumber Co.*, No. 01-2821, 2004 WL 838160, *3 (N.D. Cal. Apr. 19, 2004). As relates to this Court, <u>where there is controlling Ninth Circuit precedent, any difference of opinion between that Ninth Circuit authority and authority from other jurisdictions is immaterial to the certification issue (though there is no such split among the circuits)</u>. *See id.* at *4 n.8 (stating that "[b]inding precedent, in fact, demands that this court ignore [non-Ninth Circuit authority]" in a §1292(b) inquiry"). Likewise, <u>where a district court in the Ninth Circuit is in agreement with the Ninth Circuit itself, there cannot be a difference of opinion sufficient for interlocutory review, regardless of what other judicial bodies may have held</u>. *Hightower v. Schwarzenegger*, No. 04-06028, 2009 WL 3756342, *4 (E.D. Cal. Nov. 6, 2009) (finding that "when an appellate court is in complete and unequivocal" agreement with a district court, there is no "substantial ground for difference of opinion" (internal quotations omitted)); *S.A. ex rel. L.A. v. Tulare County Office of Educ.*, No. 08-1215, 2009 WL 331488, *5 (E.D. Cal. Feb. 10, 2009) (same).

A party's disagreement with a court's ruling is not sufficient to establish substantial grounds for a difference of opinion. *See Hansen v. Schubert,* 459 F. Supp. 2d 973, 1000 (E.D. Cal. 2006). Similarly, a difference of opinion does not exist merely because there is a dearth of cases or because the disputed issue is a question of first impression. *Tulare County Office of Educ.,* 2009 WL 331488 at *5. As explained below, Defendant has not shown substantial grounds for a difference of opinion regarding the Relevant Issues.

//

### 1. As this Court already concluded, *Gordon* necessarily resolves both of the Relevant Issues.

On August 6, 2009 the Ninth Circuit announced its decision in *Gordon v. Virtumundo* ("*Gordon*"), 575 F.3d 1040 (9th Cir. 2009). As this Court recognized in its Order, *Gordon*–the only Ninth Circuit authority addressing the Relevant Issues–resolved both of them, thus obviating any need for immediate appellate review of the Order.

As relates to Article III standing, the Ninth Circuit concluded that the *Gordon* plaintiff had failed to demonstrate any harms from the emails there at issue. Still, the *Gordon* court addressed the merits of the *Gordon* plaintiff's claims as brought under Washington state law. *Id.* at 1059-59. As this Court observed on page 4 of its Order, had the *Gordon* plaintiff lacked Article III standing as a result of its failure to suffer any harms, the Ninth Circuit would have been prevented from even considering the merits of the plaintiff's claims. *See also United States v. Hays*, 515 U.S. 737, 742 (1995). Like Section 17529.5, the Washington statute at issue in *Gordon* created private party standing in connection with the receipt of emails that contain materially misleading or otherwise unlawful subject lines and headers. (Order at 3, 6.) Given that similarity, *Gordon* established that a plaintiff who suffers no cognizable harms still has Article III standing to bring section 17529.5 claims.[2]

Similarly, *Gordon* established that a state law plaintiff need not plead reliance and consequential damages to avoid preemption under CAN-SPAM, 15 U.S.C. §7707(b)(1). The *Gordon* court observed that a presumption exists against supplanting the historical police powers of the states by federal legislation. *Gordon*, 575 F.3d at 1060. The *Gordon* court further observed that CAN-SPAM's legislative history suggested a Congressional intent to permit state regulation of "fraudulent or deceptive" subject lines and headers. *Id.* at 1062. Prior to CAN-SPAM, states had enacted myriad consumer protection statutes–some, such as the Washington state statute at issue in Gordon,

---

[2] As this Court also concluded, the violation of a right created by a state legislature—in this case, the right not to receive email violating section 17529.5—is sufficient to establish Article III standing. (Order at 5.);

| Case No. 08-CV-03518-MMC | 6 | **PLAINTIFFS' OPP. TO MTN TO CERTIFY ORDER FOR INTERLOCUTORY REVIEW** |

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

directed specifically toward email–imposing liability for false or misleading statements that did not result in consumer reliance. (Order at 9-10.) As this Court concluded, Congress must have been aware of those statutes at the time it enacted CAN-SPAM. (*Id.* at 10.) Accordingly, Congress's carveout for "fraudulent or deceptive" subject lines and headers can only be understood as "exempting [those statutes] from preemption." (*Id.* at 10.) As this Court further observed, the Ninth Circuit recognized that the *Gordon* "plaintiff 'was not in any way misled or deceived' by the emails he received," but did not "suggest that such deficiency provided an additional basis for its finding of preemption," thus foreclosing any argument that a state law plaintiff must plead reliance and consequential damages to avoid preemption under CAN-SPAM. (*Id.* at 10 n.5.)

Defendant spends a significant part of its opening brief addressing irrelevant and non-precedential authority—such as tentative decisions from the California Superior Court—but barely discusses *Gordon*. Nowhere, for example, does Defendant attempt to describe any inconsistency between this Court's Order and *Gordon,* or to highlight any ambiguity in *Gordon* that might support Defendant's arguments. Nor, of course, can Defendant point to any other Ninth Circuit authority supposedly at odds with *Gordon*, or with this Court's holding, since *Gordon* is the single, controlling Ninth Circuit case on the Relevant Issues. At times, Defendant makes a half-hearted attempt to distinguish *Gordon* and other CAN-SPAM decisions from this one, on the ground that those cases involved "service providers with at least a plausible likelihood of substantial injury . . ."[3] (Motion at 16.) That argument, of course, plainly misrepresents *Gordon*, since any "plausible likelihood" aside, the *Gordon* plaintiff was expressly found to have demonstrated no cognizable harm, let alone a substantial injury. Neither *Gordon* nor any district court case on the subjects of Article III standing and CAN-SPAM preemption draws the distinction suggested by Defendants. This Court should decline Defendant's invitation to retroactively re-write these judicial opinions to suit Defendant's interests

---

[3] Defendant provides no information about this "plausible likelihood of substantial injury" for service providers versus consumers, other than briefly mentioning it.

here.

The Ninth Circuit's decision in *Gordon* resolved both of the Relevant Issues. Because the Ninth Circuit has set forth controlling law as to the Relevant Issues, there cannot be a substantial ground for a difference of opinion as relates to this Court's Order. On that basis alone, Defendant's motion must be denied.

### 2. There can be no difference of opinion where this and every other court to address the Relevant Issues agrees with the Ninth Circuit.

Defendant makes any number of arguments regarding a supposed difference of opinion as to the Relevant Issues. However, <u>because there is relevant Ninth Circuit precedent, and because this Court's Order is in agreement with that precedent—not to mention with the orders of every other court in this District—there cannot be a difference of opinion sufficient for interlocutory review</u>. *Envtl. Prot. Info. Ctr.*, 2004 WL 838160 at \*3; *Hightower*, 2009 WL 3756342 at \*4; *Tulare County*, 2009 WL 331488 at \*5.

Defendant argues, for example, that this Court's previous different rulings on the Relevant Issues "illustrate that substantial grounds for difference of opinion exist." (Motion at 12:10-11.) <u>The Court's opinions prior to *Gordon*, however, are plainly and utterly irrelevant to the interlocutory appeal inquiry</u>. As discussed above, *Gordon* defined the law as to the Relevant Issues. Thus, pre-*Gordon* decisions regarding the Relevant Issues–in particular as authored by a lower court–cannot create a difference of opinion or otherwise warrant interlocutory review. The fact that this and perhaps other courts may have conformed certain of their rulings to *Gordon* is, if anything, an indication that any prior difference of opinion has been resolved.

In an attempt to avoid that obvious truth, Defendant falls back on *Omega World Travel v. Mummagraphics, Inc.*, 469 F.3d 348, 353-56 (4th Cir. 2006). Essentially, Defendant argues that because the Ninth Circuit did not question or overturn *Mummagraphics*, any departure by this Court from its pre-Order rulings—which cited to and relied on *Mummagraphics*—demonstrates a difference of opinion. Of course, this argument ignores that *Mummagraphics* was not a Ninth Circuit case. It was a Fourth

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

Circuit case that, by any standard, is irrelevant to Defendant's motion to certify the Order for interlocutory review. More importantly, Defendant ignores that *Mummagraphics* did not hold that a state law plaintiff must plead and prove reliance and damages to avoid CAN-SPAM preemption. On the contrary, *Mummagraphics* merely held that CAN-SPAM's preemption provision preempts state law claims that are based entirely on immaterial errors in the emails—an issue not raised here. The Ninth Circuit certainly did read *Mummagraphics* as imposing that holding. *See Gordon*, 575 F.3d at 1061 (stating that the Fourth Circuit in *Mummagraphics* found that Congress did not intend to allow states to enact laws "that prohibit 'mere error' or 'insignificant inaccuracies'" and that CAN-SPAM's exception clause refers to "traditionally tortious or wrongful conduct"). By any measure, this Court's Order is in agreement with *Gordon*, if not also with *Mummagraphics*. Accordingly, there exists no difference of opinion sufficient to justify interlocutory review.

Elsewhere, Defendant argues that state courts have issued decisions that conflict with *Gordon* in that they require a section 17529.5 plaintiff to plead reliance and damages to avoid preemption. This argument, too, fails for a number of reasons. First, state court decisions in conflict with the Ninth Circuit are of no consequence. Both this Court and the Ninth Circuit must follow *Gordon* until that decision is either overruled by a panel *en banc* or by the Supreme Court. *See Yong v. I.N.S.*, 208 F.3d 1116, 1119 n.2 (9th Cir. 2000) (stating that "once a federal circuit court issues a decision, the district courts within that circuit are bound to follow it and have no authority to await a ruling by the Supreme Court before applying the circuit court's decision as binding authority"). Second, the question of preemption—as in the scope of 15 U.S.C. §7707(b)—is a question of <u>federal</u> law, not state law. *In re Netflix Antitrust Litig.*, 506 F. Supp. 2d 308 (N.D. Cal. 2007). State court decisions on the scope of CAN-SPAM preemption thus are of entirely no moment. Third, even, if the decisions of California state courts were relevant, Defendant has cited to no precedential state court decision, *i.e.* Defendant has only cited to Superior Court decisions, and California trial courts do not, under California

1  law, issue binding precedents.  See 9 B. Witkin, *California Procedure*, §486 (5th ed.
2  2008).  Fourth and finally, of the three decisions Defendant cites, two were issued
3  before or within a few days of *Gordon.*  The remaining decision, issued in March 2010,
4  is in complete accord with *Gordon* in that it did not require a section 17529.5 plaintiff to
5  prove reliance or damages to state a claim.  See *Balsam v. Trancos, Inc.*, No. 471797
6  (Cal. Super. Ct. of San Mateo March 10, 2010) (Judgment and Final Statement of
7  Decision).  In fact, in *Balsam*, the San Mateo Superior Court included a detailed
8  analysis of why that plaintiff's section 17529.5 claims were not preempted, relying on
9  *Gordon*, *ASIS Internet Services v. Consumerbargaingiveaways LLC*, 622 F. Supp. 2d
10 935 (N.D. Cal. 2009); *ASIS internet Services v. SubscriberBase Inc.*, No. 09-3503, 2009
11 WL 4723338 (N.D. Cal. Dec. 4, 2009); *ASIS Internet Services v. Vistaprint USA Inc.*,
12 617 F. Supp. 2d 989 (N.D. Cal. 2009); and *Ferguson v. Friendfinders Inc.*, 94 Cal. App.
13 4th 1255 (2002).  Even if state law decisions were relevant, those cited by Defendants
14 would not justify the finding of a difference of opinion.

15 Still elsewhere, Defendant argues that Plaintiffs' attorneys have taken
16 supposedly conflicting positions regarding the Relevant Issues in different legal actions,
17 and that such supposed conflicts indicate a difference of opinion.  Again, that argument
18 completely misses the mark, in that Plaintiffs' attorneys' opinions are wholly irrelevant to
19 the question of whether there are substantial grounds for a difference of opinion
20 regarding the Relevant Issues.  This Court's Order is in perfect agreement with the
21 controlling Ninth Circuit opinion in *Gordon*.  Whatever the opinion of Plaintiffs' attorneys,
22 there is no basis to grant Defendant's motion to certify the Order for interlocutory
23 review.[4]

24 As this Court is well aware, <u>every United States district court to address CAN-
25 SPAM preemption since *Gordon* has found that a plaintiff need not plead or prove</u>

---

[4] In any event, the Court has already stated that an attorneys' conflicting legal position representing another party in another action is not relevant to the Court's determinations.  Defendant should stop its sophomoric attempts to sling mud at Plaintiffs' attorneys.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

<u>reliance or damages to state a claim</u>. In *ASIS Internet Services v. MemberSource Media, LLC*, No. 08-1321, 2010 WL 1610066, *3 (N.D. Cal. April 20, 2010), this Court found that a section 17529.5 plaintiff "need not plead reliance and damages in order for its claim to be excepted from preemption." In *ASIS Internet Services v. Subscriberbase Inc.*, No. 09-3503, 2010 WL 1267763, *13 (N.D. Cal. April 1, 2010), this Court found:

> [T]he purpose of the preemption clause is to achieve uniform regulation with respect to lawful advertisement activity, while allowing states to continue regulation [sic] the narrow field of "falsity and deception." Congress intended that preemption turn on the nature of the advertiser behavior that is being regulated. This can be achieved without requiring plaintiffs, under every state statute aimed at deceptive email, to plead reliance and damages. California may therefore prohibit emails that result in actual deception, and it may prohibit emails that attempt to deceive (just as CAN-SPAM Act does).

And in *Tagged, Inc. v. Does 1 through 10*, No. 09-01713, 2010 WL 370331, **passim* (N.D. Cal. Jan. 25, 2010), this Court allowed section 17529.5 claims to proceed without requiring reliance or damages. As a matter course, all three of those decisions relied on and followed *Gordon* as in addressing the pleading of section 17529.5 claims. <u>Its confusing and distracting rhetoric aside, Defendant cannot point to a single federal court anywhere in the Ninth Circuit, much less in this District, that disagrees with Gordon.</u> Simply said, there is no difference of opinion for the Ninth Circuit to resolve through interlocutory review.

Much as Defendant might like to believe there exists a substantial ground for difference of opinion as to the Relevant Issues, there is none. This Court's Order is in perfect agreement with *Gordon*, the unquestioned controlling law of this circuit. Accordingly, there is no basis on which to grant Defendant's motion to certify the Order for interlocutory review, and that motion must therefore be denied.

**B.   Delaying this action for several more months will not help with a speedy resolution.**

Defendant argues that certifying the Order for interlocutory review will materially advance the ultimate termination of this litigation. It cannot be serious. Under

Defendant's logic, all denials of potentially dispositive interlocutory orders (e.g., summary adjudication, failure to state a claim) would be immediately appealable. *Envtl. Prot. Info. Ctr.*, 2004 WL 838160 at *3. "Neither the statute nor existing precedent demand such a result. As the Ninth Circuit has long reminded, it is not enough to say that appellate reversal of a particular decision might dispose of an action (i.e., speed ultimate resolution)." *Id.* (internal quotations omitted). Moreover, courts must be wary that an immediate appeal will actually delay the litigation and further jeopardize the interests of the injured plaintiffs. Certification under 1292(b) is intended to be used in the few situations where an immediate appeal would more speedily terminate the litigation. *See Himebaugh v. Smith*, 476 F. Supp. 502, 512 (C.D. Cal. 1978).

This action has been pending <u>for nearly two years</u>. In all that time, no party has served a single discovery request, or taken a deposition. While all parties are obligated to retain information, there can be no question that as time passes, memories fade, and witnesses—particularly in the form of Defendant's employees and former employees—drift away. In addition, computer forensic discovery will only grow more difficult and expensive as new systems are put in place, files are backed up, and technologies change. Come discovery, Defendant already is sure to protest that certain of its historical data was generated by "legacy [computer] systems," and cannot now be retrieved other than at significant cost. Imagine how much worse the situation will be another 18 months from now?

More than two years after certain of the alleged wrongdoing took place, this action still is in the pleading stage. Although Defendant carefully avoids the issue in its Motion, it has elsewhere advocated that discovery be entirely stayed during the pendency of any certification and review period, which could take months, if not a year or more. In fact, Defendant's current position—as expressed in its improper Reply in Support of Application to Stay Discovery in These Proceedings—is that this entire case should be stayed pending any appellate resolution of the Relevant Issues. That, of course, is Defendant's ultimate objective: Not advancing this litigation, but further

delaying it.

Defendant's arguments regarding the advancement of this litigation all revolve around its highly speculative assumption that permitting the Ninth Circuit to again address the Relevant Issues will result in a different outcome. None of those arguments is supported by any authority, much less any actual indication that the Ninth Circuit waivered in *Gordon*, or is likely to change its mind. Defendant's motion amounts to an exercise in wishful thinking, masquerading as an attempt to materially advance a case that it has done everything within its power to delay.

Plaintiffs are entitled to prosecute their case. Plaintiffs' rights will not be advanced, and the adjudication of their claims will not be made more efficient, by certifying the Court's prior order for interlocutory review, much less by delaying this litigation for months or years while Defendant seeks supposed guidance in relation to issues as to which the Ninth Circuit has, as recognized by this Court, already spoken.

## CONCLUSION

For all of the reasons set forth above, the Court should deny Defendant's Motion to Certify the Court's Order.

Respectfully submitted,
DATED: May 7, 2010

**KRONENBERGER BURGOYNE, LLP**

By: /s/ Henry M. Burgoyne, III
Henry M. Burgoyne, III
Karl S. Kronenberger
Jeffrey M. Rosenfeld
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158

**SHAPIRO HABER & URMY LLP**
Edward F. Haber (admitted *pro hac vice*)
Todd S. Heyman (admitted *pro hac vice*)
Ian J. McLoughlin (admitted *pro hac vice*)
Robert E. Ditzion (admitted *pro hac vice*)
53 State Street
Boston, MA 02109
Telephone: (617) 439-3939
Facsimile: (617) 439-0134

Case No. 08-CV-03518-MMC     13     **PLAINTIFFS' OPP. TO MTN TO CERTIFY ORDER FOR INTERLOCUTORY REVIEW**