**KRONENBERGER BURGOYNE, LLP**
Henry M. Burgoyne, III (CA Bar No. 203748)
Karl S. Kronenberger (CA Bar No. 226112)
Jeffrey M. Rosenfeld (CA Bar No. 222187)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
hank@KBInternetLaw.com
karl@KBInternetLaw.com
jeff@KBInternetLaw.com

**SHAPIRO, HABER & URMY LLP**
Edward F. Haber (admitted *pro hac vice*)
Todd S. Heyman (admitted *pro hac vice*)
Ian J. McLoughlin (admitted *pro hac vice*)
Robert E. Ditzion (admitted *pro hac vice*)
53 State Street
Boston, MA 02109
Telephone: (617) 439-3939
Facsimile: (617) 439-0134
ehaber@shulaw.com
theyman@shulaw.com
imcloughlin@shulaw.com
rditzion@shulaw.com

Attorneys for Plaintiffs

KRONENBERGER BURGOYNE, LLP<br>150 Post Street, Suite 520<br>San Francisco, CA 94108<br>www.KBInternetLaw.com

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **VIOLETTA HOANG, LIVIA HSIAO, MICHAEL BLACKSBURG,** and **MATTHEW HALL**, individually and on behalf of a class of similarly situated persons,<br><br>       Plaintiffs,<br><br>vs.<br><br>**REUNION.COM, INC.**, a California corporation,<br><br>       Defendant. | Case No. 08-CV-03518-MMC<br><br>**JOINT AMENDED CASE MANAGEMENT STATEMENT FOR 10/22/2010 CASE MANAGEMENT CONFERENCE**<br><br>DATE:    October 22, 2010<br>TIME:    10:30 a.m.<br>CTRM:   7, 19th Floor |

1       Pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, and the

2   Northern District of California Standing Order, plaintiffs Violetta Hoang, Livia Hsiao,

3   Michael Blacksburg, and Michael Hall (collectively, "Plaintiffs") and defendant

4   Reunion.com, Inc. ("Reunion.com" or "Defendant") respectfully submit the following

5   Amended Rule 26(f) Joint Case Management Statement (the "Amended Statement").

6                              **PROCEDURAL BACKGROUND**

7       On July 23, 2008 Plaintiffs filed the initial complaint in this action on behalf of

8   themselves and a class of similarly situated individuals, alleging that Defendant had

9   violated California Business and Professions Code section 17529.5 by sending and/or

10  advertising in emails that: 1) contained or were accompanied by third-party domain

11  names without the permission of the third parties in violation of section 17529.5(a)(1); 2)

12  contained or were accompanied by falsified, misrepresented, or forged header

13  information in violation of section 17529.5(a)(2); and 3) contained subject lines that

14  Defendant knew were likely to mislead recipients, acting reasonably under the

15  circumstances, about a material fact regarding the contents of the subject matter of the

16  messages in violation of section 17529.5(a)(3).

17      On October 6, 2008 the Court granted Defendant's motion to dismiss the initial

18  complaint in this action, and October 24, 2008 Plaintiffs filed their First Amended

19  Complaint.  The Court granted Defendant's motion to dismiss the First Amended

20  Complaint on December 23, 2008.  On March 31 2010, the Court issued an Order

21  Reconsidering and Vacating in Part December 23, 2008 Order, which among other

22  things, denied Defendant's motion to dismiss the First Amended Complaint.

23      Defendant requested that the Court certify its March 31, 2010 order for

24  interlocutory review, and on June 9, 2010, the Court certified the order.  However, the

25  Ninth Circuit denied Defendant's request for an interlocutory appeal on August 27,

26  2010.  During the pendency of this interlocutory review process, discovery in this action

27  was stayed by the Court.

28

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

CASE NO. 08-CV-03518 MMC        1        **JOINT AMENDED CASE MANAGEMENT STATEMENT FOR OCT. 22, 2010 CMC**

The parties have filed prior joint case management statements on 10/29/2008 [D.E. No. 41], 02/27/2009 [D.E. No. 62], 05/13/2009 [D.E. No. 72], 07/02/2009 [D.E. No. 81], and 10/16/2009 [D.E. No. 98].

## JURISDICTION AND SERVICE

The parties do not dispute that the Court has personal jurisdiction over Defendant or that service of process was adequate.  Plaintiffs contend that this Court has determined that the Plaintiffs have Article III standing to bring this action.  Defendant disputes this contention as the Court has not ultimately made said determination and, in any event, does not concede that legal issue.

Plaintiffs contend that the Court has subject matter jurisdiction under 28 U.S.C. §1332(d) because the amount in controversy in this matter exceeds the sum or value of $5,000,000 exclusive of interest and costs, and this matter is a class action in which a member of the class of Plaintiffs is a citizen of a state different from the Defendant, and less than two-thirds of the members of the proposed plaintiff classes in the aggregate are citizens of California.  Defendant contends that the court lacks subject matter jurisdiction for the reasons stated in its Answer, including because the amount in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs under *Bank v.Hydra Group LLC,* 10-CV-1770 (JG) (E.D.N.Y. Sept. 24, 2010) (court dismissed putative class action under California spam statute on its own motion for lack of subject matter jurisdiction, because of the $1,000,000 per "incident" cap).

1.      FACTS:

Plaintiffs' Statement:

Reunion.com operates an Internet-based social networking website that it advertises by, among other means, unsolicited bulk commercial electronic mail messages sent by Reunion.com to individuals with no prior relationship to the company. Certain of such unsolicited bulk commercial electronic mail messages (the "Emails")

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

2

**JOINT AMENDED CASE MANAGEMENT STATEMENT FOR OCT. 22, 2010 CMC**

1  contain false, misleading and/or forged subject lines, from lines, headers and body text.

2  Such falsity is intended by Reunion.com to deceive recipients into believing that the

3  Emails are personal pleas to "connect" with a named individual Reunion.com registrant

4  known to the recipients. Such falsity is further intended by Reunion.com to deceive

5  recipients into believing that the named individual registrant had searched for the

6  recipient by means of Reunion.com's website.

7  Reunion.com and the FTC each have received countless complaints from

8  Reunion.com registrants, Email recipients, and other consumers regarding

9  Reunion.com's false and deceptive Emails. Business rating services, including the

10  Better Business Bureau, advise consumers to use caution in dealing with Reunion.com

11  or to avoid Reunion.com entirely.  Consumers rely on subject lines, from lines and

12  headers in deciding whether to open electronic mail messages, and consumers are

13  much more likely to open what appear to be personal messages coming from

14  acquaintances or other individuals. Plaintiffs are individual recipients of the Emails who

15  bring suit under California Business and Professions Code Section 17529.5.

16  This Court has held that the allegations in plaintiffs' complaint support the claim

17  that these emails were misleading and deceptive.  *See* Order of District Court Dated

18  March 31, 2010, Docket No. 107, at 2 (noting that the Court had previously stated that it

19  "agreed with plaintiffs that they had adequately alleged the e-mails they received from

20  defendant contained false statements, that defendant knew the statements would

21  convey false representations to the recipients, that the statements were material, and

22  that defendant intended the recipients to rely on the statements.").

23

24  **Defendant's Statement:**

25  This is a case about Reunion.com's "**See Who's Here & Invite Who's Not**"

26  online tool (the "Service"), which permitted a registered member to invite his or her

27  contacts from one of four webmail services (AOL, Gmail, Hotmail, and Yahoo) to

28  connect at Reunion.com.  As the name of the Service makes obvious, if the member

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1  entered his or her webmail address at one of those services, entered the password for

2  that account, and clicked "CONTINUE," Reunion.com software (a) performed a search

3  of its member database for those email addresses, and (b) for every address not found

4  in its database, transmitted an email invitation to that address.

5       The emails at issue in this case were not "email advertisements" at all, and were

6  in fact all accompanied by "header information" that was truthful and accurate in every

7  respect.  Plaintiffs' mantra of misleading "From Lines" is based upon words that actually

8  do not even appear in California's anti-spam law, section 17529.5.  Instead, that law

9  prohibits email advertisements that contain or are accompanied by "falsified,

10 misrepresented or forged *header information*."   Cal. Bus. & Prof. Code § 17529.5

11 (emphasis added).  Here, the header information is very simply the most accurate

12 reflection of the technical reality of how Reunion's service operated: (a) a Reunion

13 member actively requested that an email invitation be transmitted by clicking on the

14 "CONTINUE" button of the "See Who's Here & Invite Who's Not" webpage, and (b)

15 Reunion.com transmitted the messages to any email address not found in its member

16 data base.  It would have been less accurate to have omitted the identity of the member

17 whose email contacts were invited.   No facts are misrepresented in the header

18 information.

19      In addition, Reunion.com did not initiate "email advertisements" that contain or

20 are accompanied by "a subject line that a person knows would be likely to mislead a

21 recipient, acting reasonably under the circumstances, about a material fact regarding

22 the contents or subject matter of the message."  Instead, the subject lines of the

23 invitation emails (which varied over time, but which for example stated "Please connect

24 with me" or "[Sender] Wants to Connect with you!") very accurately preview the purpose

25 and content of the invitation to connect at Reunion.com, a people search and social

26 networking service. Defendant also did not violate section 17529(a)(1), relating to the

27 unauthorized use of a third party's domain name.

28 //

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

2. **LEGAL ISSUES:**

**Plaintiffs' Statement of Legal Issues:**

A. Whether this action should be certified as a class action under Federal Rule of Civil Procedure 23;

B. Whether the emails at issue contained or were accompanied by third-party domain names without the permission of the third parties in violation of section 17529.5(a)(1);

C. Whether the emails at issue contained or were accompanied by falsified, misrepresented, or forged header information in violation of section 17529.5(a)(2);

D. Whether the emails at issue contained subject lines that Defendant knew were likely to mislead recipients, acting reasonably under the circumstances, about a material fact regarding the contents of the subject matter of the messages in violation of section 17529.5(a)(3).

**Defendant's Statement of Legal Issues:**

In addition to those listed above, Defendant identifies the following issues:

A. Whether the invitation messages are "commercial email advertisements" within the meaning of section 17529.5(a).

B. Whether the Court has subject matter jurisdiction in light of the statutory cap on damages of $1,000,000 or $100,000, pursuant to section 17529.5(b)(1)(B).

C. Whether Reunion had implemented practices and procedures reasonably designed to prevent unsolicited commercial e-mail advertisements being sent in violation of Section 17529, such that Section 17529(b)(2) reduction in damages applies.

3. **MOTIONS:**

There are no motions pending before the Court.

//

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1    **Plaintiffs' Anticipated Motions:**

2    Plaintiffs anticipate, after receiving required discovery, filing a motion for class

3    certification and filing a motion for summary judgment or summary adjudication,

4    **Defendant's Anticipated Motions:**

5    Defendant believes the case is appropriate for a threshold judicial examination of

6    the emails and accompanying header information under Federal Rules of Civil

7    Procedure 12(b)(1), 12(c), and/or 56. Defendant believes a preemptive motion to deny

8    class certification, as permitted by *Vinole v. Countrywide Home Loans Inc.*, 571 F.3d

9    935 (9th Cir. 2009) may also be appropriate (and strongly rejects Plaintiffs suggestion

10    that the Court postpone class determination for another year).

11    **4.    AMENDMENT OF PLEADINGS:**

12    Plaintiffs' investigation of the relevant facts is ongoing, and Plaintiffs reserve the

13    right to amend their complaint as permitted under the Federal Rules of Civil Procedure.

14    Defendant's investigation of the relevant facts is ongoing, and Defendant

15    reserves the right to amend its answer as permitted under the Federal Rules of Civil

16    Procedure.

17    **5.    EVIDENCE PRESERVATION:**

18    **Plaintiffs' Statement:**

19    Plaintiffs' counsel has informed Plaintiffs of their obligations to preserve

20    evidence. Plaintiffs agree to preserve any and all evidence that could reasonably be

21    relevant to this action.

22    **Defendant's Statement:**

23    Defendant's counsel informed Defendant and its employees of their obligations to

24    preserve evidence. Defendant agrees to preserve any and all evidence that could

25    reasonably be relevant to this action.

26    //

27    //

28    //

**6.    DISCLOSURES:**

**Plaintiffs' Statement:**

Plaintiffs propose that initial disclosures to be served by plaintiffs and defendant on or before November 5, 2010.

**Defendant's Statement:**

Defendant proposes to avoid setting such arbitrary dates before the JAMS mediation (to which all are devoting substantial time and attention) has even commenced.

**7.    DISCOVERY:**

**a.  Discovery Taken To Date**

As of the filing of this Amended Case Management Statement, no party has served any written discovery.

**b.  Scope of Anticipated Discovery**

**Plaintiffs' Statement:**

Plaintiffs intend to pursue discovery on the following topics through written discovery and party and third-party depositions.

A. Corporation formation, corporate organization, and employee structure documents for Defendant.

B. The design, creation, and publication of the emails at issue in this action (the "Emails");

C. Third parties' involvement in the design, creation, and publication of the Emails.

D. Contact information for the recipients of the Emails.

E. The design, creation, and publication of Defendant's websites and web pages;

F. Third parties' involvement in the design, creation, and publication of Defendant's websites and web pages.

G. Analysis and statistics for the Emails and Defendant's websites.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

H. Defendant's user registration process;

I.  The research, drafting, and publication of Defendant's notices, disclosures, privacy policies, and terms of use, and the method of their display to consumers;

J.  Defendant's marketing research, marketing analysis, marketing practices, and knowledge of third parties' marketing practices.

K. Agreements between Defendant and third party email service providers.

L.  Consumer complaints about Defendant's practices.

M. Defendant's finances.

**Defendant's Statement:**

Defendant does not agree with the scope of Plaintiff's discovery described above, but of course reserves the right to object to same when and if served.  After or perhaps during the mediation phase, the parties should confer about a discovery plan. For its part, Defendant contends that this case is susceptible to a phased approach, where undisputed threshold facts regarding the emails in question are presented to the Court for summary determination, including on the basis of intervening developments in the law.  As for the named plaintiffs, Defendant does not anticipate that there are any material facts that could be genuinely disputed, given the plain language of the California statute.

That said, prior to filing a motion for summary dismissal, it may be necessary or appropriate to obtain basic written and oral discovery from the named plaintiffs, addressing matters such as their respective versions of emails and header information, information about their email clients and browsers, their email contact lists, pre-litigation communications with one another and with Senders, and other simple matters, their interactions with Reunion.com and MyLife.com.  Discovery from the non-party Senders on these sorts of topics may be appropriate as well. In terms of a complete and specific list, Defendant believes a narrowly tailored series of requests (on either party) could easily be fashioned if the JAMS mediation is not successful or heading toward success.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

Expert discovery may be appropriate as well, i.e., to (confidentially) examine and report on the source code which accomplished the "See Who's Here & Invite Who's Not" process.

### c. Electronically Stored Information

**Plaintiffs' Statement:**

The plaintiffs anticipate that electronically stored information ("ESI") will comprise a significant portion of the discovery at issue in this action.  The plaintiffs believe that ESI should be produced in formats reasonably useable to the receiving party, without the need to create databases and data fields that do not already exist.  The plaintiffs believe that ESI should be produced as single-page TIFF images with associated information including metadata in a Concordance load file or PDF files with Metadata. The plaintiffs also believe that ESI not reasonably useable as single-page TIFF images or PDF files, such as audiovisual data, large spreadsheets, or database information, should be produced in native format.  Upon reasonable request in writing, the parties should produce in native format ESI previously produced as single-page TIFF or PDF images with metadata.

The plaintiffs do not foresee any significant modifications or other adjustments that will need to be made to discovery rules or ordinary discovery procedures.

**Defendant's Statement:**

The defendant anticipates that electronically stored information ("ESI") will comprise a significant portion of the discovery in this action, particularly if Plaintiffs succeed in obtaining the discovery described above.  Plaintiffs ask for specific agreements in advance, for example, that all documents be converted to TIFF or .pdf formats.  Defendant is not agreeable to stipulating to convert electronic documents into TIFF format, which is an expensive process.  Defendant proposes to confer with Plaintiffs about the appropriate format, once it is determined what, if any, electronic documents are to be exchanged in the case.

//

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1   **8.**   **CLASS ACTIONS:**

2      **Plaintiffs' Statement:**

3      Plaintiffs have brought this action on behalf of a class of similarly situated

4   individuals.   Plaintiffs intend to conduct discovery before filing their motion for class

5   certification.   Plaintiffs intend to file a motion for class certification by September 30,

6   2011.

7      **Defendant's Statement:**

8      Defendant contends that certifying a class under the California anti-spam law

9   would be unprecedented, and believes that a pre-emptive motion to deny class

10  certification is appropriate.

11  **9.**   **RELATED CASES:**

12     Not applicable.

13  **10.**   **RELIEF:**

14     **Plaintiffs' Statement:**

15     Plaintiff asks that the Court to award the following relief to Plaintiff and against

16  Defendants:

17     1. That the Court find that Defendant violation California Business and

18        Professions Code section 17529.5(a)(1) as to Plaintiff Blacksburg and Hall

19        and members of the Third Party Domain Subclass.

20     2.  That the Court find that Defendant violation California Business and

21        Professions Code section 17529.5(a)(2) and (a)(3) as to Plaintiffs Blacksburg,

22        Hall, Hoang, and Hsiao and members of the Class.

23     3. That the Court enter a preliminary and permanent injunction enjoining

24        Defendant from violating Cal. Bus. & Prof. C. §17529.5(a)(1), (a)(2) and

25        (a)(3).

26     4. That the Court enter a judgment against Defendant in favor of Plaintiffs' and

27        the Class members as follows:

28  //

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

a.  statutory damages in the amount of $1000 for each email advertisement received by Plaintiffs Blacksburg and Hall and each member of the Third Party Domain Subclass Class pursuant to Cal. Bus. & Prof. C. §17529.5(b)(1)(B)(ii);

b.  statutory damages in the amount of $1000 for each email advertisement received by Plaintiffs and each member of the Class pursuant to Cal. Bus. & Prof. C. §17529.5(b)(1)(B)(ii);

c.  Plaintiffs' costs and attorneys' fees incurred by Plaintiffs in prosecuting this action, pursuant to Cal. Bus. & Prof. C. §17529.8(B)(2);

5.  Interest, including prejudgment interest, on the foregoing sums;

6.  Such other relief the Court determines is just and proper.

**Defendant's Statement:**

The case should be dismissed with prejudice as to all claims and all plaintiffs, including any putative class members.

**11.    SETTLEMENT AND ADR:**

**Plaintiffs' Statement:**

The parties have a private (not court ordered) mediation scheduled on October 21, 2010, before the Honorable Judge Daniel Weinstein (Ret.), of JAMS, in San Francisco.  The mediation was scheduled after the Court had scheduled the October 22 Cash Management Conference (CMC) in this action.  The fact that the mediation is to be held on October 21, the day before the CMC, is coincidental.  It was the first available date on Judge Weinstein's busy calendar.  Nevertheless, the coincidence does create significant efficiencies, allowing Boston based counsel for plaintiffs and Washington, D.C. and Los Angeles based counsel for defendant to attend both the mediation and the CMC with one trip to San Francisco.

As indicated above, the CMC had already been scheduled by the Court when the mediation was scheduled.  At that time defendant made no suggestion that the CMC be postponed due to the mediation.  Had they done so, plaintiffs would have rejected the

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1   proposal for the same reasons that they rejected it when defendants first suggested it

2   last week.  As the Court is aware, this case is now over two years old.  Discovery has

3   not yet commenced.  There is no reason to delay the orderly start of that discovery via

4   the scheduled CMC.  Of course, if the October 21 mediation results in a settlement of

5   this action, the parties will report that to the Court at the CMC.  BUT, the fact that the

6   parties have agreed to discuss resolution of this action, with the assistance of a

7   mediator, should not delay the CMC or the establishment by the court, at the CMC, of a

8   schedule for the orderly litigation of this now over two year old action.

9        In this regard, plaintiffs note that in this Case Management Statement, solely

10  because the parties have scheduled the mediation, the defendant has refused to

11  commit to and take any position as to what schedule for discovery and other aspects of

12  this case should be entered by this Court.  Astonishingly, defendant even refuses to

13  state by what date the parties should exchange initial disclosures!  Simply put, the

14  defendant is stalling.

15       This action needs to move forward.  There is simply no good reason to delay that

16  forward movement because the parties have scheduled a mediation on October 21.  If

17  the mediation is successful we will so advise the Court on October 22.  But if this case

18  is not settled, a Case Management Order, setting the schedule proposed by plaintiffs

19  herein, should be entered by the Court at the October 22 CMC.

20       **Defendant's Statement:**

21       The parties have a mediation scheduled on October 21, 2010, the day before the

22  case management conference presently scheduled in this matter.  The parties have

23  retained the Honorable Judge Daniel Weinstein (Ret.), of JAMS, to supervise the

24  mediation.  Confidential briefs were exchanged in that proceeding on October 13, 2010.

25  In light of the October 21 JAMS mediation session (the earliest date available on Judge

26  Weinstein's calendar), Defendant proposed that the parties jointly ask the Court to

27  adjourn the October 22 case management conference, and suggest that the parties file

28  a joint status report on or before November 1, 2010 reporting on the progress or

CASE NO. 08-CV-03518 MMC                    12          **JOINT AMENDED CASE MANAGEMENT**
                                                        **STATEMENT FOR OCT. 22, 2010 CMC**

1 success of any settlement conversations. Defendant proposed that if the parties

2 mutually agreed settlement discussions were not fruitful to continue, the parties could

3 address the instant case management topics in that filing, i.e., with the benefit of the

4 information and ideas exchanged before the JAMS Mediator on critical issues such as

5 class definition. Plaintiff refused that plan.

6 **12. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES:**

7 The parties do not consent to have a magistrate judge conduct all further

8 proceedings including trial and entry of judgment.

9 **13. OTHER REFERENCES:**

10 The case is not suitable for reference to binding arbitration, a special master, or

11 the Judicial Panel on Multidistrict Litigation.

12 **14. NARROWING OF ISSUES:**

13 **Plaintiffs' Statement:**

14 Plaintiff does not presently believe that the salient issues of fact in this matter are

15 capable of narrowing or stipulation.

16 **Defendant's Statement:**

17 As noted, as a threshold matter, Defendant believes that the Court can rule on

18 liability as a matter of law by examining a small set of materials that cannot be

19 genuinely disputed, such as the email invitations and header information received by

20 named plaintiffs, prior to the parties embarking upon full scale discovery, and perhaps

21 considering written expert testimony, if the one or both parties so elects.

22 **15. EXPEDITED SCHEDULE:**

23 **Plaintiffs' Statement:**

24 Plaintiffs do not believe that this is not the type of action that can be handled on

25 an expedited basis with streamlined procedures.

26 **Defendant's Statement:**

27 Defendant proposes that the parties expedite the case by engaging in the

28 narrowing process described in sections 3 and 14 above.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

CASE NO. 08-CV-03518 MMC      13      **JOINT AMENDED CASE MANAGEMENT STATEMENT FOR OCT. 22, 2010 CMC**

**16.    SCHEDULING:**

**Plaintiffs' Statement:**

Plaintiffs propose the following schedule be entered for this action:

| | |
|---|---|
| Last Day for Plaintiffs to File Class Certification Motion | 09/30/2011 |
| Non-Expert Discovery Cutoff | 12/01/2011 |
| Designation of Experts | 01/20/2012 |
| Designation of Rebuttal Experts | 02/17/2012 |
| Expert Discovery Cutoff | 03/16/2012 |
| Last Day to Hear Dispositive Motions | 05/18/2012 |
| Pretrial Conference | 06/01/2012 |
| Trial | 06/18/2012 |

**Defendant's Statement:**

Defendant proposes that the parties jointly confer following the mediation on the scope and schedule for discovery (including Defendant's wish to engage in phased discovery, with threshold summary motions).

**17.    TRIAL:**

The Parties agree to the case being tried by a jury.  The Parties expect the trial will last for 7-10 days.

**18.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS:**

**Plaintiff's Statement:**

Plaintiff has filed a Certificate as to Interested Parties and certifies that other than the named parties, there is no such interest to report.

**Defendants' Statement:**

Defendant, a privately held company, has no such interest to report.  Defendant will file the certificate prior to the Case Management Conference.

//

CASE NO. 08-CV-03518 MMC                14                **JOINT AMENDED CASE MANAGEMENT STATEMENT FOR OCT. 22, 2010 CMC**

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

**19.   OTHER MATTERS**

The parties do not presently know of any other matters to be addressed here that may facilitate the just, speedy and inexpensive disposition of this matter.

Dated: October 18, 2010                          **KRONENBERGER BURGOYNE, LLP**


BY:    s/Karl S. Kronenberger
         Karl S. Kronenberger

Attorneys for Plaintiffs Violetta Hoang, Livia Hsiao, Michael Blacksburg, and Michael Hall


Dated: October 18, 2010                          **LAW OFFICES OR RONALD JASON PALMIERI, PC**


BY:    s/Ronarld Jason Palmieri
         Ronald Jason Palmieri
Attorneys for Defendant Reunion.com, Inc.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com